UNITED STATES DITRICT COURT
FOR THE DISTRICT OF COLUMBIA

Received
Mail Room

DEC 2007

United States Court of Appeals
District of Columbia Circuit

WARDELL L. TYREE,
   Petitioner,

v.

CAMERON LINDSAY, Warden
FEDERAL BUREAU OF PRISONS,
   Respondents,

RECEIVED
JAN 0 2 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Civil Action No:07-2019

District Judge:
Sullivan

Habeas Corpus 2254

---

" Judicial Notice "

To, The Honorble Clerk Of this U.S. District Courthouse
 333 Constitution Avenue. N.W. Washington DC 20001

From, The Pro-se Petitioner, Wardell L. Tyree # 08338-007, a DC Code Prisoner,
housed at the U.S. Penitentiary, Canaan. P.O. Box 300, Waymart. P.A. 18472

Re, Dear Clerk, this case was recently transferred here-from the U.S.
  District Court...Middle District Of Pennsylvania, and assigned the
  above captioned case number.

  The case had been "Stayed" until the out-come of the DC Superior Court
  decision regarding the here attached matters.

  The Rule 59(e) Motion was filed in response to that Court's latest
  ruling....and with no response to the Rule 59 Motion, a Supplement
  Motion was filed shortly thereafter......

  And now both motions have layed dormant since August 30/2007.
  Until exhaustion of those proceedings..this Court should hold this
  case in abeyance ......

  As always, I thank You for any assistance that You may provide

          Respectfully Submitted
          by *Wardell L. Tyree*
          On This Date Of 12/20/2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WARDELL L. TYREE

v.                                   Civil Action No. 07 2019

CAMERON LINDSAY, ET AL                                NOV -7 2007

   The above entitled action, transferred from the U.S. District Court for the  MIDDLE DISTRICT OF PENNSYLVANIA , has been received and filed. It was assigned to Judge SULLIVAN . Any subsequent pleadings filed must contain both our civil action number and the initials of the judge assigned this action.

   To assist the Clerk's Office in properly recording all counsel of record and to ensure that each counsel entered is authorized to practice before this Court pursuant to Local Civil Rule 83.8, counsel for all parties must enter their appearance in accordance with our Local Civil Rule 83.6. Timely compliance with this requirement will enable the Clerk's Office to ensure prompt delivery of notices and orders.

                              NANCY MAYER-WHITTINGTON, CLERK

                              By /s/ Maureen Higgins
                                 Deputy Clerk

cc: WARDELL L. TYREE
    DENNIS PFANNENSCHMIDT

*Denotes attorney not a member of the bar of the U.S. District Court for the District of Columbia

> **WARDELL L. TYREE, Petitioner v. CAMERON LINDSAY and PA ATTORNEY GENERAL, Respondents**
> UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
> 2006 U.S. Dist. LEXIS 15819
> CIVIL ACTION NO. 1:06-CV-0112
> April 4, 2006, Decided

**Counsel** Wardell L. Tyree, Petitioner, Pro se, Waymart, PA US.
**Judges:** CHRISTOPHER C. CONNER, United States District Judge.

This Federal Habeas Corpus Petition under title 28 U.S.C. 2254 has been "Stayed" in accordance with Rhines Vs. Weber, 125 S.ct. 1528 (2005) until the "State" Court in the District Of Columbia rules on the merits of the issues earlier presented on direct appeal No:98-CF-1301 in the Pro-se Amendment to the Pro-se Brief, see Johnson Vs. California, 158 L.Ed.2d. 699 (2004).

© 2006 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to th restrictions and terms and conditions of the Matthew Bender Master Agreement

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
FELONY BRANCH / CRIMINAL DIVISION

WARDELL L. TYREE,
 Petitioner,

Vs.            Ciminal No:1996-FEL-9514

UNITED STATES OF AMERICA,    Judge: J.M. Mott
 Respondent,         DC Code 23-110

## Reconsideration Motion
## Pursuant To Rule 59

Comes Now, the Petitioner Wardell L. Tyree # 08338-007, whom, in the interest of justice, and seeking fundamental fairness, the pro-se layman now files this "Reconsideration Motion" relying on the Presidentially appointed Judge: J.M. Mott to up hold the integrity and public reputation of this Court system, especially where it is clear from the records that the Judgments entered by this Court on August 23th/2007, surreptitiously evaded, ignored, or simply overlooked (3) three of the major questions presented in the "Second And/or Successive Habeas Writ (23-110)..

And this Court mis-construed, or evaded the point on the sentencing issue. The question was simply, whether the consecutively imopsed sentences for violating the same criminal statute ran afoul of the U.S. Supreme Court.'s holding established by the so-called <u>Blockburger Test</u>, 284 US 299 (1932) ( double jeopedy /twice punished under the same statute-consecutively).

The "Questions Presented" section of the 23-110, on page 6 are still not answered on the merits. See Questions 1,2,5. and 6. A direct answer to these questions would have saved this court (10) ten years of on going unnecessary litigations


This Court has again eluded and/or evaded the issue that was established as law by the appellant division of this court.

In Franklin Vs. U.S. 382 A.2d. 20, (DC.App.1978) and agin Franklin II Vs U.S. @ 392 A.2d. 517, this Court held that it was reverseable error for the trial Judge to"fail to properly instruct the jury" and then supplant his decision for what a properly instructed jury would have done...if he had not failed to give the "Franklin Instructions"

Again, this issue was presented in the 23-110 and this court has again ignored the issue and has not made "any mention of the error"...

Likewise, the U.S. Supreme Court has also held that it is plain error where the court"fails to properly instruct the jury, see Millanovich Vs. U.S. 365 US. 551 (1961)  Because the Supreme Court had already ruled that it was plain error in "failing to properly instruct the jury, Judge Milliken should have adhered to the admonistions of the higher Court, and this issue "will not go away unanwered" on it merits.

The Second Question presented and overlooked in the 23-110 motion was whether..after failing to properly instruct the jury as mandated by the appellant division of this court, did Judge Milliken's unilateral so-called remedy usurp the function of the trial jury, and was his decision in violation of the U.S. Supreme Court's holding in Sullivan Vs. Louisiana, 508 US 275.??????

Question # 6 in the 23-110 was "not about" whether Judge Miliken found this petitioner's claim against Officer Harris to be credible...
The question presented was ...whether the Prosecutor violated the U.S. Supreme Court's holdings in Gigilo Vs. U.S. 405 US 150 (1972) Agurs Vs. U.S. 427 US 97 , and Bagley Vs. U.S. 473 US. 667  by witholding the Property Sheet that was in the government's possession....

The issue is about the Prosecutor's failure to disclose the "Property Sheet" that would have shown that his key-witness was giving false testimony to the court under oath.

-2-

Last, but not least, the sentencing issue presences the question of whether Judge Milliken violated the U.S. Supreme court's holding clearly established in <u>Blockburger Vs. U.S.</u> 284 US 299 (1932) by sentencing this petitioner "twice" consecutively under the same criminal statute 22-1801 where the conduct arised during the same continued criminal episode. (double punishment under the same statute) (twice punishing the same elements) consecutively. The question was not about whether Milliken believed the sentence was fair, it is whether the sentence is against the law...so stated by the U.S. Supreme Court.

The petitioner is asking for "review" on the merits of the questions as presented...for only that would end this prolonged unreasonable delay in justice.

                                        Respectfully Submitted
                                        by _[signature]_ # 08338-007
                                        U.S.P. Canaan. P.O. Box 300
                                        Waymart. P.A. 18472
                                        On This Date Of August 30th/2007.

I _[signature]_ certify that the herein written is true and correct pursuant to title 28 U.S.C. 1746

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Felony Branch / Criminal Division

| | | |
|---|---|---|
| WARDELL L. TYREE, | * | |
| Defendant-Petitioner, | * | Criminal No:F-96-9514 |
| Vs. | * | Judge: J.M.Mott |
| | * | |
| UNITED STATES OF AMERICA, | * | |
| Respondent, | * | |
| | * | |

"Supplemental Amendment"
In Support Of The Pending Rule 59 (e) Motion

Comes Now, the Pro-se Defendant, Wardell L. Tyree # 08338-007, whom, seeking to prevent a "Procedural Bar" and manifest injustice, files this supplemental amendment in support of the now pending Rule 59 (e) Motion.

Initially, the Pro-se filed Rule 59(e) Motion was timely filed in response to this Court's Order-Memorandum-and Opinion dated August 23/2007.

The Court's "Memorandum & Opinion" clearly overlooked several of the issues raised, and gave many extranous answers to questions not presented in the pro-se pleadings.
More important, is the fact that this court's evasion or avoidance of the issues "as raised" has prejudicially created a"Procedural Bar" .....
And the now pending Rule 59 (e) Motion was filed to correct that Clear error, because the Appellant Division Of This Court **"can not properly rule upon any issues that were not adjudicated on the merits /and or ruled upon first by this lower-court.**
Hence, the following issues /and or questions can not be presented to the Appellant Division <u>until this Court has directly addressed the issues first</u>.
It should also be duly noted that these issues were presented on direct appeal.....in the Pro-se Amendment, and was overlooked by the Appellant Court.
See the Appellant Court's Order dated March 24/2004.

The Following Issues And / Or Questions
Were Lift Completely Unexhausted And /Or Unanswered

1. The Franklin, Millanovich, Sullivan, issue was first presented on "direct appeal"...."in the Pro-se Amendment"....and it was overlooked by the Appellant Division, and resubmitted (via 23-110) to this Court for certification and or adjudication on the merits.
However, this Court has stead-fast refused to directly address those issues, where it is clear that the trial judge (Failed To Properly Instruct The Jury) and then (Supplanted His Determination For What A properly Instructed Jury Would have done) if he had given the proper instructions. See Franklin, 392 A.2d. 516 Millanovich, 365 US. 551, and Sullivan, 508 US. 275.

2. The second legal question evaded is whether Judge Milliken violated this defendants sixth amendment rights by forcing an Attorney to counsel or represent a defendant-against the attorneys expressed will... and also against the expressed will of the defendant....where the defendant made clear that the Attorney did not have the defendant's "consent" to represent him...because of irreconcilable conflicts between the attorney and the defendant..which were clear and on the record.

3. Third, was the straight-forth question of whether the Prosecutor (Gary Wheeler) violated the U.S. Supreme Court's repeated holdings in such cases as Gigilo, 404 US. 150, Agurs, 427 US. 97, and Bagley, 473 US. 667. This issue was not about whether the trial Judge found Officer Harris' testimony credible..... It is about whether the Prosecutor violated due-process by failing to disclose to the trial jury-evidence that bears direct upon the Key-witness credibilty,....and the evdence would have also created a reasonable doubt as to the Governrment theory of the events and the accusations made......It is the Jury's job tojudge the credibility of any given witness...not the Judge' see Williams, 686 A.2d.@ 556, and Jefferson Vs. U.S. 328 A.2d. @86 (DC) Also see Gordan, 344 US. 414, @ 422.......Hence, did the Prosecutor...and the Defense attorney violate these Supreme Court holdings by failing to disclose the M.P.D. Property Sheet, and the alleged Co-defendant's exculpatory letter.????

4. Last, but not least, is the question of whether Judge Milliken violated the U.S. Supreme Court's holding in <u>Blockburger Vs. U,S.</u> 284 US. 299 by imposing two consecutive punishments ...for allegedly violating the exact same elements....during the course of one continued criminal episode......The Bockburger Test is about punishing the same elements twice during one criminal transaction. ( double jeapardy/and double punishment)

To prevent a "Procedural Bar" and manifest injustice, these questions need to be answered /and or Certified to the Appellant division of this Court.
These questions were earlier raised-presented, and overlooked <u>in the Pro-se Amendment</u> presented on direct appeal. See Counsel's Brief on direct appeal, page 2 footnote 2.

In accordance with the Principle held in <u>Haines Vs. Kerner</u>, 404 US 519 and <u>Richardson Vs. U.S.</u> 338 U.S. App.DC. 265, this Court has an obligation to construe this Pro-se filing liberally, ,,,particularly where this "Procedural Error" or confusion arose in part, because this Court "overlooked" the <u>Pro-se Amendment</u> that was filed on direct appeal No:98-1301........(There was a Pro-se Brief / <u>And a Pro-se Amendment</u> to that Brief)

Wherefore all of the herein written reasons, inter-alia, re-consideration is indeed warranted, to prevent a procedural Bar, and to prevent manifest injustice..a second time around.

                                      Respecfully Submitted
                                      By _Wardell L Tyler_ #08338-007
                                      U.S.P. Canaan. P.O. Box 300
                                      Waymart. P.A. 18472
                                      On this date Of 11/26/2007

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Criminal Division / Felony Branch

WARDELL L. TYREE,
    Petitioner,

Criminal No: F-96-9514

Vs.

UNITED STATES AMERICA,
    Respondent,

Judge: J.M. Mott
Pending Rule 59 (e) Motion

---

" Notice Of Appeal "

To, The Honorable Clerk Of This DC Superior Court
    500 Indiana Avenue. N.W. Washington DC 20001

From, The Pro-se Petitioner, Wardell L. Tyree # 08338-007
    U.S.P. Canaan. P.O. Box 300, Waymart. P.A. 18472.

Re, Dear Clerk, This "Notice Of Appeal" should be filed to appeal Judge: J.M. Mott's obvious refual to rule on the Rule 59 (e) Motion that was filed in this Court on August 30th/2007 , and the Supplemental Amendment that was filed on 11/26/2007.

For the apparent failure to exercise jurisdiction over those filings, this petitioner now enters this "Notice Of Appeal".....appealing the Courts un-due delayed action on the matter that is causing serious prejudice, and impeding a liberty interest.

This Motion should be transmitted forthwith to the appeallant division of this court as soon as practical

As always I Thank You In Advance For Your Assistance.

Respectfully Submitted
by *Wardell L. Tyree*
On This Date Of 12/26/2007.