UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WARDELL L. TYREE, | : | |
|     Petitioner | : | CIVIL ACTION NO. 07-2019 (EGS) |
| | : | |
| v. | : | |
| | : | |
| CAMERON LINDSAY, | : | |
|     Respondent | : | |

**RESPONDENT'S MOTION FOR AN EXTENSION OF TIME
IN WHICH TO RESPOND TO PETITIONER'S
PETITION FOR WRIT OF HABEAS**

Respondent, by and its attorney, the United States Attorney for the District of Columbia, respectfully requests an extension of time in which to complete an Opposition to petitioner Wardell L. Tyree's Petition for Writ of Habeas Corpus. As grounds for this request, the Respondent now says:

1. On January 17, 2006, petitioner filed a petition for writ of habeas corpus, along with a 28 page Affidavit and Memorandum in Support of Habeas Petition, in the United States District Court for the Middle District of Pennsylvania, the district where petitioner is confined. Following a report from the Magistrate Judge in the Middle District of Pennsylvania, and pursuant to 28 U.S.C. § 2241(d), on November 7, 2007, the Honorable United States District Judge Christopher S. Connor transferred the petitioner's case to the United States District Court for the District of Columbia, noting that "all of the witnesses, counsel and records of the conviction are located within the District of Columbia."

2. On January 14, 2007, this Court ordered the respondent to respond to petitioner's petition for writ of habeas corpus. Respondent, by and through his attorney, the United

States Attorney for the District of Columbia, now respectfully requests an extension of time in which to submit a response to the petition for writ of habeas corpus.

3. In his 28 page Affidavit and Memorandum in Support of Habeas Petition, petitioner Wardell L. Tyree has presented a laundry list of complaints surrounding his 1998 Superior Court convictions for two counts of Second Degree Burglary, in violation of D.C. Code § 22-1801(b), and two counts of Second-Degree Theft, in violation of D.C. Code §§ 22-3811 and 22-2812(b).[1]  Many of these complaints have previously been addressed by the Honorable Judge John M. Mott of the Superior Court of the District of Columbia, who is now handling the post-conviction matters from the calendar of the Honorable Judge Steven G. Mililiken, the judge who presided over defendant's 1998 jury trial. In order to address the complaints that defendant is now raising, the Assistant United States Attorney who has been assigned to this case must review the records and files of the case, including the record on appeal.[2]

4. Accordingly, this Assistant has now ordered from the Federal Records Center the government's trial, appellate and post-conviction files for defendant's Superior Court case, F 9514-96. This material, which is voluminous, as the defendant's current 28 page Memorandum in Support of Habeas Petition and the unpublished Memorandum Opinion and Judgment illustrates, must then be reviewed in order to complete an Opposition with citation

---

[1] Statutory references are to the 1996 version of the D.C. Code.

[2] In an unpublished Memorandum Opinion and Judgment issued on January 24, 2005, the District of Columbia Court of Appeals affirmed defendant's convictions, and the denial of his post-conviction § 23-110 motion. See Government Exhibit 1.

to record. More time is therefore needed in order to review the record of the Superior Court case and complete the respondent's response to petitioner Wardell Tyree's petition for writ of habeas corpus.

5. The Court may properly consider the prosecutor's workload in determining the time to respond to a collateral attack motion. Indeed, the Advisory Committee Note to Rule 4 of the Rules governing Section 2254 cases provides:

> In view of the widespread state of work overload in prosecutors' offices (see, e.g., Allen [v. Perini], 424 A.2d at 141), additional time is granted in some jurisdictions as a matter of course. Rule 4, which contains no fixed time requirement, gives the court the discretion to take-into account various factors such as the respondent's work load and the availability of transcripts before determining a time within which an answer must be made.

Rules Governing Section 2254 Cases in the United States District Courts, Advisory Committee Note to Rule 4 (emphasis added).

This Assistant is currently assigned to handle an upcoming hearing on ineffective assistance of counsel scheduled to be heard before the Honorable Judge Erik P. Christian in the Superior Court of the District of Columbia. In addition, this Assistant has five other pending motions on claims of ineffective assistance of counsel, all of which she must address within the next forty-five days. The United States would therefore respectfully request that it be granted sixty days in which to complete its responsive pleading and file its Opposition with the Court.

5. This is the government's first motion for an extension of time and petitioner Wardell Tyree, who is serving a lengthy sentence, and whose case has been affirmed on appeal, will not be unduly prejudiced by this request for an extension of time.

WHEREFORE, based on all of the above the respondent, by and through his attorney, the United States Attorney for the District of Columbia, respectfully requests an extension of sixty days, until April 5, 2008, in which to draft and file an Opposition to Petitioner Wardell Tyree's Petition for Writ of Habeas Corpus. A proposed Order is attached.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. Bar No. 498-610

_____/s/_____
ROBERT D. OKUN
ASSISTANT UNITED STATES ATTORNEY
D.C. Bar No. 457-078

_____/s/_____
JOAN DRAPER
ASSISTANT UNITED STATES ATTORNEY
Utah Bar No. 0195

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that service of a copy of the foregoing Government Motion has been made by mailing a copy to Wardell L. Tyree, Fed. Reg. No.08338-007, F.C.I. Canan, P. O. Box 300, Waymart, Pennsylvania 18472 this \_\_\_\_\_ day of February, 2008.

_____/s/_____
Joan Draper, Esquire
Special Proceedings Office
U.S. Attorney's Office
555 4th Street N.W.
Washington D.C. 20530
202-514-7744

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **WARDELL L. TYREE,** : | |
| Petitioner : | **CIVIL ACTION  NO.  07-2019 (EGS)** |
| : | |
| v. : | |
| : | |
| **CAMERON LINDSAY,** : | |
| Respondent : | |

## ORDER

Upon consideration of the Respondent's Motion for an Extension of Time to File an Opposition to Petitioner Wardell Tyree's Petition for Writ of Habeas Corpus, and the reasons stated therein, and for good cause shown, it is this ____ day of February, 2008

ORDERED that the motion be, and hereby is granted; and it is further

ORDERED that the Respondent shall respond not later than April 5, 2008.

_____
EMMET G. SULLIVAN
United States District Judge

Copies to:

Wardell L. Tyree
Fed. Reg. No.08338-007
F.C.I. Canan
P. O. Box 300
Waymart, Pennsylvania 18472

Joan Draper, Esquire
Special Proceedings Division
United States Attorney's Office
555 4th Street N.W.
Washington D.C.  20530

8198K0134/
2002R00570

DISTRICT OF COLUMBIA COURT OF APPEALS

Nos. 98-CF-1301 and 02-CO-27

GOVERNMENT EXHIBIT

No. 1

WARDELL L. TYREE,
      APPELLANT,
      F-9514-96

v.

UNITED STATES,
      APPELLEE.

JAN 2 4 2005

DISTRICT OF COLUMBIA
COURT OF APPEALS

Appeals from the Superior Court of the
District of Columbia
Criminal Division

(Hon. Stephen G. Milliken, Trial Judge)

(Argued January 14, 2005)    Decided JAN 2 4 2005    )

Before SCHWELB and WASHINGTON, *Associate Judges*, and KING, *Senior Judge*.

## MEMORANDUM OPINION AND JUDGMENT

  PER CURIAM:  A jury convicted Wardell Tyree of two counts of second-degree burglary and two counts of second-degree theft. Tyree subsequently filed a motion to vacate his convictions pursuant to D.C. Code § 23-110 (2001), alleging ineffective assistance of counsel. The judge denied the motion without a hearing. Tyree appeals both from his convictions and from the order denying his § 23-110 motion.

  In this court, Tyree's contends that the trial judge erred in denying Tyree's pretrial motion to suppress evidence. Tyree also challenges the trial judge's denial, at two separate stages of the proceeding, of Tyree's claim, that his trial counsel was ineffective. We affirm Tyree's convictions and the denial of his post-trial motion.

I.

  On October 30, 1996, at approximately 8:05 a.m., an employee of American University observed two black men drive past him in a black Ford truck and park near the rear entrance of a dormitory. The driver and passenger both left the vehicle and ran into the dormitory through a rear fire exit door. The employee immediately notified the University's Office of Public Safety of the events that he had observed. Several public safety officers, including Officer Craig Harris, came to the dormitory to investigate. Upon discovering that a black Ford truck with outstanding parking tickets was parked illegally near the dormitory's rear entrance, the officers ticketed the vehicle and affixed a "boot" to it.

  Less than an hour later, the officers received word that two men had returned to the booted car. Upon arrival, the officers encountered Tyree and another man, later identified as Tyree's codefendant, Kenneth McKan, in the vicinity of the booted vehicle. The two men

were "seemingly trying to determine what to do about the boot." As the officers approached, McKan pointed to Tyree and proclaimed "that is him right there, officer." After initial questioning, both men were arrested and charged with unlawful entry. They were then transported to the Office of Campus Security. Officer Harris searched both men, and discovered that Tyree was in possession of a wallet and identification cards belonging to Kara Badyna.[1] Ms. Badyna was a student at American University, and she lived in a dormitory directly accessible from the building which the two men had been seen entering.[2]

## II.

A. Tyree argues that the officers lacked probable cause to arrest him for unlawful entry. He claims that any evidence obtained by the police incident to that arrest (namely the wallet and cards belonging to Ms. Badyna) must therefore be suppressed. We disagree.

Prior to trial, the judge held a hearing on Tyree's motion to suppress. Officer Harris testified on behalf of the government. The trial judge concluded that at the time of arrest, there was probable cause to believe that Tyree was trespassing, and that even if there was no probable cause, there was at least a reasonable articulable suspicion of unlawful entry, which ripened into probable cause when neither Tyree nor McKan was able to offer a plausible reason for being in the vicinity of the dormitory.[3] Tyree filed a post-trial motion to reconsider the order denying his motion to suppress. Following a second hearing, the motion for reconsideration was also denied.

"Whether reasonable suspicion or probable cause exists to justify a seizure is a mixed question of fact and law. The findings with respect to the historical facts are reviewed under the clearly erroneous standard; the ultimate conclusion, however, is subject to de novo review." *Brown v. United States,* 590 A.2d 1008, 1020 (D.C. 1991). Substantially for the reasons stated by the trial judge in his rulings on this issue, we agree that the campus police had probable cause to arrest Tyree for unlawful entry. Officer Harris had received information that two men had run from a black Ford into the back entrance of a building not normally open to the public. Tyree and another man roughly matching the description provided to Harris returned to a black Ford, which was parked illegally in the same vicinity.[4] Neither Tyree nor his companion was able to provide a credible reason for being in the vicinity of the dormitory; indeed, their explanations approached absurdity. Under the "totality of circumstances," *Illinois v. Gates,* 462 U.S. 213, 231-32 (1983), the officers had probable cause to believe that Tyree had entered the dormitory without consent and without a right to be there. Accordingly, the evidence obtained in the subsequent search was incident to a lawful arrest, and the trial judge did not err in denying Tyree's motion to suppress.

---

[1] Harris also found a screwdriver on Tyree's person.

[2] A search of McKan resulted in the discovery of two stolen credit cards, one of which also belonged to Kara Badyna. The other credit card belonged to another student.

[3] Tyree said that he was there to visit a friend, but could not name the friend. McKan claimed that he was there in order to go to the bathroom.

[4] There was a discrepancy in the description with respect to the color of Tyree's shirt.

3

B.   Tyree raised two distinct claims regarding ineffective assistance of counsel, the first shortly before trial, and the second after the trial, in his § 23-110 motion. Tyree's principal complaints are summarized in the trial court's order of December 17, 2001, and we find it unnecessary to reiterate them here.

Tyree's initial claim of ineffective assistance, which was made before the trial began, is governed by the *Monroe-Farrell*[5] line of cases. When a defendant challenges his attorney's effectiveness before the commencement of the trial, the judge "has a constitutional duty to conduct an inquiry sufficient to determine the truth and scope of defendant's allegations." *Monroe*, 389 A.2d at 820. When a *Monroe-Farrell* claim is joined with a *Strickland* claim, as it was here, the reviewing court must resolve the *Monroe-Farrell* issue before addressing the related *Strickland* inquiry. *McFadden v. United States*, 614 A.2d 11, 14 (D.C. 1992). "The precise scope of the inquiry will necessarily vary with the circumstances of each case, and thus the exact nature of the inquiry is committed to the sound discretion of the trial judge." *McFadden*, 614 A.2d at 15.

In response to Tyree's pre-trial request for new counsel, which was made two days before the trial was scheduled to begin, the trial judge held an extensive hearing in order to determine whether, as the defendant claimed, he was receiving substandard assistance. During the hearing, the trial judge repeatedly asked Tyree to specify his complaints about counsel. Based on Tyree's allegations, the judge posed questions to Tyree's attorney. After taking the matter overnight in order to "look at it very, very carefully," the trial judge directed additional inquiries to counsel. In addition, the judge, acting *sua sponte,* called Officer Harris to the stand in order to determine whether any of counsel's alleged failings appreciably prejudiced Tyree's defense. Upon completion of this extensive inquiry, the trial judge was "utterly satisfied that [counsel] ha[d] both the ability and . . . [was] prepared to effectively assist" Tyree.

The *Monroe-Farrell* hearing conducted by the trial judge over the course of two days accounts for over one hundred pages of the transcript. The judge's inquiry was both thorough and extensive. Substantially for the reasons stated by the judge in his oral ruling on the *Monroe-Farrell* issue,[6] we are satisfied that Tyree's complaints were largely without merit; that counsel's preparation and pretrial performance, though less than perfect, satisfied the standard set forth in *Monroe*; and that the judge did not abuse his discretion either in his conduct at the hearing (or with respect to the scope thereof), or in declining to vacate the appointment of Tyree's attorney.

Tyree's post-trial claim of ineffective assistance likewise fails. In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court held that in order to prevail on such a claim, the defendant must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced his defense. With respect to the deficiency prong, the defendant must demonstrate "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* In evaluating the trial judge's

---

[5] *Monroe v. United States*, 389 A.2d 811 (D.C. 1978); *Farrell v. United States*, 391 A.2d 755 (D.C. 1978).

[6] The judge also discussed this issue in his comprehensive written order of December 17, 2001.

4

determination regarding whether counsel was ineffective, we "accept[] the judge's factual findings unless they lack evidentiary support, . . . and defer to those findings by the trial judge which are facilitated by his presence in the courtroom and his ability to observe the players first hand." *Byrd v. United States,* 614 A.2d 25, 30 (D.C. 1992). We conclude that the findings made by the trial judge with respect to Tyree's § 23-110 motion are amply supported by the record, and that there was no legal error. Moreover, in light of the strength of the government's case against Tyree, including the discovery of stolen items on his person, we are satisfied that his attorney's alleged deficiencies did not affect the outcome of the trial and that Tyree suffered no prejudice in the *Strickland* sense.

*Affirmed.*[7]

---

[7] Tyree raises several additional claims in a separate *pro se* brief. We assume, *arguendo*, that we should consider both the brief prepared by Tyree's attorney and Tyree's own *pro se* submission. Because we conclude that each of the claims set forth in Tyree's *pro se* submission lacks substantive merit, we dispose of them summarily:

1. The trial judge did not err by allowing the government to pursue an accomplice liability theory after Tyree was initially indicted as a principal. "It is firmly settled in this jurisdiction that 'one who aids and abets the principal in committing the crime is charged as a principal.' Indeed, we have specifically held that 'if an indictment charges an individual as a principal, but the accused is convicted as an aider and abettor, there is not a constructive amendment or variance of the indictment.'" *Johnson v. United States,* 812 A.2d 234, 241 (D.C. 2002) (citations omitted).

2. The judge properly denied Tyree's motion for judgment of acquittal. Viewing the evidence in the "light most favorable to the government, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences from fact, and making no distinction between direct and circumstantial evidence," *Curry v. United States,* 520 A.2d 255, 263 (D.C. 1992), a reasonable jury could properly find Tyree guilty beyond a reasonable doubt.

3. The judge did not abuse his discretion in denying Tyree's motion for a new trial. All of the evidence which Tyree characterizes as "newly discovered" could have been discovered before trial in the exercise of reasonable diligence, *Huggins v. United States,* 333 A.2d 385 (D.C. 1975). Moreover, Tyree has not shown a violation by the prosecution of its obligations pursuant to *Brady v. Maryland,* 373 U.S. 83 (1963).

4. The trial judge did not err in denying Tyree's motion to correct or modify his sentence. Contrary to Tyree's claim, his two burglary convictions did not merge, *see Byrd v. United States,* 618 A.2d 596 (D.C. 1992). As to the allegedly excessive severity of the sentence, we note that Tyree had an extensive criminal record, and that

> [a] "total failure" to exercise discretion results where the trial judge incorrectly believed himself bound by a recommendation in a sentencing report, or where he declared he would *never* use the Youth Corrections Act for a particular kind of offense. *United States v. Stoddard, supra,* 180 U.S. App. D.C. at 213, n.20, 553 F.2d 1389, n.20. That phrase is obviously not applicable to a judge's imposition

(continued...)

5

                                    ENTERED BY DIRECTION OF THE COURT

                                    Garland Pinkston, Jr.
                                    Clerk of the Court

Copies to:

Hon. Stephen G. Milliken

Clerk, Superior Court

David C. Gray, Esq.
4521 Sangamore Road, #203
Bethesda, MD    20816

John R. Fisher, Esq.
USAO

---

[7](...continued)
       of a statutorily authorized disposition.

*Raymond v. United States*, 26 App. D.C. 250, 257 (1905), *cert. denied*, 200 U.S. 619 (1906); *see also In re L.J.*, 546 A.2d 429, 434 (D.C. 1988) (quoting *Raymond*).