UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WARDELL L. TYREE,                          )
      Petitioner,                         )
                         )
                         )
      Vs.                                  )
                         )
                         )
CAMERON LINDSAY, Warden.                   )
FEDERAL BUREAU OF PRISONS                  )
      Respondent,                         )

Civil Action No:07-Cv-2019

E.G. Sullivan/DC Judge
Habeas Petition    2254

---

"Memorandum"
Clarification Of Material Facts
As Admitted To By AUSA's Office

To, The Honorable E.G. Sullivan, U.S. District Court Judge, DC Circuit.
    333 Constitution Avenue. N.W. Washington DC 20001

From, The Pro-se Petitioner, Wardell L. Tyree # 08338-007
    U.S.P. Canaan. P.O. Box 300, Waymart. P.A. 18472

Re, Dear judge Sullivan, Sir, the here attached "Affidavit & Complaint" of
    Judicial Mis-Conduct Seeking An Arrest Warrant "against the government's
    two Key-witnesses" was mailed to the DC Superior Court, and the U.S.
    Department Of Justice on 6/21/2002. It was mailed after the AUSA
    prosecuting the case (Gray Wheeler) admitted-in open Court, that his
    witnesses earlier version of material facts, presented at the Probable
    Cause hearing, given to Judge N.A. Kramer, and repeated to the Grand Jury
    under oath, can not be relied upon as true....
    This candid admission came only after receiving direct testimony from
    the[tipster] himself, Mr. Darryl Williams...
    After this acknowledgment and admission from the AUSA's Office-that the
    earlier version of facts was obviously false, it would indeed be tantamount
    to an intentional mis-representation of false facts to the Court if any
    other AUSA were to continue to use that now-known to be false version of
    facts in response to the 2254 filed in this Court No:07-2019 ..

This Re-submission of the "Affidavit & Complaint /still seeking
an arrest warrant, is intended to inform /and or remind any AUSA
responding to the 2254 , that the continued use of the earlier version
of facts, **now known to be false,** would be seen as wholly un-ethical
and dangerous to theintegrity and public reputation of the judicial
system in this region....
Henceforth, I urge the AUSA's Office to present the true version of
facts as they are now know....... and admitted to by the AUSA who
prosecuted this case in the DC Superior Court No;F-9514-96.
The candid admission came on Feb, 23rd/1998 during summasions to the trial jury.

Respectfully Submitted
by _Wardell L Tyree_ #08338-007
On This Date Of 1/23/2008


## Certification Of Service

I _Wardell Tyree_ Certify that a true copy of this Notice Of Clarification
of the facts, was mailed, postage pre-paid, to the AUSA'S Office at
555 4th, Street.  N.W. Washington DC 20001, on this date of 1/23/2008

I _Wardell Tyree_ Further Certify that the herein written is true and
correct pursuant to title 28 U.S.C. 1746.

NO. 07-2019
U.S. PC. PC
E.G.S.

UNITED STATES DEPATMENT OF JUSTICE

OFFICE OF PROFESSIONAL RESPONSIBILITY

In Re, Wardell L. Tyree,  Complainant.

Case Number ???

---

" CHARGES OF JUDICIAL MISCONDUCT "

To The Office Of Professional Responsibility
   Officer's Investigating Judicial Misconduct Of Bar Members

From, The Pro-se Complainant, Wardell L. Tyree # 08338-007
   U.S.P. Canaan.  P.O. Box 300,  Waymart . P.A. 18472.

Re, Dear Sir, on or about 1/23/2004, an "Affidavit & Complaint"

was mailed to this Office by cerified mail.

It is now this date of 1/23/2006, and still this Office Of Professional

Responsibility has not yet assigned a **case number, or investigated**

**any of the misconduct therein written.**

A copy of that Complaint is here attached, and if the "Affidavit &

Complaint" has fallen upon deft ears, the Complainant herein, is again

requesting that **a case number be assigned** (asap) **and that "notification**

**of an investigation be mailed to this Complainant, at this "new address".**

Respectfully Submitted

By _Wardell L. Tyree_ # 08338-007

In the interest of justice, a copy of this letter is being mailed
to the Office Of The U.S. Attorney General, and the Assistant U.S.
Attorney's For The District Of Columbia.

# UNITED STATES DEPARTMENT OF JUSTICE
## OFFICE OF PROFESSIONAL RESPONSIBILITY

In Re, Wardell L. Tyree                Complaint No:

-----------------------------------------------------------------------------------------------------

## AFFIDAVIT & COMPLAINT

The Complainant herein, Mr. Wardell L. Tyree, avers that the Procedural History, Facts

Transcripts, and related documents here attached, do in fact prove that all of the herein

named Assistant U.S. Attorneys, associate Judges, and members of the Bar, have in fact

aided and abetted and knowingly violated their oath of Office under 28 U.S.C. 544, 543,

while violating this Complainant's constitutional rights to a fair and impartial trial.

And in so doing, they have violated several disciplinary rules and cannons of professional

responsibility, and ethical codes for which an investigation of the matter should have long

been under way.

## PARTIES AND PARTICIPANTS

1. The Preliminary Hearing Judge : N.A. Kramer, associate Judge, DC Superior Court .
2. .Assistant U.S. Attorney  Abbey Stavitsky who stood-in at the Preliminary Hearing No:F-9514-96, in the absence of  AUSA Gary Wheeler who actually and vindictively Prosecuted the case that is now headed for "a direct appeal"number 98-CF-1301 & 02-CO-027.
3. Associate Judge S.G.Milliken,(retired) who presided over the constitutionally afflicted trial.
4. The Prosecutor's key-witnesses, Special Police Officers that were working for American University, Sgt, Dean Crouch, and former Special Police patrolman Craig J. Harris
5. The Prosecutor's alleged eye-witness, Mr. Darryl Williams, the employee and tipster whom the Special Police initially based Probable Cause to make the Stop and arrest upon.

UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF PROFESSIONAL RESPONSIBILITY


Affidavit / Complaint


**From,** The Complainant, Pro-se, Wardell L. Tyree # 08338-007
F.C.I. Allenwood. P.O. Box 2000, White Deer. P.A. 17887

**To,** The Investigative Division Of The D.O.J. investigating "unlawful and ethical misconduct" of Assistant U.S. Attorneys, and Associate Judges in this jurisdiction.

This Complainant, swears, under the penalties of perjury that the herein written allegations are true and correct, are written in the interest of justice, and that these acts occurred in the District Of Columbia, in relation to Superior Court case No:F-9514-96 .

1. This Complaint alleges that two Assistant U.S. Attorneys, Abbey Stavitsky, and Gary Wheeler, in aid of each other, did in fact, obstruct the course of justice, while abdicating their professional, and ethical responsibilities.

   These two AUSA's allowed their key-witness to present false and fabricated testimony in a judicial proceeding, while knowing this material testimony was untrue, and knowing the falsehood was presented to cause an indictment and conviction in the above captioned case.
   And <u>when it was found to be untrue,</u> **either AUSA did anything to correct or remedy the wrong.** Hence, it is alleged that both AUSA's violated title 28 U.S.C. 543, and the rules of professional conduct 8.3, and 8.4.and ethical rules, 7-13.

2. AUSA, Gary Wheeler, did, knowingly and intentionally withold evidence that is material to this Complainants guilt or innocence.
   Said evidence, directly contradicts the Prosecutor's key-witnesses false statments that were made under oath in a Court of Law.
   When Gary Wheeler found-out that his key witness had obviously lied under oath on several different occassions, it was Wheeler's Professional and ethical responsibility to remedy the situation.
   Instead, Wheeler abdicated that responsibility, in violation of ethical rule 7-13, for it is his duty to seek justice-not merely to convict.

-1-

This Complaint further alleges that, not only did AUSA Gary Wheeler withold evidence material to this Complainants guilt or innocence, the documented evidence directly contradicts the Prosecutors key witnesses false and fabricated statements that were made under oath in open Court.

The documented evidence was in AUSA Gary Wheelers possession, while he knows that witholding such evidence not only denys a fair trial, it is in direct violation of our U.S. Supreme Courts repeated admonishment in such cases as Brady Vs. Maryland, 373 US 83 (1963) Gigilo Vs. U.S. 404 US 150 (1972) and Bagley Vs. U.S. 473 US 667 (1986)

The evidence directly impeaches Mr. Wheeler's key witnesses credibility, and most of the key witnesses earlier sworn testimony, and that raises a reasonable doubt as to that witnesses veracity, And this was done intentionally and vindictively, in order to win a weak circumstantial convictions, that is based totally on his key witnesses false fabricated sworn statements, and it is a blatant violation of Due-Process, it violates ethical rules 7-13, and Disciplinary rule 1-103, and it stinks with the smell of impropriety, or the appearence thereof, Cannon 1. &.2.

This appearence of impropriety continued, even after the governments own alleged Eye-witness (Darryl Williams) was subpoenaed-- by the defense--to give direct testimony at trial, instead of continuing to relie on the Special Police (Craig Harris's) false fabricated hear-say .

Craig Harris's sole basis for the unlawful Stop & Arrest, was based upon what the alleged eye-witness (Darryl Williams) had told the Special Police, see the Preliminary Hearing Transcript here attached.

Later, at my trial, Darryl Williams was subpoenaed-by the defense- to give direct testimony as to what he saw or said to the Special Police. Darryl Williams directly dispelled all of Craig Harris's earlier false fabricated statements about any Positive Identification being done on the scene,Darryl Williams denied that he said anything about any Second Sighting of the suspects who had unlawfully entered the dormitory, and he denied making any Phone Calls to the Special Police to alert them that the same two suspects were now headed back to their car. Mr. Williams also denied seeing the two suspects exit the building, and he specically stated that he could not identify either of the two Black Males, who were dressed in dark clothing. Hence, all of Craig Harris's earlier statements made at the Preliminary Hearing was false and fabricated, see Darryl Williams trial testimony Vs. the preliminary hearing statements made by Wheeler's key witness, Craig Harris.

-2-

A quick perusal of the documents here attached, will unequvocally prove, beyond any reason to doubt, that former Special Police Officer, Craig J. Harris did in fact, intend to obstruct the course of justice while testifying for the government, under oath, at the Preliminary Hearing.

Both Officers of the Court, Judge N.A. Kramer, and AUSA Abbey Stavitsky, are required to report such misconduct according to disciplinary rule 1-103 and ethical rule 1-4, any Judge or Attorney possessing knowledge, or evidence not protected as confidential, that raises a substantial question as to another attorneys honesty, ethics, or trustworthiness, or fitness in other respects as a Judge or Attorney [s]hall report such to authorities empowered to investigate or act upon the violation. Moreover, pursuant to DC code 23-561 and/or 18 U.S.C. 3332 either of the Court Officers could have caused an investigation.

Albeit that Judge Kramer, and AUSA Abbey Stavitsky may-not have known-at that time-that they both were being mis-lead by Craig Harris's false statements and accusations, **both Court Officers were later informed of Craig Harris's false and fabricated material statements that directly influenced Judge Kramer's rules on the issues of whether Proable Cause existed at the time of arrest, and her ruling that a Positive Identificat ion accurred on the scene on several accassions.**

Both Officers of the Court were afforded documented proof, that Craig Harris's testimony, given before them on November 5th,1996, could not have been truthful and to this date, **either the Judge, nor the AUSA** has moved to cause an investigation into this misconduct, or tied to remedy the situation, while the law requirps  that such conduct be reported and investigated, see the here attched " Affidavit / Complaint Seeking An Arrest Warrant" mailed to Judge Kramer, and AUSA Abbey Stavitsky, also see Judge John Mott's response thereto, dated Dec,12,2002, which is also here attached. A Writ of Mandamus was also mailed to former Judge Stephen G. Milliken,and AUSA Gary Wheeler, to compel both Officers and employees of the United States to perform their duty, owned to this Complainant and the judiciary system, see case No:99-SP-1222 DC App. Rather then to perform his duty, Judge Milliken went into Senior Status, and stepped down from the bench, while Gary Wheeler has refused to respond at all, see disciplinary rule 1-103.

This Complainant alleges that the Preliminary Hearing Judge: N.A. Kramer, and

-3-



.....................senior Judge: Stephen G. Milliken, the trial Judge, should be reprimanded for violating their respected Oath Of Office, while creating the obvious appearence of impartiality, see cannons 1. and 2. also see 28 U.S.C. 544, both Judges need to be remineded that it is the stated duty of all Judges, AUSA's, and members of the Bar to report such misconduct to the appropriate authorities, and cause an investigation of such conduct. These cannons of professional responsibility, ethical considerations, and disciplinary rules must be enforced by the Courts, and its Officers, and should be respected by all members of the Bar-if we are to maintain Public confidence in the integrity and impartiality of the administration of justice.

These cannons are aximatic norms, they are the standard of professional responsibility expected of any Lawyer or member of the Bar.

These Judges, and AUSA's were appointed to uphold the integrity, and indepen-- dence of both the judiciary, and the executive branches. It is totally improper for one side to present misconduct in the Courtroom, while the other side merely stands by and permit such. Cannon 2. states that a Judge should avoid impropriety,impartiality or even the appearence thereof.


            There is no doubt that the above accusations are true, these facts are totally uncontested, and proven by a quick perusal of the Preliminary  Hearing transcripts Vs. The trial transcripts.

Even the AUSA Gary Wheeler <u>was forced to concede</u> (during Closing arguments) that his key witness, Craig Harris's statements of fact, are questionable. And still, either Judge, and either AUSA has moved to do their duty owned to this Complainant.

During the trial, even Judge Milliken had to recognize that Craig Harris's testimony was less than honest, and it is for that reason, the Judge was forced to hold <u>two Suppression Hearings</u>, <u>because Harris continuously gave inconsistent versions of fact</u>. Harris's false fabricated versions of facts is what caused he to be forced to resign as a Special Police at American University ten days after he made the illegal arrest in this case, along with his prior misconduct at American University, see Craig Harris's Personell File here attached. Knowing all of these facts, AUSA Gary Wheeler still insisted on relying on Harris's credibility.
By witholding evidence, and changing his Proffer mid-trial, AUSA Gary Wheeler aided Harris in obstructing justice, <u>as is proven by the records</u>.

It would indeed be a miscarriage of justice to allow the U.S. Attorneys Office to file a brief on this Complainants Direct Appeal, again using Dean Crouch's or Craig Harris's False testimony to justify, or uphold this conviction, especially since the AUSA Gary Wheeler has already conceded, and acknowledged that Harris's statements could not have been truthfulsince nobody ever seen Mr. Tyree, enter, or exit the building or the Blue Ford, see the governments closing arguments to the Jury.

In short, to again use Harris's false statements, on the direct appeal, is to present testimony known to be fabricated from the start.

It is for all of these reasons, inter-alia, the falsehood earlier presented should not be used again by any AUSA.

Respectfully Submitted By

*Wardell L. Tyree*         # 08338-007

On this date of *1/23/04* .

I *W. L. T.* certify that the herein written is true and correct pursuant to title 28 U.S.C. 1746.

Please send cc to
Chief Judge: Annice Wager, DC Court Of Appeals.
Cheif Judge: R. King III,   DC Superior Court.

AUSA Abbey Stavitsky,
AUSA Gary  Wheeler,
555. Fourth. Street. N.W.
Washington DC. 20001

AUSA  Robert Okum
Special Proceedings Section.

-6-

1

**Rule 13.**      Investigation and Report of Allegations of Misconduct by Judges and Magistrates

At the request of a judge or magistrate in the Third Circuit, the Council may investigate and make a report on allegations of official misconduct made against him or her by a person who has not filed a complaint under the Judicial Disciplinary Rules. The procedures shall insofar as possible conform to a declaratory judgment brought under the Rules with Respect to Complaints of Judicial Misconduct or Disability except for:
    (a) Rule 8 pertaining to referral to the Judicial Conference of the United States; and
    (b) Rule 10(G) providing for disqualification from service upon the Judicial Council in matters other than those pertaining to the conduct under examination.

**Rule 14.**      Removal of Magistrate

When the Council is required to rule upon the removal of a magistrate, 28 U.S.C. § 631(i), the magistrate shall be given a specification of the charges. The procedures to be followed thereafter shall be as set out in the Rules with Respect to Complaints of Judicial Misconduct or Disability. If the Council is required to rule upon a District Court's action in failing to retain a magistrate, the Magistrates and Bankruptcy Judges Committee shall submit a report and recommendation to the Council after having provided the magistrate an opportunity to be heard. The Council shall also offer the magistrate an opportunity to be heard and to comment on the report of the committee.

**Rule 15.**      Allegations of Misconduct by Court Employees

Allegations of misconduct against employees of one of the courts within the jurisdiction of this Council (excluding circuit, district and bankruptcy judges, as well as magistrates) shall be referred in the first instance to the employing court. Appeals from the final action of that court shall be lodged with the Circuit Executive who shall refer nonfrivolous matters to the Council. Such appeals shall be resolved by the Council only after reasonable notice in writing to the employee and an opportunity afforded him or her to respond in writing and to be heard with counsel if the employee desires.

© 2005 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement

1

§ 530B.        Ethical standards for attorneys for the Government

(a) An attorney for the Government shall be subject to State laws and rules, and local Federal court rules, governing attorneys in each State where such attorney engages in that attorney's duties, to the same extent and in the same manner as other attorneys in that State.

(b) The Attorney General shall make and amend rules of the Department of Justice to assure compliance with this section.

(c) As used in this section, the term `attorney for the Government' includes any attorney described in section 77.2(a) of part 77 of title 28 of the Code of Federal Regulations and also includes any independent counsel, or employee of such a counsel, appointed under chapter 40 [28 USCS §§ 591 et seq.].

(Added Oct. 21, 1998, P. L. 105-277, Div A, § 101(b) [Title VIII, § 801(a)], 112 Stat. 2681-118.)

## HISTORY; ANCILLARY LAWS AND DIRECTIVES

**Effective date of section:**

This section took effect 180 days after enactment, pursuant to § 801(c) of Title VIII of § 101(b) of Division A of Act Oct. 21, 1998, P. L. 105-277, which appears as a note to this section.

**Other provisions:**

**Effective date and applicability of Oct. 21, 1998 amendments.** Act Oct. 21, 1998, P. L. 105-277, Div A, § 101(b) [Title VIII, § 801(c)], 112 Stat. 2681-119, provides: "The amendments made by this section [adding this section and amending the chapter analysis preceding 28 USCS § 501] shall take effect 180 days after the date of the enactment of this Act and shall apply during that portion of fiscal year 1999 that follows that taking effect, and in each succeeding fiscal year.".

## RESEARCH REFERENCES

**Code of Federal Regulations**

Department of Justice-Ethical standards for attorneys with the government,   28 CFR Part 77

**Research Guide**

**Federal Procedure:**

30 Moore's Federal Practice (Matthew Bender 3d ed.), ch 801, Federal Law Governing Attorney Conduct §§ 801.01,

© 2005 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to th restrictions and terms and conditions of the Matthew Bender Master Agreement

# Superior Court of the District of Columbia
## Washington, D.C. 20001

Chambers of
**John McAdam Mott**
Judge

(202) 879-8393

DEC 12 2002

Mr. Wardell L. Tyree
#08338-007
F.C.I. Allenwood
P.O. Box 2000
White Deer, PA 17887-2000

Dear Mr. Tyree:

I am in receipt of your June 21, 2002, letter to the Honorable Noel A. Kramer in which you request that an arrest warrant be issued for felonies allegedly committed in that judge's presence. Copies of your letter and attachments have been forwarded to your former attorney, Christopher S. Merriam, and to the Assistant United States Attorney Abbey Stavitsky, who prosecuted your case, F-9514-96.

We have also returned a copy of your letter and attachment to you. This court is not in a position, and is not authorized, to take further action regarding your concerns.

Sincerely,

John M. Mott
Associate Judge

Christopher S. Merriam, Esquire
U.S. Department of Justice
Criminal Division
1301 New York Avenue, Suite 600
Washington, D.C. 20530

Abbey Stavitsky, Esquire
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20001

U.S. Attorney's Office
Special Proceedings Section
Attn: Robert Okun
555 Fourth Street, N.W.
Washington, D.C. 20001

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

### Memorandum

**To,** The Honorable Judge: John McAdam Mott
500 Indiana Avenue. N.W. Washington DC. 20001


**From,** The Pro-se Complaintant/witness, Wardell L. Tyree # 08338-007
F.C.I. Allenwood. P.O. Box 2000, White Deer. P.A. 17887


**Re,** Dear Judge : John Mott,

I am in receipt of your letter dated 12/12/2002, a copy of that letter is here attached. This letter of yours, is in response to my **Affidavit/Complaint,** seeking an arrest warrant, which was mailed to Judge N.A. Kramer, and for some reason,you responded for her.

However, this letter is being written because the fact has become obvious, that this court has misplaced, or overlooked my motion mailed to Judge Kramer pursuant to title 18 U.S.C. 3332, as this Court does have authority to enforce that law, and according to DC Code 23-561 this Court is in position to do so.

A copy of that request, made to Judge Kramer, is also here attached, it was originally mailed to the Court on 10/18/2002.

Again, the motion is made, seeking an arrest warrant, and or that the **Affidavit/ Complaint** be presented to the **Grand Jury** by Judge Kramer, for further invest--- igation or possisble indictment.


If this motion is granted, or denied, please send me an appropriate "Order" as to this courts decision.


Sincerely Written by

*Wardell L. Tyree* #08338-007
on this date of 12/19/2002 .


C.C. Copies to
Chief Judge R. King III
Superior Court

Chief Judge Annice Wagner
DC. Court Of Appeals

## § 23-561. Issuance, form, and contents.

(a) (1)  A judicial officer may issue a warrant for the arrest of any person upon a sworn complaint which states facts constituting an offense over which the judicial officer has jurisdiction for trial or preliminary examination, and establishing probable cause to believe that the person committed the offense. More than one warrant may issue on the same complaint.

(2) Upon request of the prosecutor, a summons shall issue instead of an arrest warrant. More than one summons may issue on the same complaint. If a person fails to appear in response to a summons, a warrant shall issue for his arrest.

(b) (1)  An arrest warrant shall be signed by the judicial officer and shall state or contain the name of the issuing court, the date of issuance of the warrant, a description of the offense charged, and the name of the person to be arrested or, if his name is unknown, any name or description by which he can be identified with reasonable certainty. It shall command that the person be arrested and brought before the issuing court or officer.

(2) A summons shall be in the same form as an arrest warrant except that it shall summon the person named to appear before the issuing court or officer at a stated time and place.

(c)  An arrest warrant may be directed to a specific law enforcement officer or to any classifications of officers of the Metropolitan Police of the District of Columbia or other agency authorized to make arrests or execute process.

(d) Each complaint shall be made in writing upon oath or affirmation. Except for good cause shown, no warrant shall be issued unless the complaint has been approved by an appropriate prosecutor.

(July 29, 1970, 84 Stat. 627, Pub. L. 91-358, title II, § 210(a); 1973 Ed., § 23-561; Oct. 26, 1974, 88 Stat. 1456, Pub. L. 93-481, § 4(e); 1981 Ed., § 23-561.)

## § 3332.    Powers and duties

(a) It shall be the duty of each such grand jury impaneled within any judicial district to inquire into offenses against the criminal laws of the United States alleged to have been committed within that district. Such alleged offenses may be brought to the attention of the grand jury by the court or by any attorney appearing on behalf of the United States for the presentation of evidence. Any such attorney receiving information concerning such an alleged offense from any other person shall, if requested by such other person, inform the grand jury of such alleged offense, the identity of such other person, and such attorney's action or recommendation.

(b) Whenever the district court determines that the volume of business of the special grand jury exceeds the capacity of the grand jury to discharge its obligations, the district court may order an additional special grand jury for that district to be impaneled.

(Added Oct. 15, 1970, P. L. 91-452, Title I, § 101(a), 84 Stat. 924.)

**§ 11-2504. Censure, suspension, or disbarment by other courts.**

The Federal courts in the District of Columbia and the Superior Court may censure, suspend, or expel an attorney from the practice at their respective bars, for a crime involving moral turpitude, or professional misconduct, or conduct prejudicial to the administration of justice. If an attorney is expelled from practice under this section, the court expelling that attorney shall notify the other Federal courts in the District of Columbia and the District of Columbia Court of Appeals of the action taken.

(July 29, 1970, 84 Stat. 521, Pub. L. 91-358, title I, § 111; 1973 Ed., § 11-2504; 1981 Ed., § 11-2504; June 13, 1994, Pub. L. 103-266, § 1(b)(115), 108 Stat. 713.)

© 2005 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement