## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **WARDELL L. TYREE,** | : | |
| **Petitioner** | : | **CIVIL ACTION  NO.  07-2019 (EGS)** |
| | : | |
| **v.** | : | |
| | : | |
| **CAMERON LINDSAY,** | : | |
| **Respondent** | : | |

## RESPONDENT'S MOTION TO DISMISS PETITIONER'S
## PETITION FOR WRIT OF HABEAS CORPUS

Respondent, by and through his attorney, the United States Attorney for the District of Columbia, respectfully submits this motion to dismiss petitioner's pro se petition for  writ of habeas corpus.  For the reasons set forth below, the current petition should be dismissed, because the petitioner has already pursued an adequate and effective remedy in the District of Columbia Superior Court and the District of Columbia Court of Appeals.  Further, the petitioner's request for this Court to review his Superior Court convictions was previously evaluated and denied by the Honorable Judges Royce C. Lamberth and Colleen Kollar-Kotelly. Subsequently, the United States Court of Appeals for the District of Columbia,  in an unpublished Judgment issued on June 27, 2006, held that petitioner "may not challenge his District of Columbia convictions in federal habeas proceedings unless his remedy under the District of Columbia's post-conviction relief statute is inadequate or ineffective to test the legality of his detention." Tyree L. Wardell v. United States, No. 05-5392 (186 Fed.

Appx. 4, 2006 WL 1878889 (C.A.D.C., June 27, 2006).[1]

Accordingly, because the D.C. Circuit Court of Appeals has already determined that petitioner "may not challenge his District of Columbia convictions in federal habeas proceedings," and because the petitioner has failed to demonstrate in his current petition that the local remedy was inadequate or ineffective to test the legality of his detention, the instant petition for writ of habeas corpus should be summarily dismissed.

Moreover, the record in this case demonstrates that, throughout the course of his incarceration, the petitioner has been routinely filing motions in the Superior Court, the D.C. Court of Appeals, this United States District Court, the United States Court of Appeals for the District of Columbia Circuit, and the United States District Court for the Middle District of Pennsylvania, recycling over and over again claims that have already been reviewed, and consistently asking for reconsideration on issues previously decided against him. Indeed, at this point the petitioner is abusing the writ of habeas corpus. The government submits that petitioner is proceeding, not in good faith, but based on a misunderstanding of law and fact, a refusal to accept advice from competent counsel or the rulings from the courts, and wishful thinking that the facts of his case had been different, or that he had never been convicted or even arrested. The petitioner has advanced absolutely nothing which warrants any review, even if this Court had jurisdiction, and his petition for writ of habeas corpus should therefore

---

[1] In addition, the D.C. Circuit noted that, "[t]he §23-110 remedy is not considered inadequate or ineffective simply because the requested relief has been denied." Id.

2

be summarily dismissed.

## PROCEDURAL HISTORY

### I.  Proceedings in the D.C. Superior Court and the D.C. Court of Appeals

On November 30, 1996, petitioner Wardell L. Tyree (and co-defendant Kenneth McKan), were arrested for two burglaries on the American University campus.  Both were indicted on two counts of second-degree burglary, in violation of D.C. Code § 22-1801(b), two counts of second-degree theft, in violation of D.C. Code §§ 22-3811 and 22-2812(b), and two counts of receiving stolen property, in violation of D.C. Code §§ 22-3832(a) and 22-3832(c)(2).  Following consideration of pre-trial suppression motions, and a three day trial that commenced on February 19, 1998 before the Honorable Stephen G. Milliken, petitioner Tyree was found guilty on two charges of burglary, and two charges of theft in the Superior Court for the District of Columbia.[2]

Petitioner Tyree subsequently filed two pro se motions for judgment of acquittal.  On March 9, 1998, petitioner's attorney filed a motion to reconsider the motion to suppress identification and tangible evidence.  On July 24, 1998, a hearing was held on the petitioner's motion to reconsider his motion to suppress identification and evidence, and the matter was continued to July 30, 1998 for the Court's ruling.  On that day, Judge Milliken denied petitioner's motion to reconsider the motion to suppress identification and evidence, and also denied petitioner's pro se post-verdict motions for judgment of acquittal.

---

[2]  The jury also convicted petitioner on two counts of receiving stolen property, but Judge Milliken vacated those convictions in light of the convictions for burglary.

Judge Milliken then sentenced petitioner to a term of incarceration of 5 to 15 years for each of the two burglary convictions, and 180 days incarceration for each of the two theft convictions, to be served consecutively. Petitioner filed a timely notice of appeal on August 13, 1998.

On February 8, 2000, petitioner filed, in the Superior Court of the District of Columbia, a motion to reconsider the trial court's prior rulings on his post-verdict motions, which was later supplemented, on July 18, 2000, with a pleading prepared by newly appointed counsel. Judge Milliken then decided to review these motions on the merits. The government's Opposition to [Defendant's] Post-Conviction Motions was filed on October 24, 2000. On December 17, 2001, in an omnibus post-trial Order, Judge Milliken granted [Defendant's] Motion to Reconsider, and denied all then-pending motions.[3]

On January 10, 2002, petitioner filed a timely notice of appeal of the denial of his post-trial motions. On February 27, 2002, the District of Columbia Court of Appeals consolidated petitioner's appeal of the denial of his post-trial motions with the August 13, 1998 appeal of petitioner's convictions. Subsequently, in an unpublished <u>Memorandum Opinion and Judgment</u> issued on January 24, 2005, the District of Columbia Court of Appeals affirmed petitioner's convictions and the denial of his post-trial motion. <u>See</u>

---

[3] Judge Milliken's 23 page Order, attached to this Opposition as Government Exhibit 1, addressed all of petitioner's claims as outlined in his <u>pro se</u> motion for judgment of acquittal and for new trial, <u>pro se</u> motion for new trial on the basis of newly-discovered evidence, <u>pro se</u> motion for new trial based on ineffective assistance of counsel, <u>pro se</u> motion to vacate, set aside or correct sentence, and <u>pro se</u> motion to reduce sentence.

Government Exhibit 2.[4] Petitioner then filed a <u>pro se</u> Motion for Reconsideration, which was denied by the D.C. Court of Appeals. <u>See</u> Government Exhibit 3A. Petitioner's <u>pro se</u> Motion to Recall the Mandate was also denied. <u>See</u> Government Exhibit 3B.

However, prior to the time the Court of Appeals issued the 2005 <u>Memorandum Opinion and Judgment</u>, Nos. 98-CF-1301 and 02-CO-27, petitioner filed, on February 26, 2004, in the Superior Court, a <u>pro se</u> Motion to Stay a Judgment that was Obtained by Fraud.[5]

---

[4] In this four page, single spaced <u>Memorandum Opinion and Judgment</u>, the D.C. Court of Appeals considered the issues filed by counsel for appellant Tyree, including a challenge to the trial court's denial of petitioner Tyree's motion to suppress physical evidence, a challenge to the trial court's denial of petitioner's pre-trial request for new counsel, and a challenge to the denial of petitioner's claim of ineffective assistance of trial counsel.

In addition, the Court of Appeals considered and resolved issues raised in petitioner's <u>pro se</u> brief, which included appellant Tyree's argument that "the trial court erred when it allowed the government to pursue an aiding and abetting theory 'mid-trial'" (Pro Se Brief for Appellant Tyree at 21-26); that the preliminary hearing judge erred in considering 'false hearsay testimony' to find probable cause (<u>id</u>. at 12-18); that the trial court erred when it denied the post-conviction <u>pro se</u> motion for judgment of acquittal (<u>id</u>. at 26-31); that the trial court erred in failing to grant the <u>pro se</u> motion for a new trial based on the "newly discovered" evidence of the MPD property record regarding the 'wallet' and the 'exculpatory' letter from the co-petitioner (<u>id</u>. at 31-39); and that the trial court erred in denying the <u>pro se</u> motion to correct or modify sentence (<u>id</u>. at 39-41).

[5] In opposition, the Government argued that, despite the caption, petitioner had actually filed a motion to vacate conviction pursuant to D.C. Code § 23-110, citing <u>Diamen v. United States</u>, 725 A.2d 501, 507 (D.C. 1999) ("the nature of a motion is determined by the relief sought, not by its label or caption"). The United States then alleged that, since petitioner had already filed, and the Court had already denied, one § 23-110 motion that raised the same claims as those outlined in petitioner's Motion to Stay a Judgment that was Obtained by Fraud, petitioner Tyree was procedurally barred from filing a successive § 23-110 motion. <u>Vaughn v. United States</u>, 600 A.2d 96, 97 (D.C. 1991); <u>Dantzler v. United States</u>, 696 A.2d 1334,1355 (D.C. 1997) ("[c]ontrolling weight may be given to the denial of a prior application for relief on the same ground

This motion was reviewed by the Honorable John M. Mott, who was assigned to handle post-conviction matters from the calendar of now Senior Judge Milliken. Thereafter, in a 9-page written Order issued on November 10, 2004, Judge Mott denied petitioner's successive claim that the government allegedly relied on fraudulent testimony to convict him. See Government Exhibit 4.[6]

Thereafter, petitioner filed a Motion to Reconsider and/or Modify the Sentence Previously Imposed. In a 3-page written Order issued on June 1, 2005, Judge Mott denied this motion. See Government Exhibit 5. Petitioner Tyree appealed this ruling. On November 16, 2005, the Court of Appeals for the District of Columbia granted the government's Motion for Summary Affirmance. See Government Exhibit 6.[7]

Petitioner then filed a Petition for Writ of Habeas Corpus in the D.C. Superior Court, alleging "actual innocence." In response, the government moved to transfer this Petition to the judge who heard and ruled on petitioner Tyree's prior post-conviction motions.

_____

[when] that denial [is] on the merits.").

[6] In this Order, Judge Mott noted that the

[petitioner] has raised numerous issues in previous motions for judgment of acquittal and motions for new trial, each of which was considered and denied: ineffective assistance of counsel claims; evidentiary claims; and importantly, in one of the [petitioner's] two motions for judgment of acquittal, claims that the government used fraudulent testimony to convict him. Therefore, under D.C. Code § 23-110, the [petitioner's] successive claim that the government allegedly relied on fraudulent testimony to convict him must be denied without a hearing.

[7] Here, the Court of Appeals for the District of Columbia noted that "[t]he issues raised in this appeal were raised in a previous motion and the trial court's action was previously affirmed by this Court." Judgment at 1.

Petitioner Tyree opposed this transfer.  On September 12, 2006, however, the Honorable Henry F. Greene of D.C. Superior Court granted the government's motion to transfer, and petitioner's Petition for Writ of Habeas Corpus was assigned to Judge Mott.  Subsequently, after petitioner filed, on February 8, 2007, a "Second and/or Successive Habeas Writ pursuant to D.C. Code § 23-110," Judge Mott denied the motion in a 3-page written Order issued on August 23, 2007. See Government Exhibit 7.

On January 11, 2008, petitioner petitioned the D.C. Court of Appeals for leave to file a notice of appeal of the trial court's denial of his Motion to Stay a Judgment that was Obtained by Fraud, as well as the "Actual Innocence" writ and petitioner's "Second and Successive § 23-110 Writ." On February 20, 2008, the Court of Appeals issued an Order directing petitioner to show cause why the appeal should not be dismissed for lack of jurisdiction as having been untimely filed.

Petitioner then petitioned Judge Mott for reconsideration of his motions pursuant to Superior Court Criminal Rule 59(a). On March 17, 2008, Judge Mott denied petitioner's Motion for Reconsideration, and further ordered "the Clerk of the Court not to accept any further motions for reconsideration or relief in this case." See Exhibit 8.

On March 19, 2008, the District of Columbia Court of Appeals discharged the Order to Show Cause, noting that, on March 17, 2008, the "trial court denied appellant's D.C. Super. Ct. R. 59(e) motion, and that therefore, "this appeal has ripened." See Government Exhibit 9.  Petitioner's appeal, No. 08-CO-54, remains pending.

## II.  Proceedings in U.S. District Court & the Court of Appeals for the D.C. Circuit

7

Early in 2005, petitioner Tyree filed a Writ of Mandamus with the U.S. District Court for the District of Columbia, requesting that the District Court "review the D.C. Court of Appeals reasonings, [since] they had ignored the prisoner's constitutional claims," thus "depriving" petitioner Tyree of the "right to ensure that he is being held in compliance with U.S. Supreme Court precedent, Federal Law and Statutes."[8]  In a written Memorandum issued on June 9, 2005, the Honorable Judge Royce C. Lamberth dismissed the petitioner's pro se application for writ of mandamus, noting that, "[t]his Court is not a reviewing court and lacks jurisdiction to compel another court to act." See Government Exhibit 10.

Subsequently, petitioner Tyree moved for review "pursuant to Fed. Rule. Civil Proc. 60 (b)," maintaining that, "as a matter of law, this United States Federal District Court does have jurisdictional authority to compel the Judges of the D.C. Court of Appeals to lawfully perform their respective duties."[9]  On September 27, 2005, Judge Kotelly denied petitioner's

---

[8]  In this petition for writ of mandamus, filed under docket number 05-CV-1149, petitioner Tyree alleged that the "D.C. Court of Appeals has repeatedly refused to address the issues as presented in the pro se Brief on Appeal." Petitioner Tyree therefore requested, this Court "compel the D.C. Court of Appeals . . . to make a Summary Judgment on all of the issues presented in the pro-se brief on appeal." (Petition at 2-3).

[9]  In this motion, petitioner Tyree boldly concluded that, "several major issues presented on direct appeal in the pro se brief and addendum, were evaded/never addressed on their merits, [and] totally overlooked" by the D.C. Court of Appeals. (Motion at 4). Petitioner then attached a copy of the verdict form used in his Superior Court trial, as well as one page of trial transcript, to support his complaint that "Judge Milliken allowed this jury to deliberate on all three of the indicted charges without giving them the required 'Franklin' instruction," a charge that he previously raised on appeal in his pro se brief, and which the government addressed at that time.  See Appellee's Brief in Wardell Tyree v. United States, No. 98-CF-1301 & 02-CO-27 at 2, FN3.

8

motion.  <u>See</u> Government Exhibit 11.  Petitioner appealed this ruling.

On January 20, 2006, petitioner Tyree petitioned the U.S. Court of Appeals for the District of Columbia Circuit to transfer his case to the Middle District of Pennsylvania.  On June 13, 2006, the D.C. Circuit denied this request, and further determined that, "[o]n the Court's own motion the Court will dispose of the appeal without oral argument on the basis of the record and the presentations in appellant [Tyree's] brief."  <u>See</u> Government Exhibit 12.  Subsequently, in an unpublished <u>Judgment</u> issued on June 27, 2006, the D.C. Circuit affirmed Judge Kotelly's Order denying the petitioner's application for writ of mandamus, and further held that, "to the extent the petition sought federal habeas relief, appellant [Tyree] may not challenge his District of Columbia convictions in federal habeas proceedings."  <u>See</u> Government Exhibit 13.[10]  Petitioner Tyree subsequently filed a petition for rehearing, which was denied.  <u>See</u> Government Exhibit 14.

Petitioner Tyree  then appealed this ruling.  On January 8, 2007, the petition for writ of certiorari was denied by the  United States Supreme Court. 127 S.Ct. 1035 (2007).

In the meantime, prior to the ruling from the U.S. Court of Appeals for the D.C Circuit, and the denial of the petition for writ of certiorari, on January 17, 2006, petitioner Tyree filed a petition for writ of habeas corpus in the United States District Court for the

---

[10]  In addition, the D.C. Circuit noted that "[t]he §23-110 remedy is not considered inadequate or ineffective simply because the requested relief has been denied." <u>Wardell v. United States</u>, 186 Fed. Appx. 4, 2006 WL 1878889.

Middle District of Pennsylvania, the district where he is confined.[11]

---

[11]  This Petition for Writ of Habeas Corpus included a 28 page Affidavit and Memorandum in Support of Habeas Petition, characterizing the writ as a § 2254 petition to "challenge the validity of the D.C. Superior Court's Judgments."  Petitioner Tyree also alleged that "the District of Columbia Court of Appeals [has] committed errors," and that his "complaints made during trial, and in the post-conviction motions, seem to have fallen upon deft [sic] ears." (Affidavit at 1). The petition then presents the following questions to be resolved, which the petitioner characterizes as "statements of reasons for issuing the writ:"

1. Did the trial judge err when he failed to properly instruct the jury with the "mandatory Franklin Instruction, (Franklin v. United States, 392 A.2d 5165 (D.C. 1978))." Further, was this error "cured" when the Judge "decided to simply dismiss the receiving stolen property counts." (Affidavit at 4-5).

2. " [W]as it plain error for the trial judge to give the 'aiding and abetting instructions' to the jury . . . when at a separate proceedings a year earlier the same prosecutor had alleged that the co-petitioner was the aider and abettor." Petitioner maintained this point should be reviewed, "since the D.C. Court of Appeals has refused to address the constitutionally of whether [this] mid-trial surprise and inconsistent/conflicting factual theory deprived [petitioner] of due process." (Affidavit at 7-8).

3. Was it reversible error to tell the jury that it "may speculate or infer the elements of burglary from the alleged possession of recently stolen property," where the petitioner chose the right to remain silent during trial, but the prosecutor nevertheless suggested that, "if he gives no explanation, then you may infer that he is the burglar from his unexplained possession of stolen property." (Affidavit at 9).

4. When a police witness maintained that only one wallet was recovered from the two suspects following the burglary, did the prosecutor commit misconduct when he failed to disclose a police department property sheet, which indicated that petitioner possessed his own wallet at the time of arrest.  Further, is the appellate court's decision on this point in error, since it determined that the undisclosed evidence was not newly discovered and could have been obtained prior to trial, even through the "ineffective defense attorney did not exercise reasonable diligence to obtain the evidence." (Affidavit at 10-11).

5. Where the prosecutor alleged that the dormitory complex was unlawfully entered

Subsequently, following a report from the Magistrate Judge in the Middle District of Pennsylvania, and pursuant to 28 U.S.C. § 2241(d), on November 7, 2007, the Honorable United States District Judge Christopher S. Connor transferred petitioner's case to the United States District Court for the District of Columbia, noting that, "all of the witnesses, counsel and records of the conviction are located within the District of Columbia."

This Court has ordered the government to respond to petitioner's petition for writ of habeas corpus. The government now files this motion to dismiss.

## ARGUMENT

### The Petition Should Be Dismissed Because Petitioner Has Failed to Demonstrate That His Local Remedy Is Inadequate or Ineffective

Individuals serving sentences imposed by Superior Court generally may not use 28 U.S.C. §§ 2241 or 2254 to challenge the validity of a conviction or sentence (as distinguished

---

with the intent to steal, did the burglary occur at the moment the unlawful entry was committed. Further, can the petitioner be punished "consecutively" for the actual carrying away (theft) of the property, and should consecutive punishment be tolerated when "two crimes arise from the same continuous criminal conduct." (Affidavit at 15-17).

6. Did the trial judge err in refusing to accept the trial attorney's oral and written request to withdraw. (Affidavit at 18). Further, was the trial attorney ineffective when he failed to produce an allegedly 'exculpatory letter' from the co-petitioner. (Affadavit at 21).

7. Did the trial judge at the preliminary detention hearing violate the petitioner's right of confrontation when it allowed admission of a hearsay statement that the investigating police officer utilized. (Affidavit at 23-24).

from challenging how a sentence is executed). Instead, these individuals (such as the petitioner) must pursue any post-conviction relief in Superior Court under D.C. Code § 23-110. See Byrd v. Henderson, 119 F.3d 34, 36-37 (D.C. Cir. 1997) (per curiam) ("Since passage of the Court Reform Act . . a District of Columbia prisoner seeking to collaterally attack his sentence must do so by motion in the sentencing court – the Superior Court – pursuant to D.C. Code § 23-110."); see also Garris v. Lindsay, 794 F.2d 722, 725-26 (D.C. Cir.) (per curiam) (same; noting that a petitioner who does not succeed in his or her motion for post-relief may appeal to the District of Columbia Court of Appeals), cert. denied, 479 U.S. 993 (1986).

In fact, to the extent that D.C. Code § 23-110 is available to a District of Columbia petitioner as a habeas remedy, it is largely an exclusive remedy. See Blair-Bey v. Quick, 151 F.3d 1036, 1042 (D.C. Cir. 1998) (recognizing this aspect of D.C. Code § 23-110). As stated in D.C. Code Section 23-110(g), neither the Superior Court nor any other court may entertain an application for a writ of habeas corpus if the petitioner failed to seek relief or was denied relief under Section 23-110, unless the remedy offered by that statute is inadequate or ineffective.[12]   Thus, "a District of Columbia prisoner has no recourse to a federal judicial

---

[12] D.C. Code § 23-110(g) provides:

> An application for a writ of habeas corpus in behalf of a prisoner
> who is authorized to apply for relief by motion pursuant to this section
> shall not be entertained by the Superior Court or by any Federal or
> State court if it appears that the applicant has failed to make a motion
> for relief under this section or that the Superior Court has denied him
> relief, unless it also appears that the remedy by motion is inadequate

forum unless the local remedy, D.C. Code § 23-110, is 'inadequate or ineffective to test the legality of his detention.'" <u>Garris</u>, 794 F.2d at 726; <u>Hicks v. Williams</u>, 2005 WL 3560678 at *2 (D.D.C. Dec. 28, 2005); <u>see</u> <u>also</u> <u>Swain v. Pressley</u>, 430 U.S. 372, 377, 381 (1977) (recognizing that section 23-110 includes an "unequivocal statutory command to federal courts not to entertain an application for habeas corpus after the applicant has been denied collateral relief in the Superior Court, unless it appears that the remedy under 23-110 is inadequate or ineffective.").

In the instant case, this Court can only have jurisdiction over the petitioner's petition for a writ of habeas corpus if the petitioner can show that the remedy available under section 23-110 is inadequate or ineffective. The petitioner cannot make this showing.  A remedy is only inadequate or ineffective if it denies a petitioner "<u>any</u> opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." <u>In Re Smith</u>, 285 F.3d 6, 8 (D.C. Cir. 2002) (emphasis in original and internal quotation marks and citation omitted); <u>see</u> <u>also</u> <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 904 (5th Cir. 2001) (surveying cases discussing the inadequate or ineffective standard under 28 U.S.C. § 2255 (the federal equivalent of D.C. Code  § 23-110), and holding that Section 2255 is inadequate or ineffective only for claims that: (1) are based on "retroactively applicable Supreme Court decisions which establish that the petitioner may have been convicted of a nonexistent offense;" and  (2) claims that are "foreclosed by circuit

---

or ineffective to test the legality of his detention.

law at the time when the claim should have been raised in the petitioner's trial, appeal, or first section 2255 motion").

The petitioner in the instant case does not even come close to meeting this standard.[13] That his claims may now be procedurally barred under the relevant statute (D.C. Code § 23-110(e) (2001)), as well as the case law from the District of Columbia Court of Appeals, see Vaughn v. United States, 600 A.2d 96, 97 (D.C. 1991); Dantzler v. United States, 696 A.2d 1349, 1355 (D.C. 1997), does not invalidate this principle.  To the contrary, the relevant question is whether the remedy itself is effective.  See Garris, 794 F.2d at 727 (explaining that "[i]t is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative"); see also Byrd, 119 F.3d at 38 (fact that petitioner cannot successfully raise claim through Section 23-110 motion does not necessarily render the remedy inadequate or ineffective);   Hicks, 2005 WL 3560678 at *2 ("A prisoner's lack of success in a collateral attack of his conviction and sentence by means of a motion under D.C. Code § 23-110 does not render this remedy inadequate or ineffective.");   Lyons v. Federal Bureau of Prisons, 2005 WL 3211417 at *2 (D.D.C. Nov. 14, 2005) (fact that petitioner was procedurally barred

---

[13]   Moreover, as the record reflects, the petitioner has already availed himself of a post-conviction challenge in the Superior Court, raising all of the claims that he now outlines in his current Affidavit and Memorandum in Support of Habeas Petition. This is confirmed by comparing the allegations the petitioner now presents, with the claims that were denied in the December 17, 2001 post-conviction Order of Judge Milliken, the January 24, 2005 Memorandum and Opinion from the Court of Appeals addressing the denial of the petitioner's post-conviction claims as well as the issues that petitioner raised on appeal in his pro se brief, and the August 23, 2007 Order of Judge Mott addressing the claims the petitioner presented in his "Second and/or Successive Habeas Writ pursuant to D.C. Code § 23-110."

from re-litigating issues raised on direct appeal, issues not raised during pendency of direct appeal, or from filing a successive motion did not render D.C. Code § 23-110 an ineffective or inadequate remedy); Hudson v. United States, 1991 WL 241944 at *3 (D.D.C. Oct. 31, 1991) (petitioner failed to show that section 23-110 was an inadequate or ineffective remedy even for those claims not previously asserted by petitioner in his prior section 23-110 motions); Peoples v. Roach, 669 A.2d 700, 702 (D.C. 1995) (noting that "appellant's inability to bring his latest application for relief as a § 23-110 motion does not render the remedy under § 23-110 'inadequate or ineffective' within the meaning of § 23-110(g), and therefore does not permit the Superior Court or any other court to entertain his petition for a writ of habeas corpus").[14]

Further, the Supreme Court and the D.C. Circuit have also held that section 23-110 provides an adequate and effective remedy because, inter alia, Superior Court judges are presumptively competent to decide federal constitutional issues, and the scope of the remedy under section 23-110 is commensurate with habeas corpus (and with 28 U.S.C. § 2255). See Swain, supra, 430 U.S. at 382-84; Garris, supra, 794 F.2d at 726; see also Saleh v. Braxton,

---

[14] In addition, the federal courts of appeals consistently have held that 28 U.S.C. § 2255, the model for D.C. Code § 23-110, is not inadequate or ineffective merely because the petition for a writ of habeas corpus would have been procedurally barred. See, e.g., Poindexter v. Nash, 333 F.3d 372, 378 (2d Cir. 2003) (articulating this rule), cert. denied, 540 U.S. 1210 (2004); Hernandez-Pauturi v. Bureau of Prisons, 221 F.3d 196, 2000 WL 628223 at *1 (D.C. Cir. April 25, 2000) (per curiam) ("The § 2255 remedy is not inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner has been denied permission to file a second or successive § 2255 motion, or because the petitioner is procedurally barred from pursuing relief under § 2255."); Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) (same).

788 F. Supp. 1232, 1232 (D.D.C. 1992) (noting that "[s]ection 23-110 has been found to be adequate and effective because it is coextensive with habeas corpus," and dismissing petition for habeas corpus for lack of jurisdiction).

Here, it is clear that the petitioner's challenge to the validity of the 'aiding and abetting jury instruction, the government's alleged "use of perjured testimony," the impact of "newly discovered" evidence, and the effectiveness of his trial counsel are the kinds of claims routinely brought pursuant to D.C. Code § 23-110. Accordingly, there is no question that section 23-110 provides an adequate and effective remedy for petitioner Tyree's post-conviction challenges to his conviction and sentence. See, e.g., United States v. Little, 851 A.2d 1280 (D.C. 2004) (affirming court's granting of section 23-110 motion alleging ineffective assistance of trial counsel); Pinkney v. United States, 851 A.2d 479 (D.C. 2004) (affirming court's denial of section 23-110 motion alleging ineffective assistance of trial counsel); Butler v. United States, 836 A.2d 570 (D.C. 2003) (same); Blair v. United States, 791 A.2d 52 (D.C. 2002) (affirming court's denial of section 23-110 motion alleging an illegal sentence based on flawed indictment and ineffective assistance of trial counsel); Wu v. United States, 798 A.2d 1083 (D.C. 2002) (affirming court's denial of section 23-110 motion challenging lawfulness of consecutive sentences and alleging ineffective assistance of counsel).[15]

---

[15] Moreover, in his own pro se brief on appeal, petitioner brought his claim that the trial court erred in failing to utilize a "Franklin instruction" to the attention to the D.C. Court of Appeals. See Amendment to Pro Se Brief for Appellant, Wardell Tyree v. United States, No. 98-CF-1301 & 02-CO-27 at 3, alleging that the trial court erred in

The government therefore submits that, because D.C. Code § 23-110 provides

petitioner with an adequate and effective remedy, this Court lacks jurisdiction to consider the

merits of the petitioner's petition for a writ of habeas corpus. See Swain, 430 U.S. at 377,

381 (recognizing that federal courts should not entertain petitions for habeas corpus from

petitioners serving sentences imposed by Superior Court if Section 23-110 provides an

adequate and effective remedy); Garris, 794 F.2d at 726 (same): see also D.C. Code § 23-

110(g) (expressing the same jurisdictional rule).

## CONCLUSION

WHEREFORE, it is respectfully requested that, for the above-stated reasons, the

petitioner's petition be summarily dismissed because the petitioner has an adequate and

---

failing to instruct the jury that appellant could not be convicted of both burglary and
receiving stolen property. In response, the government noted that "the Court remedied
any error caused by the instruction by vacating the receiving stolen property counts."
Brief for Appellee at 2; see also 2nd Record on Appeal at 2 & Trial Transcript of 7/30/98
18-19.

Petitioner then filed, on February 1, 2005, a pro se Motion for Reconsideration,
and also filed an 11 page brief with attached exhibits to address this issue. Thereafter, the
petitioner's motion for reconsideration was denied. (See Government Exhibit 3A).
However, the denial of petitioner's motion for reconsideration, and of his subsequent
motion to recall the mandate (see Government Exhibit 3B), does not entitle him to a
"new appeal" by way of federal habeas. Cf. United States v. Frady, 456 U.S. 152, 165
(1982) ("[W]e have long and consistently affirmed that a collateral challenge may not do
service for an appeal."). Indeed, the fact that the petitioner's motion to recall the mandate
was denied does not establish the procedure's inadequacy or ineffectiveness, because "[i]t
is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative."
Garris, supra, 794 F.2d at 727; see also Byrd, supra, 119 F.3d at 37-38 (petitioner's
inability to challenge appellate decision in the trial court did not render petitioner's
"remedy by motion inadequate or ineffective to test the legality of his detention").

effective remedy in the District of Columbia Superior Court.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
 D.C. Bar No. 498-610


_____/s/_____
JOHN P. MANNARINO
CHIEF, SPECIAL PROCEEDINGS DIVISION
ASSISTANT UNITED STATES ATTORNEY
D.C. Bar No. 444-384


_____/s/_____
JOAN DRAPER
ASSISTANT UNITED STATES ATTORNEY
Utah Bar No. 0195




**CERTIFICATE OF SERVICE**


**I HEREBY CERTIFY** that service of a copy of the foregoing Government Opposition has been made by mailing a copy to Wardell L. Tyree, Fed. Reg. No.08338-007, F.C.I. Canan, P. O. Box 300, Waymart, Pennsylvania 18472 this 21st day of April, 2008.



_____/s/_____
Joan Draper
Assistant United States Attorney
Special Proceedings Division

18

U.S. Attorney's Office
555 4th Street N.W.
Washington D.C.  20530
 202-514-7744
 joan.draper@usdoj.gov

GOVERNMENT EXHIBIT NO. 1

GOVERNMENT EXHIBIT

No. 1

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CRIMINAL DIVISION -- FELONY BRANCH

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. F-9514-96 |
| | : | Judge Stephen G. Milliken |
| | : | Closed Case |
| WARDELL L. TYREE | : | |

## O R D E R

This matter comes before the court on the defendant's <u>pro se</u> and counseled motions to reconsider the denial of <u>pro se</u> motions for judgment of acquittal and new trial, the government opposition thereto, the defendant's <u>pro se</u> reply to the government opposition, the <u>pro se</u> motion claiming ineffective assistance of trial counsel and prosecutorial misconduct, the materials submitted in support thereof, and the defense motion for reduction of sentence.

### Procedural History

On November 30, 1996, the defendant, Wardell Tyree, and co-defendant, Kenneth McKan were arrested for two burglaries on the American University campus. Both were indicted on two counts of second-degree burglary, in violation of D.C. Code § 22-1801 (b); two counts of second-degree theft, in violation of D.C. Code §§ 22-3811, 22-3812 (b); and two counts of receipt of stolen property, in violation of D.C. Code §§ 22-3832 (a), (c)(2). Attorney Paul Riley was appointed to represent Mr. Tyree, and Mr. Tyree asse⸬      ⸬ight to trial.[1]

---

[1] Mr. McKan subsequently pled guilty to one count of second-degree burglary and one count of second-degree theft.

2000R02269

On October 27, 1998, approximately three months following the defendant's seven month abscondence from a halfway house, the defendant waived his right to trial within 180 days, and attorney Riley filed a motion to withdraw from representation of Mr. Tyree. Attorney Paul Signet was appointed in attorney Riley's stead, and trial was scheduled for February 13, 1998.

Pretrial motions were litigated on February 13, 1998. I denied the defendant's motions to suppress and scheduled trial for February 17, 1998. Attorney Signet made a motion to withdraw in open court on February 17, 1998. Following an inquiry in accordance with Monroe v. United States, 389 A.2d 811 (D.C. 1978) and Farrell v. United States, 391 A.2d 755 (D.C. 1978) ("Monroe-Farrell"), I denied the motion to withdraw, and the case proceeded to trial. The jury returned with its verdict on February 23, 1998, and Mr. Tyree was found guilty of two counts of second-degree burglary and two counts of second-degree theft.

Mr. Tyree subsequently submitted two pro se motions (dated February 25, 1998, and March 3, 1998) that were received in chambers on March 6, 1998. A motion to reconsider the motion to suppress identification and tangible evidence was filed on March 9, 1998, and another motion to withdraw was filed on March 17, 1998.[2] Following briefing and oral argument by the parties, I denied the motion to reconsider, and the matter proceeded to sentencing on July 30, 1998. Mr. Tyree's was sentenced to five (5) to

---

[2] I originally denied attorney Signet's March motion to withdraw, but appointed counsel, Christine Lee, to assist in the defense in post-trial litigation and in anticipation of appeal from any conviction, and in light of potential ineffectiveness issues. On July 16, 1998, I formally granted attorney Signet's motion to withdraw, and appointed attorney Lee nunc pro tunc to March 19, 1998.

fifteen (15) years incarceration on each second-degree burglary count and 180 days incarceration on each second-degree theft count, with all sentences to be served consecutively to each other and any other sentence.[3]

I denied the defendant's pro se motions for judgment of acquittal and new trial for the defendant's failure to file timely and for failure to present new evidence on October 30, 1998. Counsel for the defendant then filed a motion to reduce sentence pursuant to Super. Ct. Crim. R. 35. I retained jurisdiction over the motion to reduce with a supplemental memorandum to be filed following the conclusion of the defendant's direct appeal in an order dated December 8, 1998.[4] The defendant later filed another pro se motion for reconsideration of the October 30, 1998 denial of the pro se motions for judgment of acquittal and new trial. This last pro se filing was supplemented by counsel, and the government has filed its written opposition.

Facts

On October 30, 1996, at approximately 8:05 a.m., Darryl Williams, an employee of American University, saw two people drive past him in a black Ford. Approximately 30 seconds later, Mr. Williams saw the car parked in the rear of a dormitory, Letts Hall. Mr. Williams saw the passenger and driver of the car run into Letts Hall through a rear fire exit door.

---

[3] Mr. Tyree had five prior convictions, four of them felonies: robbery with a deadly weapon, attempt unauthorized use of a vehicle, receiving stolen goods, attempt distribution of heroin, and first degree burglary from 1981 to 1996.

[4] Pursuant to an April 15, 1999 order from the Court of Appeals denying Mr. Tyree's motion for a stay of his appeal, I re-entered my December 10, 1998 order.

Mr. Williams notified the University's Office of Public Safety, and several members of the American University Security Force went to Letts Hall to investigate. When they arrived at the rear fire exit doors, the doors were locked, and they saw that the black Ford was parked illegally at an expired meter. The officers then ticketed the illegally parked vehicle, and placed a boot on the car. Less than an hour later, university police responded to a dispatch reporting that two people had returned to the booted car. The officers found both the defendant and co-defendant within six (6) feet of the car and within arms' reach of each other, seemingly trying to determine what to do about the boot. After initial questioning, both men were arrested and charged with unlawful entry.

The two men were transported to the Office of Campus Security where American University Special Police Officer Craig Harris ("SPO Harris") searched both Mr. Tyree and his co-defendant, Kenneth McKan. SPO Harris recovered from Mr. McKan, one credit card belonging to Kara Badyna, a student and resident of Anderson Hall, and another credit card belonging to Theodore Kowalsky, a student and resident of Centennial Hall. SPO Harris recovered from Mr. Tyree a wallet and identification card belonging to Kara Badyna and cash. Both Anderson and Centennial Halls are accessible upon entry into Letts Hall.

I.      Reconsideration of Defendant's Pro Se Motion for Judgment of Acquittal and for New Trial.

The defendant now seeks reconsideration of the October 30, 1998 order denying his pro se motions for judgment of acquittal and new trial pursuant to Super. Ct. Crim. R. 29 (c), and R. 33, respectively.[5]

---

4

The defendant seeks substantive review of his pro se motions dated February 25 and March 3, 1998. Pursuant to the filing deadlines contained in Super. Ct. Crim. R. 29 (c) and R. 33, Mr. Tyree should have filed his motions no later than March 4, 1998. His motions were received in chambers on March 6, 1998. The defendant argues that his filings are not late in accordance with the Supreme Court decision in Fallen v. United States, 378 U.S. 139 (1964), allowing the date on the motion -- the day the motion was handed to prison authorities to be mailed -- to be treated as the filing date; or in the alternative, that the pro se motions should be allowed as a result of excusable neglect.

The government opposes consideration of the defendant's pro se filings on their merits, arguing that the plain language of Super. Ct. Crim. R. 29 (c) and R. 33 precludes the court from considering the pro se motions. Moreover, the government submits that

---

[5] Super. Ct. Crim. R. 29 (c) provides

> *Motion after discharge of jury.*
> If the jury returns a verdict of guilty or is discharged without having returned a verdict, a motion for judgment of acquittal may be made or renewed within 7 days after the jury is discharged or within such further time as the Court may fix during the 7-day period. If a verdict of guilty is returned the Court may on such motion set aside the verdict and enter judgment of acquittal. If no verdict is returned the Court may enter judgment of acquittal. It shall not be necessary to the making of such a motion that a similar motion has been made prior to the submission of the case to the jury.

Super. Ct. Crim. R. 33 provides

> The Court on motion of a defendant may grant a new trial to that defendant if required i: .: :rest of justice. . . . A motion for a new trial based on the ground of newly discovered evidence may be made only before or within 2 years after final judgment, but if an appeal is pending, only on remand of the case may the Court grant the motion. A motion for new trial based on any other grounds shall be made within 7 days after

Fallen does not apply, and points to the logic of Fed R. App. P. 4 (c)(1), which, in pertinent part, provides for an inmate to show timely filing "by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid." The government contends that relying on the mere date recorded on the motion, without an accompanying notarized, sworn statement or certificate of service is an unreliable and unacceptable means for accepting a pro se motion as filed timely.

It is not disputed that the defendant's pro se motions dated February 25, 1998 and March 3, 1998 were received in chambers well after the seven-day limit provided in the rules. Upon review of the record, however, noting the authority of Fallen, and taking into consideration Fed. R. App. P. 4 (c)(1) which states that a "notice of appeal . . . is timely filed if it is deposited in the institution's internal mail system on or before the last day for filing," I grant Mr. Tyree's motion for reconsideration of his pro se motions on their merits and address the arguments in turn.

A.    Motion for Judgment of Acquittal.

In evaluating a motion for judgment of acquittal, evidence must be viewed in the light most favorable to the government, giving full deference to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact.  See United States v. Covington, 459 A.2d 1067 (D.C. 1983). Denial of a motion for judgment of acquittal must be upheld where the evidence presented at trial is such that a reasonable jury could find guilt beyond a reasonable doubt. See Wheeler v. United

---

verdict or finding of guilty or within such further time as the Court may
fix during the 7-day period.

States, 470 A.2d 761 (D.C. 1983). Upon the close of the government's case-in-chief, the parties litigated the motion for judgment of acquittal. I denied the defendant's motion at that time, finding that the jury had ample evidence before it to support a guilty verdict on the charges, and again denied the defendant's renewed motion for judgment of acquittal prior to instructing the jury. The defendant now makes a post-trial motion for judgment of acquittal arguing that SPO Harris offered false testimony at trial, and that the government failed to present evidence sufficient to support his conviction.

The defendant protests his innocence of the crimes charged, claiming that SPO Harris offered false testimony at trial. According to the defendant, the officer mishandled the arrest in the instant matter -- failing to properly preserve evidence and illegally transporting the defendant and co-defendant off the American University campus -- and that the defendant later complained to the University of the officer's misconduct. The defendant further claims that the officer's subsequent discharge from American University was due, in part, to the defendant's complaint, and the officer therefore lied at trial in retaliation. As evidence of the officer's false testimony, the defendant makes much of the officer's testimony during pre-trial hearings when SPO Harris stated that he recovered "only one wallet" from inside the front of the defendant's pants. Tr. Feb. 13, 1998 p.18 ll. 7-13.; see also Tr. Feb. 18, 1998, pp. 104 - 106. To refute SPO Harris's statement that he had recovered one wallet, the defendant submits that a property record generated by the Metropolitan Police Department ("MPD") shows the defendant also possessed his own wallet at the time of his arrest.

The defendant also cites other inconsistencies in Officer's Harris testimony during pre-trial and trial proceedings from testimony given during the grand jury proceedings

7

and preliminary detention hearing as further evidence of the officer's unreliability.

Specifically, the defendant challenges SPO Harris's testimony offered during the pre-trial

proceedings, where the officer (1) stated he and three other SPO's responded to the initial

call (in contrast to SPO Harris's earlier claim that he and one other officer responded); (2)

claimed a witness in the initial sighting observed two men crouching in the car prior to

entering the building (which was never mentioned during the preliminary hearing); (3)

stated that in response to the second sighting, SPO Harris observed two men seemingly

trying to figure out what to do about the booted car (where he earlier did not make

mention of this detail, noting only that he observed two men approaching the vehicle); (4)

attributed Mr. Tyree with the statement that he was in the vicinity trying to find a

bathroom (which was a statement made by Mr. Tyree's co-defendant); (5) explained that

he reviewed records prior to testifying in the pre-trial suppression hearing, and that his

review of the records accounts for his relaying greater detail of the events.

　　While the defendant's exhaustive catalogue of the details of SPO Harris's

testimony is impressive, I do not find it persuasive. The defendant identifies avenues that

could have been pursued in an attempt to impeach the officer's testimony, however, even

if the jury had been privy to the finer points as elucidated by the defendant, much of the

defendant's suppositions would have been countered by the government. Moreover, as I

found earlier, much of the perceived inconsistencies in the officer's pre-trial testimony

were not inconsistent, because the testimony offered for the purposes of a preliminary

detention hearing is different from that offered for the purposes of a suppression hearing

and/or trial.

Upon review of the record, and having presided over both pre-trial and trial proceedings, I again find that SPO Harris's testimony was credible, notwithstanding any minor issues of impeachment on the finer points of the officer's observations. The government presented compelling circumstantial evidence that two African-American males exited a vehicle and entered the back of Letts Hall. Less than an hour later, two African-American males were seen back at the car. The co-defendant had a credit card from each complainant, and the defendant had a wallet from one of the complainants and cash. From the government's presentation of the evidence, the jury could properly infer the defendant's guilt of the crimes charged. See Williams v. United States, 549 A.2d 328 (1988); United States v. Carter, 522 F.2d 666 (D.C. Cir. 1975). Indeed, the government's presentation of the circumstantial evidence wholly and properly supported the conviction. The government presented ample evidence to support the jury's verdict. Reviewing the evidence presented at trial, in the light most favorable to the government, I cannot find that the jury was unreasonable in its assessment of the evidence adduced at trial.

    B.    <u>Motion for New Trial in the Interest of Justice.</u>

The defendant also moves for a new trial pursuant to Super. Ct. Crim. R. 33 on the grounds of newly discovered evidence and the ineffective assistance of trial counsel Signet. The standard for reviewing the defendant's claims for new trial is based on the interest of justice standard where the judge sits as a thirteenth juror to determine whether a fair trial requires that the evidence be made available to the jury. See Godfrey v. United States, 454 A.2d 293 (1982). I also note that a new trial, even on review under the more lenient interest of justice standard, may be ordered only under exceptional circumstances

where, considering the evidence, the defendant did not receive a fair trial.  See Huggins v.

United States, 333 A.2d 385 (1975).

In support of his motion for a new trial, the defendant argues he was denied his

due process rights to a fair trial, pointing to newly discovered evidence that should have

been introduced at trial:  (1) a property record generated by MPD, introduced at the post-

trial motion to reconsider the defendant's motions to suppress identification and tangible

evidence, showing that the defendant was in possession of his personal wallet at the time

of arrest; (2) information from SPO Harris' American University personnel file; and (3)

the co-defendant McKan's testimony in the form of a letter from Mr. McKan addressed to

the defendant.

The MPD property record showing that the defendant was in possession of his

personal wallet would have been used to impeach the testimony of American University

SPO Harris who testified at trial that he recovered only one wallet (Ms. Badyna's) from

Mr. Tyree.  The defendant argues that the MPD record was withheld improperly from the

defendant's and jury's consideration at trial in violation of principles as set forth in Brady

v. Maryland, 373 U.S. 83 (1963) and elucidated in United States v. Bagley, 473 U.S. 667

(1986).

The defendant also claims that SPO Harris' personnel file should have been

admitted into evidence at trial to show that SPO Harris was a poor and unreliable worker,

and was in fact looking for a new job during the time he testified at trial because of his

poor performance.  The defendant claims that the officer's personnel file should have

been presented to the jury to bolster the defense contention that the officer's testimony

was flawed.

The final piece of newly discovered evidence, the defendant argues, is a letter dated July 16, 1997, from his co-defendant, which Mr. Tyree claims should have been admitted as evidence exculpating the defendant. In his letter, Mr. McKan bemoans the length of the sentence imposed following his plea, and offers himself as a defense witness, he asserts as there is "nothing they can do to me now."

Reviewing the trial record and the proposed newly discovered evidence, I cannot find that the jury was denied access to evidence that would have resulted in a reasonable probability of a different verdict. The significance of the MPD record is speculative at best. It would have been introduced merely to impeach SPO Harris at trial, and the government's case did not rest solely on the officer's testimony. As for introducing the officer's personnel record as a tool to further impeach the officer's credibility, there is no legal basis to suggest that any such records would have been admissible at trial even if defense counsel had procured those records. Finally, as the government correctly notes, the text of the co-defendant's letter alone is neither exculpatory nor admissible. Mr. Tyree was free to call his co-defendant at trial, but any proffered testimony by Mr. McKan regarding Mr. Tyree's innocence of the crimes charged would have been subject to impeachment by the government. In light of the above, I cannot find that the defendant was denied a fair trial or that a new trial is warranted. Even if all of the defendant's proffered evidence were admissible and introduced at trial, it would not have been enough to produce an acquittal.

Finally, in support of his motion for a new trial, the defendant alleges ineffective assistance of trial counsel Signet in failing to properly investigate the foregoing, and failing effectively to cross-examining witnesses both during pre-trial hearings and at trial.

The standard for evaluating a claim on ineffective assistance of counsel remains the same whether the claim is raised pursuant to Super. Ct. Crim. R. 33 or D.C. Code § 23-110, and will be discussed below.  See Junior v. United States, 634 A.2d 411 (D.C. 1993); Johnson v. United States, 585 A.2d 766 (D.C. 1991)

II.    Rule 33 Motion for New Trial Based on Newly Discovered Evidence.

The defendant submitted an additional pro se motion in support of his motion for new trial well after the seven-day filing period had expired.  The motion, therefore, is to be examined under the newly discovered evidence standard, but the evidence remains the MPD property record, SPO Harris' personnel file, and Mr. McKan's letter to Mr. Tyree.

It is well-settled that in order to prevail on a motion for new trial based on newly discovered evidence, the defendant bears the burden of showing that (1) the evidence must have been discovered since the trial; (2) the party seeking the new trial must show diligence in the attempt to procure the newly discovered evidence; (3) the evidence relied on must not be merely cumulative or impeaching; (4) it must be material to the issues involved; and (5) of such nature that in a new trial it would probably produce an acquittal. See Payne v. United States, 697 A.2d 1229 (D.C. 1997); Herbin v. United States, 683 A.2d 437 (1996).

In the instant matter, the defendant fails to offer evidence that is "newly discovered" as envisioned by the rule.  Where, as here, the evidence alleged to have been "newly discovered" could have been discovered with due diligence before trial, it may not be the basis of a motion for new trial.  See Huggins v. United States, 333 A.2d 385 (D.C. 1975).  The defendant knew of the existence of the MPD property record, personnel file,

and letter. All three were available prior to trial, and thus they do not properly support a motion for new trial based on newly discovered evidence.

III.    Motion to Vacate, Set Aside, or Correct the Sentence.

Subject to some exceptions, a prisoner may make a post-conviction motion for the court to vacate, set aside, or correct the sentence at any time where the prisoner claims

the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, (4) the sentence is otherwise subject to collateral attack.

D.C. Code § 23-110 (1983). The defendant makes various challenges to his conviction. They are addressed below.

A.    Ineffective Assistance of Counsel.

Mr. Tyree claims that the ineffective assistance of trial counsel Signet resulted in prejudice to the defendant. To prevail on a claim of ineffective assistance of counsel, the defendant must show (1) that his lawyer's performance was deficient, i.e., that the "representation fell below an objective standard of reasonableness" and (2) that defendant's defense was prejudiced by this performance. See Strickland v. Washington, 466 U.S. 668 (1984). The defendant bears the burden for showing that in light of all the circumstances as they appeared at the time of the conduct, "counsel's representations fell below an objective standard of reasonableness." See Id. at 690. I also note that where a defendant does not make a sufficient showing of prejudice, the court's inquiry need not address counsel's performance, and the defendant's motion fails. See Id. at 697; see also United States v. Frost, 502 A.2d 462 (D.C. 1985).

The defendant cites irreconcilable differences with trial counsel, and alleges that trial counsel Signet's failure to properly investigate, prepare for, and conduct adequate cross-examination of witnesses resulted in prejudice to the defendant. The defendant cites a long-term dissatisfaction with the quality of representation he received from attorney Signet both pre- and post-trial. In response to the defendant's request for appointment of new counsel and Mr. Signet's motion to withdraw from representation on the appointed day of trial, I conducted a thorough Monroe-Farrell inquiry and denied the motion to withdraw, finding that trial counsel did investigate, conduct discovery, and prepare for trial. I note that the defendant's complaints of attorney Signet's performance to date are largely the same as those reviewed during the Monroe-Farrell inquiry on February 17, 1998.

The defendant alleges that attorney Signet (1) failed to challenge the defendant's initial five-day hold; (2) failed to prepare for trial adequately; (3) failed to challenge the testimony of government witnesses; (4) failed to subpoena witnesses to testify on the defendant's behalf at pre-trial and trial proceeding; (5) communicate adequately with his client post-trial in failing to move for a judgment of acquittal and/or new trial post-verdict; and (6) failed to represent the interests of his client generally.

The defendant asserts that a five-day hold may be allowed only in circumstances where the accused is on probation or parole, and the defendant was on neither having successfully completed a term of probation for attempt distribution of heroin on October 3, 1996. The defendant mistakes the law. His pre-trial detention without bond was based on a judicial officer's initial finding on October 31, 1996, pursuant to D.C. Code § 23-1322 (b)(1)(A), which provides for detention of an individual "in a case that involves: (A)

14

A crime of violence, or a dangerous crime . . . ."  The defendant was released to a work-release program pursuant to D.C. Code § 23-1321 (c) on November 5, 1996.  There was no illegality in the proceedings, and thus attorney Signet was not ineffective for failing to challenge the defendant's brief pre-trial detention.

Mr. Tyree also cites attorney Signet's failure to make independent written discovery requests of the government and file motions to suppress on the defendant's behalf.  Additionally, the defendant claims that attorney Signet was not familiar with the details of the instant matter, and his ignorance prevented the defense from immediately and fully impeaching the testimony of government witnesses, primarily that of SPO Harris.  The defendant alleges that attorney Signet failed to investigate SPO Harris's background thoroughly and failed to impeach the officer's testimony.  The defendant claims that attorney Signet should have subpoenaed the officer's personnel records, and called the officer's supervisor to testify as to the officer's unreliability and poor work performance generally.  As further proof of attorney Signet's ineffective assistance, the defendant cites attorney Signet's failure to subpoena the MPD property record showing the defendant also possessed his own wallet at the time of his arrest.  The defendant alleges that if attorney Signet had properly impeached SPO Harris's testimony at trial by revealing the officer's bias against the defendant and fully illuminating the inconsistencies of the officer's testimony to the jury, the jury would not have found the defendant guilty.

Attorney Signet's choice to not subpoena personnel records, which were not admissible in any event, to impeach the officer's testimony did not so prejudice the defendant, if at all, as to amount to an unfair trial.  With respect to attorney Signet's failure to make any additional written discovery demands or filing additional motions, I

note that attorney Signet was Mr. Tyree's second counsel of record in the instant matter. The first attorney wrote and filed written discovery demands as well as motions to suppress identification and tangible evidence. The government remains under an ongoing duty to provide the defense with all discoverable material pursuant to Super. Ct. Crim. R. 16. In addition, the written suppression motions were complete and addressed all relevant issues. That attorney Signet did not file supplemental papers does not amount to ineffective assistance in light of his capable command of the facts and issues at the time of the suppression hearing. Moreover, the defendant did not suffer any prejudice, because attorney Lee assisted in re-litigating the suppression issues post-trial in a motion to reconsider.

Following the conclusion of the suppression hearing, the defendant requested that several individuals be made available to the defense. The defendant again raises the issue, finding fault with attorney Signet's failure to subpoena other American University employees, as well as his co-defendant, Mr. McKan -- claiming that the defense was hampered by an inability to speak with potential witnesses for the defense. The defendant's request for subpoenas, however, appears to be predicated on the notion that any witness would then be forced to communicate his or her knowledge prior to testifying.

As I noted at the time, the defense may subpoena and call anyone it wished to testify either at the suppression hearing or trial. The defendant, however, does not have the right to force any individual to submit to an interview by counsel or his investigator in advance of the individual's testimony. I therefore cannot find that attorney Signet was ineffective in failing to obtain interviews with potential witnesses.

The defendant also claims that attorney Signet's failure to file time-sensitive post-trial motions for new trial and acquittal on behalf of his client amounts to deficient performance.  Generally, the defendant argues that his poor relationship with his attorney precluded his attorney from effectively representing his interests.  In support of this allegation, the defendant cites attorney Signet's suggestion, made in open court during the Monroe-Farrell inquiry, that the court order a forensic screening.

In reviewing the record, I find that counsel's performance did not fall below the standard of reasonableness as required by the Sixth Amendment and caselaw.  Whether or not Mr. Tyree enjoyed an agreeable relationship with his attorney is of little import where, as here, the attorney capably represented his client both during pre-trial hearings and trial.  To the extent that the grounds for Mr. Tyree's claims of attorney Signet's ineffectiveness are the same as those reviewed and denied on February 17, 1998, I did not then and do not now find that attorney Signet's actions resulted in prejudice to the defendant.  See Minor v. United States, 647 A.2d 770 (D.C. 1994).  As for the counsel's actions post-verdict, I note only that in light of my two previous denials of the defendant's motion for judgment of acquittal, as well as the instant substantive review of the defendant's pro se motions, defendant's claim of prejudice is groundless.

B.      Prosecutorial Misconduct

The defendant makes numerous claims of government misconduct to challenge the legality of his conviction.  According to the defendant, the government (1) failed to present evidence to support their theories of constructive possession and aiding and abetting; (2) failed to present evidence of the defendant's unlawful entry in the dormitory rooms of the two complainants and failed to present evidence of the defendant's intent to

17

commit a crime at the time of entry; (3) failed to prove the defendant was in possession of the complainant's wallet; (4) presented false testimony; (5) remarked on the defendant's silence in violation of the defendant's Fifth Amendment rights; (6) filed "repeater's papers" in retaliation for the defendant asserting his right to trial. Each argument is addressed in turn.

First, Mr. Tyree asserts that with respect to the theory of constructive possession,

> there was no evidence to support [the theory] . . ., To say that this
> defendant knew what was in Mr. McKan's pockets is to say that I know
> whats in yours, without more the suggestion is just straight ludicrous, and
> the government has proffered no other testimony or presente any evidence
> to support their accusations . . . .

Defendant's Pro Se Motion in Opposition to the Government's Response to This Defendant's Pro Se Filed Motions for Rules 29, 33, and 23-110, p. 6. The defendant also argues that the government failed to present adequate evidence of aiding and abetting "because aiding and abetting has its own set of essential elements, none of which did the government attempt to prove = besides my presence in the parking lot = after the alleged crime had been committed, and that is not sufficient to convict one of aiding and abetting." Id.

The defendant's arguments substantively misconstrue the application of the law and are their own refutation. The government properly argued, and the jury reasonably found, the defendant's guilt in light of the circumstantial evidence presented at trial, namely, the short time span between the initial sighting of two men entering the back of Letts-Hall and their arrest, with property of one of the complainants being found on each defendant.

Secondly, the defendant argues that

the government is required by law, to not say, but prove that this defendant entered each of the rooms, and it was not sufficient that the government estabish (with-false testimony) that I entered the building in general – but each room, [the government] have conceded that they could not prove that I entered – the buildings nor the individual rooms, Thus, at this point, their case is (D-O-A).

Id. In addition, the defendant claims that the conviction on two counts of burglary in the second degree was improper because "there was only one singal entery into the dormitory [Letts Hall], this constitutes only-one-Burglary into that dwelling," and that the government failed to prove the specific intent to steal at the moment they entered Letts Hall. Pro Se Defendant's Addendum to the Previously Filed Motions – That Are Now Under Advisement, p. 4.

From a consideration of the circumstances, the jury found sufficient circumstantial evidence of the defendant's entry into the complainants' rooms. That the defendant and his co-defendant were seen entering Letts Hall through the rear fire exit door does not obviate the jury's finding of guilt that one or both co-defendants entered each individual dormitory room accessible by entry into Letts Hall. Moreover, it is well-settled that proving the specific intent of the defendant to commit a crime may be inferred from the circumstances. See Williams v. United States, 549 A.2d 328 (D.C. 1988); United States v. Carter, 522 F.2d 66 (D.C. Cir. 1975). The defendant's arguments are erroneous, and the convictions on two counts of burglary in the second degree were properly supported by the evidence.

Mr. Tyree also asserts ...... ..... government failed to present evidence that he was in possession of the complainant's wallet. In support of this challenge, the defendant contends that the government would have had to

19

first prove = beyond a reasonable doubt that I ever possessed Ms.
Badyna's Wallet, for at the time of trial, Ms. Badyna still had her Wallet,
So if possession is 9/10 of the law/ how could the prosecutor say to the
jury that I possess that particular wallet = without raising some doubt,
especially since Ms. Badyna still had the wallet . . . all they [the
government] had at the time of trial was a xerox copy of a wallet.

Defendant's Pro Se Motion To Correct Errors Of Prosecutional Misconduct. And

Improper Suggestions Which Should Have Been Objecte4d To By The Defense Or Sua

Sponta By The Trial Court. In The Interest Of Justice, p. 4.

The defendant's argument is without merit and has no legal basis for challenge.

Accordingly, the defendant's motion is denied on this ground.

The defendant also charges the government with knowingly allowing false

statements to be presented before the grand jury and the court at the time of the

preliminary hearing.  Presumably, the defendant is challenging the testimony provided by

SPO Harris.  The defendant's allegation is groundless, unsubstantiated, and accordingly

denied.

Mr. Tyree also asserts that the government improperly remarked on the

defendant's silence during closing arguments, thereby violating the defendant's Fifth

Amendment right to remain silent.  See Defendant's Pro Se Motion To Correct Errors Of

Prosecutional Misconduct. And Improper Suggestions Which Should Have Been

Objected To By The Defense Or Sua Sponta By The Trial Court. In The Interest Of

Justice, p. 3.

During closing arguments, the prosecutor did argue that where the complaining

witness testified that she did not give permission for anyone to use or posses her card,

that she did not give her card to anyone, that she did not know the defendant, there was

20

no reasonable explanation for recovery of the complainant's wallet from the inside of the front of the defendant's pants. See Tr. Feb. 23, 1998, pp. 27-28. There is no error.

I reach the defendant's final argument. Mr. Tyree challenges the government's decision to file repeat papers in the instant matter, claiming it was done in retaliation for the defendant asserting his right to trial. In further support of this allegation, the defendant remarks on the "devastating 'disparity in the sentencing' upon this defendant . . . all for allegedly aiding and abetting another man who only received (40 months to 15 years)." At a minimum, Mr. Tyree believes he should have been sentenced to a term no more than that of his co-defendant, a man whose prior criminal history "dwarfs" that of Mr. Tyree. Pro Se Defendant's Addendum To The Previously Filed Motions – That Are Now Under Advisement; p. 3.

The defendant's final challenge to his sentence is, like his others, wholly without merit or basis in the law and is accordingly denied.

IV.     Motion for Reduction of Sentence.

Upon consideration of defendant's motion for reduction of sentence, the materials attached thereto, and a review of the entire record, I find no basis to change the prior judgment. The defendant has failed to offer any new information not previously considered at sentencing. Moreover, the sentence imposed is just and reasonable and should stand undisturbed.

For the foregoing reasons and upon consideration of the defendant's pro se and counseled motions to reconsider the denial of pro se motions for judgment of acquittal and new trial, the government opposition thereto, the defendant's pro se reply to the government opposition, the pro se motion claiming ineffective assistance of trial counsel

21

and prosecutorial misconduct, the materials submitted in support thereof, and the defendant's motion for reduction of sentence, as well as a review of the entire record herein, it is this ___/7 day of December, 2001, hereby;

· **ORDERED,** that the defendant's <u>pro se</u> and counseled motions to reconsider the denial of his <u>pro se</u> motions for judgment of acquittal and new trial is granted; and it is

**FURTHER ORDERED,** that the defendant's motion for judgment of acquittal is denied; and it is

**FURTHER ORDERED,** that the defendant's motion for new trial in the interest of justice is denied; and it is

**FURTHER ORDERED,** that the defendant's motion for new trial on the ground of newly discovered evidence is denied; and it is

**FURTHER ORDERED,** that the defendant's motion for new trial on the ground of ineffective assistance of counsel is denied; and it is

**FURTHER ORDERED,** that the defendant's motion to vacate, set aside, or correct sentence is denied; and it is

**FURTHER ORDERED,** that the defendant's motion to reduce sentence is denied.

Stephen G. Milliken
Judge

Copies to:

Gary Wheeler, Esq.
Office of the United States Attorney
555 4th Street, N.W.
Washington, D.C. 20001

Public Defender Service
Appellate Division
633 Indiana Avenue, N.W.
Washington, D.C.  20004


Wardell Tyree
00S338-007
F.C.I. Allenwood
P.O. Box 2000
White Deer, PA  17887-2000

GOVERNMENT EXHIBIT NO. 2

# DISTRICT OF COLUMBIA COURT OF APPEALS

Nos. 98-CF-1301 and 02-CO-27

GOVERNMENT EXHIBIT

No. 2

WARDELL L. TYREE,

APPELLANT,
F-9514-96

v.

UNITED STATES,

APPELLEE.

JAN 2 4 2005

Appeals from the Superior Court of the
District of Columbia
Criminal Division

(Hon. Stephen G. Milliken, Trial Judge)

(Argued January 14, 2005          Decided    JAN 2 4 2005          )

Before SCHWELB and WASHINGTON, *Associate Judges*, and KING, *Senior Judge*.

## MEMORANDUM OPINION AND JUDGMENT

PER CURIAM:  A jury convicted Wardell Tyree of two counts of second-degree burglary and two counts of second-degree theft. Tyree subsequently filed a motion to vacate his convictions pursuant to D.C. Code § 23-110 (2001), alleging ineffective assistance of counsel.  The judge denied the motion without a hearing.  Tyree appeals both from his convictions and from the order denying his § 23-110 motion.

In this court, Tyree's contends that the trial judge erred in denying Tyree's pretrial motion to suppress evidence.  Tyree also challenges the trial judge's denial, at two separate stages of the proceeding, of Tyree's claim, that his trial counsel was ineffective.  We affirm Tyree's convictions and the denial of his post-trial motion.

## I.

On October 30, 1996, at approximately 8:05 a.m., an employee of American University observed two black men drive past him in a black Ford truck and park near the rear entrance of a dormitory.  The driver and passenger both left the vehicle and ran into the dormitory through a rear fire exit door.  The employee immediately notified the University's Office of Public Safety of the events that he had observed.  Several public safety officers, including Officer Craig Harris, came to the dormitory to investigate.  Upon discovering that a black Ford truck with outstanding parking tickets was parked illegally near the dormitory's rear entrance, the officers ticketed the vehicle and affixed a "boot" to it.

Less than an hour later, the officers received word that two men had returned to the booted car.  Upon arrival, the officers encountered Tyree and another man, later identified as Tyree's codefendant, Kenneth McKan, in the vicinity of the booted vehicle.  The two men

2

were "seemingly trying to determine what to do about the boot." As the officers approached, McKan pointed to Tyree and proclaimed "that is him right there, officer." After initial questioning, both men were arrested and charged with unlawful entry. They were then transported to the Office of Campus Security. Officer Harris searched both men, and discovered that Tyree was in possession of a wallet and identification cards belonging to Kara Badyna.[1] Ms. Badyna was a student at American University, and she lived in a dormitory directly accessible from the building which the two men had been seen entering.[2]

## II.

A.    Tyree argues that the officers lacked probable cause to arrest him for unlawful entry. He claims that any evidence obtained by the police incident to that arrest (namely the wallet and cards belonging to Ms. Badyna) must therefore be suppressed. We disagree.

Prior to trial, the judge held a hearing on Tyree's motion to suppress. Officer Harris testified on behalf of the government. The trial judge concluded that at the time of arrest, there was probable cause to believe that Tyree was trespassing, and that even if there was no probable cause, there was at least a reasonable articulable suspicion of unlawful entry, which ripened into probable cause when neither Tyree nor McKan was able to offer a plausible reason for being in the vicinity of the dormitory.[3] Tyree filed a post-trial motion to reconsider the order denying his motion to suppress. Following a second hearing, the motion for reconsideration was also denied.

"Whether reasonable suspicion or probable cause exists to justify a seizure is a mixed question of fact and law. The findings with respect to the historical facts are reviewed under the clearly erroneous standard; the ultimate conclusion, however, is subject to de novo review." *Brown v. United States,* 590 A.2d 1008, 1020 (D.C. 1991). Substantially for the reasons stated by the trial judge in his rulings on this issue, we agree that the campus police had probable cause to arrest Tyree for unlawful entry. Officer Harris had received information that two men had run from a black Ford into the back entrance of a building not normally open to the public. Tyree and another man roughly matching the description provided to Harris returned to a black Ford, which was parked illegally in the same vicinity.[4] Neither Tyree nor his companion was able to provide a credible reason for being in the vicinity of the dormitory; indeed, their explanations approached absurdity. Under the "totality of circumstances," *Illinois v. Gates,* 462 U.S. 213, 231-32 (1983), the officers had probable cause to believe that Tyree had entered the dormitory without consent and without a right to be there. Accordingly, the evidence obtained in the subsequent search was incident to a lawful arrest, and the trial judge did not err in denying Tyree's motion to suppress.

---

[1]  Harris also found a screwdriver on Tyree's person.

[2]  A search of McKan resulted in the discovery of two stolen credit cards, one of which also belonged to Kara Badyna. The other credit card belonged to another student.

[3]  Tyree said that he was there to visit a friend, but could not name the friend. McKan claimed that he was there in order to go to the bathroom.

[4]  There was a discrepancy in the description with respect to the color of Tyree's shirt.

3

B.    Tyree raised two distinct claims regarding ineffective assistance of counsel, the first shortly before trial, and the second after the trial, in his § 23-110 motion. Tyree's principal complaints are summarized in the trial court's order of December 17, 2001, and we find it unnecessary to reiterate them here.

Tyree's initial claim of ineffective assistance, which was made before the trial began, is governed by the *Monroe-Farrell*[5] line of cases. When a defendant challenges his attorney's effectiveness before the commencement of the trial, the judge "has a constitutional duty to conduct an inquiry sufficient to determine the truth and scope of defendant's allegations." *Monroe*, 389 A.2d at 820. When a *Monroe-Farrell* claim is joined with a *Strickland* claim, as it was here, the reviewing court must resolve the *Monroe-Farrell* issue before addressing the related *Strickland* inquiry. *McFadden v. United States*, 614 A.2d 11, 14 (D.C. 1992). "The precise scope of the inquiry will necessarily vary with the circumstances of each case, and thus the exact nature of the inquiry is committed to the sound discretion of the trial judge." *McFadden*, 614 A.2d at 15.

In response to Tyree's pre-trial request for new counsel, which was made two days before the trial was scheduled to begin, the trial judge held an extensive hearing in order to determine whether, as the defendant claimed, he was receiving substandard assistance. During the hearing, the trial judge repeatedly asked Tyree to specify his complaints about counsel. Based on Tyree's allegations, the judge posed questions to Tyree's attorney. After taking the matter overnight in order to "look at it very, very carefully," the trial judge directed additional inquiries to counsel. In addition, the judge, acting *sua sponte*, called Officer Harris to the stand in order to determine whether any of counsel's alleged failings appreciably prejudiced Tyree's defense. Upon completion of this extensive inquiry, the trial judge was "utterly satisfied that [counsel] ha[d] both the ability and . . . [was] prepared to effectively assist" Tyree.

The *Monroe-Farrell* hearing conducted by the trial judge over the course of two days accounts for over one hundred pages of the transcript. The judge's inquiry was both thorough and extensive. Substantially for the reasons stated by the judge in his oral ruling on the *Monroe-Farrell* issue,[6] we are satisfied that Tyree's complaints were largely without merit; that counsel's preparation and pretrial performance, though less than perfect, satisfied the standard set forth in *Monroe*; and that the judge did not abuse his discretion either in his conduct at the hearing (or with respect to the scope thereof), or in declining to vacate the appointment of Tyree's attorney.

Tyree's post-trial claim of ineffective assistance likewise fails. In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court held that in order to prevail on such a claim, the defendant must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced his defense. With respect to the deficiency prong, the defendant must demonstrate "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. In evaluating the trial judge's

---

[5] *Monroe v. United States*, 389 A.2d 811 (D.C. 1978); *Farrell v. United States*, 391 A.2d 755 (D.C. 1978).

[6] The judge also discussed this issue in his comprehensive written order of December 17, 2001.

4

determination regarding whether counsel was ineffective, we "accept[] the judge's factual findings unless they lack evidentiary support, . . . and defer to those findings by the trial judge which are facilitated by his presence in the courtroom and his ability to observe the players first hand." *Byrd v. United States*, 614 A.2d 25, 30 (D.C. 1992). We conclude that the findings made by the trial judge with respect to Tyree's § 23-110 motion are amply supported by the record, and that there was no legal error. Moreover, in light of the strength of the government's case against Tyree, including the discovery of stolen items on his person, we are satisfied that his attorney's alleged deficiencies did not affect the outcome of the trial and that Tyree suffered no prejudice in the *Strickland* sense.

*Affirmed.*[7]

---

[7] Tyree raises several additional claims in a separate *pro se* brief. We assume, *arguendo*, that we should consider both the brief prepared by Tyree's attorney and Tyree's own *pro se* submission. Because we conclude that each of the claims set forth in Tyree's *pro se* submission lacks substantive merit, we dispose of them summarily:

1. The trial judge did not err by allowing the government to pursue an accomplice liability theory after Tyree was initially indicted as a principal. "It is firmly settled in this jurisdiction that 'one who aids and abets the principal in committing the crime is charged as a principal.' Indeed, we have specifically held that 'if an indictment charges an individual as a principal, but the accused is convicted as an aider and abettor, there is not a constructive amendment or variance of the indictment.'" *Johnson v. United States*, 812 A.2d 234, 241 (D.C. 2002) (citations omitted).

2. The judge properly denied Tyree's motion for judgment of acquittal. Viewing the evidence in the "light most favorable to the government, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences from fact, and making no distinction between direct and circumstantial evidence," *Curry v. United States*, 520 A.2d 255, 263 (D.C. 1992), a reasonable jury could properly find Tyree guilty beyond a reasonable doubt.

3. The judge did not abuse his discretion in denying Tyree's motion for a new trial. All of the evidence which Tyree characterizes as "newly discovered" could have been discovered before trial in the exercise of reasonable diligence, *Huggins v. United States*, 333 A.2d 385 (D.C. 1975). Moreover, Tyree has not shown a violation by the prosecution of its obligations pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963).

4. The trial judge did not err in denying Tyree's motion to correct or modify his sentence. Contrary to Tyree's claim, his two burglary convictions did not merge, *see Byrd v. United States*, 618 A.2d 596 (D.C. 1992). As to the allegedly excessive severity of the sentence, we note that Tyree had an extensive criminal record, and that

> [a] "total failure" to exercise discretion results where the trial judge incorrectly believed himself bound by a recommendation in a sentencing report, or where he declared he would *never* use the Youth Corrections Act for a particular kind of offense. *United States v. Stoddard, supra*, 180 U.S. App. D.C. at 213, n.20, 553 F.2d 1389, n.20. That phrase is obviously not applicable to a judge's imposition

(continued...)

5

ENTERED BY DIRECTION OF THE COURT

Garland Pinkston, Jr.
Clerk of the Court

Copies to:

Hon. Stephen G. Milliken

Clerk, Superior Court

David C. Gray, Esq.
4521 Sangamore Road, #203
Bethesda, MD    20816

John R. Fisher, Esq.
USAO

---

[7](...continued)
        of a statutorily authorized disposition.

*Raymond v. United States*, 26 App. D.C. 250, 257 (1905), *cert. denied*, 200 U.S. 619 (1906); *see also In re L.J.*, 546 A.2d 429, 434 (D.C. 1988) (quoting *Raymond*).

GOVERNMENT EXHIBIT NO. 3A

# District of Columbia
# Court of Appeals

Nos. 98-CF-1301 and 02-CO-27

WARDELL L. TYREE,

Appellant,

F9514-96

v.

UNITED STATES,

Appellee.

BEFORE: Schwelb and Washington, Associate Judges; King, Senior Judge.

GOVERNMENT EXHIBIT
No. 3A

ORDER

On consideration of appellant's *pro se* motion for reconsideration, it is

ORDERED that the motion for reconsideration is denied.

PER CURIAM

Copies to:

Honorable Stephen G. Milliken

Clerk, Superior Court

Wardell L. Tyree
Reg #08338-007
FCI Allenwood
P O Box 2000
White Deer, PA 17887

John R. Fisher, Esquire
Assistant United States Attorney

sl

GOVERNMENT EXHIBIT NO. 3B

# District of Columbia
# Court of Appeals



Nos. 98-CF-1301 & 02-CO-27

**WARDELL L. TYREE,**
                        Appellant,
                                        F9514-96

        v.

**UNITED STATES,**
                        Appellee.



GOVERNMENT EXHIBIT
No. 3B

---

**Before: Schwelb and Washington, Associate Judges, and King, Senior Judge.**

## O R D E R

On consideration of appellant's *pro se* motion to recall mandate, it is

ORDERED that the motion is denied.

                                        PER CURIAM.

Copies to:

Wardell L. Tyree
#08338-007, F.C.I. Allenwood
PO Box 2000
White Deer, PA 17887

John R. Fisher, Esquire
Assistant United States Attorney

aj

GOVERNMENT EXHIBIT NO. 4



## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CRIMINAL DIVISION – FELONY BRANCH

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal No. F-9514-96** |
| | : | **Judge John M. Mott** |
| **v.** | : | |
| | : | |
| **WARDELL TYREE** | : | |

> **GOVERNMENT EXHIBIT**
> **No. 4**

### ORDER

  This matter comes before the court on the defendant's pro se Motion to Stay a Judgment that was Obtained by Fraud, filed on February 26, 2004. The government filed its Opposition to the Defendant's Motion to Stay a Judgment that was Obtained by Fraud on July 21, 2004. The defendant then responded to the government's opposition on July 29, 2004, with Petitioner's Opposition to the Government's Response to the Claims of Fraud, and Request to Stay Judgments. Both of the defendant's motions claim that prosecutors improperly used fraudulent testimony to convict him.

  The defendant has raised numerous issues in previous motions for judgment of acquittal and motions for new trial before this court, each of which was considered and denied: ineffective assistance of counsel claims; evidentiary claims; and, importantly, in one of the defendant's two motions for judgment of acquittal, claims that the government used fraudulent testimony to convict him. Therefore, under D.C. Code §23-110, the defendant's successive claim that the government allegedly relied on fraudulent testimony to convict him must be denied without a hearing.

**Procedural History**

On November 30, 1996, the defendant, Wardell Tyree, and co-defendant, Kenneth McKan, were arrested for two burglaries on the American University campus. Both were indicted on two counts of second-degree burglary, in violation of D.C. Code § 22-1801(b); two counts of second-degree theft, in violation of D.C. Code §§ 22-3811, 22-3812(b); and two counts of receipt of stolen property, in violation of D.C. Code §§ 22-3832(a), (c)(2). Attorney Paul Riley was appointed to represent Mr. Tyree, and Mr. Tyree asserted his right to trial.

On October 27, 1998, the defendant waived his right to trial within 180 days, and attorney Riley filed a motion to withdraw from representation of Mr. Tyree. The court appointed Attorney Paul Signet in attorney Riley's stead, and scheduled trial for February 13, 1998. The court decided pretrial motions on February 13, 1998. Judge Stephen G. Milliken denied the defendant's motion to suppress and scheduled trial for February 17, 1998. Attorney Signet made a motion to withdraw in open court on February 17, 1998. Following an inquiry, the court denied the motion to withdraw. The case proceeded to trial, and the jury returned with its verdict on February 23, 1998. The jury found Mr. Tyree guilty of two counts of second-degree burglary and two counts of second-degree theft. The jury also convicted him on the two counts of receiving stolen property, but Judge Milliken vacated those convictions in light of the defendant's convictions for burglary.

Mr. Tyree subsequently submitted two pro se motions for judgment of acquittal, dated February 25, 1998, and March 3, 1998. Mr. Tyree's attorney also filed a motion to reconsider the motion to suppress identification and tangible evidence on March 9, 1998,

2

and another motion to withdraw on March 17, 1998. Following briefing and oral

argument by the parties, Judge Milliken denied the motion to reconsider, and the matter

proceeded to sentencing. On July 30, 1998, the court sentenced Mr. Tyree to five to

fifteen years' incarceration on each second-degree burglary count and 180 days

incarceration on each second-degree theft count, with all sentences to be served

consecutively to each other and any other sentence.

On October 30, 1998, Judge Milliken denied the defendant's two pro se motions

for judgment of acquittal and new trial for the defendant's failure to file timely and for

failure to present new evidence. Counsel for the defendant then filed a motion to reduce

sentence pursuant to Super. Court. Crim. R. 35. Judge Milliken denied this motion on

December 8, 1998.

On February 8, 2000, the defendant filed a motion to reconsider the trial court's

prior rulings on his post-verdict motions. He later supplemented this request with a

pleading prepared by new counsel on July 18, 2000, which contained a motion for

judgment of acquittal; a motion for a new trial in the interests of justice; a motion for new

trial on the ground of newly discovered evidence; a motion for new trial on the ground of

ineffective assistance of counsel; a motion to vacate, set aside, or correct sentence; and, a

motion to reduce sentence.

Judge Milliken decided to review the motion to reconsider, including the

supplemental pleading, on its merits. On December 17, 2001, in an omnibus post-trial

order, he granted the defendant's motion to reconsider. The court reconsidered and

denied all of the defendant's requests, however. Most notably, Judge Milliken denied the

defendant's primary argument in his motion for judgment of acquittal: the claim that the government had used fraudulent testimony to convict him.[1]

The defendant then appealed to the D.C. Court of Appeals, which anticipates hearing oral arguments in early 2005, though the court has not yet calendared the case. In the interim, the defendant has filed this motion before this court, in which he again claims that the government used fraudulent testimony to convict him.

### Facts

On October 30, 1996, at approximately 8:05 a.m., Darryl Williams, an employee of American University, saw two people drive past him in a black Ford. Approximately 30 seconds later, Mr. Williams saw the car parked in the rear of a dormitory, Letts Hall. Mr. Williams saw the passenger and driver of the car run into Letts Hall through a rear fire exit door.

Mr. Williams notified the University's Office of Public Safety, and several members of the American University Security Force went to Letts Hall to investigate. When they arrived at the rear fire exit doors, the doors were locked, and they saw the black Ford parked illegally at an expired meter. The officers then ticketed the illegally parked vehicle, and placed a boot on the car. Less than an hour later, university police responded to a dispatch reporting that two people had returned to the booted car. The officers found both the defendant and co-defendant within six feet of the car and within arms' reach of each other, seemingly trying to determine what to do about the boot. After initial questioning, the officers arrested both men and charged them with unlawful entry.

The officers transported the two men to the Office of Campus Security where an American University Special Police Officer, Craig Harris ("SPO Harris"), searched both

---

[1] Pages six through nine of Judge Milliken's Order set forth in detail the court's analysis of this issue.

4

Mr. Tyree and his co-defendant, Kenneth McKan. SPO Harris recovered from Mr. McKan one credit card belonging to Kara Badyna, a student and resident of Anderson Hall, and another credit card belonging to Theodore Kowalsky, a student and resident of Centennial Hall. SPO Harris recovered from Mr. Tyree a wallet and identification card belonging to Kara Badyna and cash. Both Anderson and Centennial halls are accessible upon entry into Letts Hall.

## Legal Analysis

### A. The Dispute Over the Form of Motion and Relief Sought

The government and the defendant dispute both the type of motion defendant has filed and the type of relief he is seeking. The defendant captioned his motion as a "Motion to Stay a Judgment that was Obtained by Fraud." In its response, the government argues that the motion, despite its caption, is actually a Section 23-110 motion. The government correctly states the law that "the nature of a motion is determined by the relief sought, not by its label or caption." *Diamen v. United States*, 725 A.2d 501, 507 (D.C. 1999); *Frain v. District of Columbia*, 572 A.2d 447, 450 (D.C. 1990); *Coleman v. Lee Washington Hauling Co.*, 388 A.2d 44, 46 (D.C. 1978); *Graves v. Nationwide Mutual Ins. Co.*, 151 A.2d 258, 261 (D.C. 1959); *Roumel v. Stradley*, 199 A.2d 111, 112 (D.C. 1955). If the relief the defendant seeks is the same as the relief obtainable under a Section 23-110 motion, the motion will be decided as a Section 23-110 motion. Therefore, the court will assess whether the defendant is actually seeking Section 23-110 relief.

The sole claim raised by the defendant in his motion is that prosecutors knowingly used fraudulent testimony to convict him. The defendant frames this

argument as one for upholding the integrity of the court in the face of illegal behavior, and he has filed complaints with the Department of Justice against the prosecutors. A claim by a defendant that the government has used fraudulent evidence against him implicates constitutional rights, since the use of fraudulent testimony by prosecutors violates the due process clause of the fourteenth amendment. *See Giglio v. United States*, 405 U.S. 150 (1972); *Napue v. Illinois*, 360 U.S. 264 (1959).

D.C. Code § 23-110(c) allows a court to vacate a judgment if "there has been such a denial or infringement of the *constitutional* rights of the prisoner as to render the judgment vulnerable to collateral attack" [emphasis added]. As the primary statute dealing with post-conviction constitutional remedies available in the Superior Court, Section 23-110 is clearly the proper mechanism for such a collateral attack, no matter how the defendant has captioned his motion. Because the defendant raises a constitutional claim, the defendant is seeking Section 23-110 relief, and his motion will be decided as a Section 23-110 motion.

### B. Defendant's Claim is Statutorily Barred

The government argues that because the defendant has already filed, and the court has already denied, one Section 23-110 motion that raised the same claims in his current Motion to Vacate a Judgment that was Obtained by Fraud, he is procedurally barred from filing another that seeks similar relief. This argument rests on the well-settled principle that a court need not consider successive petitions that seek relief the court has already denied in prior rulings. *See Vaughn v. United States*, 600 A.2d 96, 97 (D.C. 1991). When, as in *Vaughn*, a defendant files multiple successive petitions for relief, the court is under no obligation to consider such motions. *Vaughn* stands for the proposition that

6

courts have the discretion to protect themselves from needless repetitive petitions. *Id.*
*See also Dantzler v. United States*, 696 A.2d 1349, 1355 (D.C. 1997): ("Controlling
weight may be given to the denial of a prior application for relief on the same ground
[when] that denial [is] on the merits...")

The government is correct that Section 23-110 bars successive petitions.
Specifically, Section 23-110(e) states that "[t]he court shall not be required to entertain a
second or successive petition for similar relief on behalf of the same prisoner." *D.C.
Code § 23-110 (e) (2001).* If the defendant does, in fact, request the same relief from this
court that he has already requested from Judge Milliken, his claim is barred.

The defendant strenuously argues, however, both in his original motion and in his
response to the government's opposition, that his motion raises a new issue and is not a
successive petition. The defendant argues that "no other motion has been filed attacking
this outright fraud." *Petitioner's Opposition* at 11. When he speaks of "outright fraud,"
the defendant refers to his contention that police and prosecutors conspired to use
fraudulent testimony to convict him at trial: "[Defendant] is only asking this Court to
make a Judgment that is owed to this petitioner, that is, whether the false fabricated
testimony influenced this courts [sic] earlier rulings." *Id.*

Contrary to his assertions, however, the defendant's previous petition did contain
a claim of fraud. Judge Milliken addressed this claim, and wrote in his denial, "The
defendant now makes a post-trial motion for judgment of acquittal arguing that SPO
Harris offered false testimony at trial..." Government's Exhibit 2, at 8. Judge Milliken
considered the defendant's claim, but did not find it persuasive, stating, "I again find that
SPO Harris's testimony was credible." *Id.* at 9. Judge Milliken noted that the defendant

7

could have used SPO Harris's words to attempt to impeach him on cross-examination, but that these suppositions "would have been countered by the government." *Id.* at 8. Therefore, the defendant's contention that "this issue of whether fraud was committed to obtain the judgment, has never been raised in any earlier proceedings" is simply incorrect. *Petitioner's Opposition* at 11. Having been litigated once, the claim will not be considered again.

### C. The Defendant is Not Entitled to an Evidentiary Hearing

When a defendant brings a § 23-110 motion, the court shall "grant a prompt hearing [to] determine the issues" unless the record conclusively demonstrates the defendant is not entitled to a hearing. *D.C. Code § 23-110 (c) (2001).* A strong presumption exists for an evidentiary hearing, since such a claim usually involves matters outside the trial record. *See Webster v. United States,* 623 A.2d 1198 (D.C. 1993)(holding that despite the absence of a hearing, the record conclusively showed the defendant was entitled to no relief). However, a hearing is not automatic, despite the presumption. *See Ready v. United States,* 620 A.2d 233, 234 (D.C. 1993)(stating the principle that no hearing is required when the existing record provides an adequate basis for disposing of the motion); *Minor v. United States,* 647 A.2d 770 (D.C. 1994)(holding that the trial court did not abuse its discretion in denying, without a hearing, the second §23-110 motion from the same defendant).

In the instant case, similar to the *Ready* case, a hearing is not required because the record as it stands provides an adequate basis for denying the motion. One need only examine the defendant's previous motions to determine that he has already raised claims

of fraud, claims which are now barred.  Therefore, the strong presumption for an

evidentiary hearing has been overcome.

The defendant's only claim before this court being barred, it is **ORDERED**, that

the defendant's pro se Motion to Vacate a Judgment that was Obtained by Fraud is

denied.

Dated: 11/10/04

John M. Mott
Associate Judge

Copies to:

Wardell Tyree
#08338-007
F.C.I. Allenwood, P.O. Box 2000
White Deer, PA 17887

Robert D. Okun
Chief, Special Proceedings Section
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530

GOVERNMENT EXHIBIT NO. 5

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CRIMINAL DIVISION – FELONY BRANCH**

SUPERIOR COURT OF THE
DISTRICT OF COLUMBIA
CASE MANAGEMENT BRANCH

2005 JUN -6  A 10: 53

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. F-9514-96   FILED |
| | : | Judge John M. Mott |
| v. | : | |
| | : | |
| WARDELL TYREE | : | |

```
┌─────────────────────────────┐
│  GOVERNMENT EXHIBIT         │
│  No. 5                      │
└─────────────────────────────┘
```

### ORDER

This matter comes before the court on the defendant's *pro se* Motion to

Reconsider and/or Modify the Sentence Previously Imposed, filed on April 13, 2005.

The government has not filed a response to this motion. The defendant has raised

numerous issues before this court and the District of Columbia Court of Appeals, which

have been considered and denied, including: ineffective assistance of counsel claims;

evidentiary claims; and claims that the government used fraudulent testimony to convict

the defendant.  Most recently, on January 24, 2005, the District of Columbia Court of

Appeals denied the defendant's appeal of his Motion to Vacate and Set Aside Sentence in

Accordance [sic] D.C. Code § 23-110, affirming the defendant's convictions and the

denial of his post-trial motion.

In this current motion, the defendant again asks this court to modify his sentence

in regards to his burglary convictions.[1] Specifically, the defendant requests this court to

merge the two separate sentences to run concurrently, instead of consecutively, as

ordered by the sentencing judge.  Having considered the defendant's arguments and the

---

[1] A jury convicted the defendant of two counts of burglary and two counts of theft.  Per this motion, the
defendant only requests relief on the two burglary counts, for which he received two consecutively imposed
sentences of five to fifteen years for each count.

*131*

entire record herein, the court concludes that the defendant's Motion to Reconsider and/or Modify the Sentence Previously Imposed must be denied.

In his motion, the defendant argues that the appellate court misunderstood the relief he sought in his appeal.[2] However, even though in addressing the merger question, the appellate court did not specifically consider the defendant's request that his burglary sentences run concurrently, it did address the defendant's previous request to correct or modify his sentence, subsequently affirming the trial court's denial of such request.[3] This court concludes that the defendant's sentence is sufficiently fair and just, that this court does not have to entertain this successive petition to reconsider the defendant's sentence,[4] and that appellate court has affirmed the defendant's sentence in its denial of his appeal.

Accordingly, it is this 1st day of June, 2005, hereby

---

[2] The defendant states in his motion to reconsider:

> [T]hey [the appellate court] believed that this *pro se* petitioner was requesting modification-so that the two burglary convictions merge, when infact [sic], petitioner was only asking that "the sentences merge" or be modified to run concurrently- as one course of continued criminal conduct . . .

[3] The appellate court states in its denial of the defendant's appeal:

> The trial judge did not err in denying Tyree's motion to correct or modify his sentence . . . As to the allegedly excessive severity of his sentence, we note that Tyree had an extensive criminal record, and that
>
> > "[a] total failure" to exercise discretion results where the trial judge incorrectly believed himself bound by a recommendation in a sentencing report, or where he declared he would *never* use the Youth Corrections Act for a particular kind of offense. *United States v. Stoddard, supra*, 180 U.S. App. D.C. at 213, n.20, 553 F.2d 1389, n.20. That phrase is obviously not applicable to a judge's imposition of a statutorily authorized disposition.

[4] See *Vaughn v. United States*, 600 A.2d 96, 97 (D.C. 1991); *see also Dantzler v. United States*, 696 A.2d 1349, 1355 (D.C. 1997).

**ORDERED** that the defendant's Motion to Reconsider and/or Modify the

Sentence Previously Imposed is **DENIED**.

John M. Mott
Associate Judge

Copies to:

Wardell Tyree
#08338-007
F.C.I. Allenwood, P.O. Box 2000
White Deer, PA 17887

Robert D. Okun
Chief, Special Proceedings Section
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530

3

GOVERNMENT EXHIBIT NO. 6



## 𝔇istrict of 𝔠olumbia
## 𝔠ourt of 𝔄ppeals



**No. 05-CO-732**

WARDELL L. TYREE,

GOVERNMENT EXHIBIT

**No. 6**

Appellant,

v.                                                              **F9514-96**

UNITED STATES,

Appellee.

BEFORE:     Schwelb and Glickman,  Associate Judges, and Newman, Senior Judge.

### J U D G M E N T

On consideration of appellee's motion for summary affirmance appellant's *pro se* brief and appellant's "judicial notice" clarification of record, construed as a response to appellee's motion, it

ORDERED that appellee's motion for summary affirmance is granted.  The issues raised in this appeal were raised in a previous motion and the trial court's action was previously  affirmed by this court.  It is

FURTHER ORDERED that the order on appeal is hereby affirmed.

ENTERED BY DIRECTION OF THE COURT:

GARLAND PINKSTON, JR.
Clerk of the Court

Copies to:

Honorable John M. Mott

Clerk, Superior Court

Wardell L. Tyree
Fed #08338-007
U.S.P. Coleman
PO Box 300
Watmart, PA 18472

Roy W. McLeese, II, Esquire
**Assistant United States Attorney**

lw

GOVERNMENT EXHIBIT NO. 7



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CRIMINAL DIVISION – FELONY SECTION

UNITED STATES OF AMERICA,     &#42;
                                &#42;    Criminal No. 1996-FEL-9514
      v.                     &#42;
                                &#42;    Judge John M. Mott
                                &#42;
WARDELL TYREE               &#42;    Closed Case
                                &#42;
     Defendant.              &#42;



GOVERNMENT EXHIBIT
No. 7

### ORDER

     This matter comes before the court on the defendant's motion entitled "Second And/Or Successive Habeas Writ Pursuant To DC Code 23-110," which was dated February 8, 2007 and received in chambers on June 20, 2007. In his motion, the defendant reasserts a number of issues, most of which have previously been addressed by this court. The issues that the defendant raises are set forth and analyzed as follows:

1.   Whether the trial prosecutor improperly withheld the Metropolitan Police Department (MPD) "Property Sheet," which would allegedly show that the key witness for the prosecutor gave false testimony.

      •   The defendant argues that the Property Sheet indicates that a single wallet was recovered from him. At trial, Officer Craig Harris testified that the wallet recovered from the defendant contained money and identification of a student. The property sheet, the defendant alleges, proves that the wallet was his own and that Officer Harris, the prosecutor's key witness, gave false testimony.

      •   The defendant has already raised this issue in his motions entitled "Reconsideration Pursuant to Super,Ct.R.60(b)" (filed 3/6/06) and "Motion to Stay Judgments That Were Obtained by Fraud" (filed 2/26/04).

      •   The defendant alleges that Officer Harris' testimony might have improperly influenced the grand jury, the trial jury, and the trial judge.

      •   In an order dated 11/10/04, Judge Mott dismissed the defendant's assertion that the prosecutor improperly used false testimony to convict the defendant, citing Judge Milliken's 12/17/01 ruling, which found the defendant's claim that Officer Harris' testimony was fraudulent to be incredible.

2. Whether the trial court violated the defendant's double jeopardy rights by sentencing him to two consecutive punishments for conduct that arose from a "continuous criminal episode."

- The court resolved this issue in an order dated 6/1/05, in which the court determined that the defendant's sentence is "sufficiently fair and just."

- The Court of Appeals affirmed the sentence.

3. Whether the trial court violated the defendant's Sixth Amendment right to self-representation by denying the defense attorney's motion to withdraw as well as the defendant's requests to have the defense counsel removed as his attorney.

- The Court of Appeals ruled that the defense counsel, Mr. Signet, was not ineffective. Notwithstanding, the defendant claims that the Court of Appeals never addressed the issue of whether it was improper of the court to "force" him to be represented by an attorney.

- Section 23-110 was not designed to be a substitute for a direct appeal, and any available challenge to a defendant's conviction, not raised on direct appeal, cannot be raised again unless the defendant shows cause for his failure to do so and prejudice as a result. *Head v. U.S.*, 489 A.2d 450, 451 (D.C. 1985). *See Wei Hua Wu v. U.S.*, 798 A.2d 1083, 1089 (D.C. 2002).

- The defendant does not show cause as to why he failed to raise this issue prior to or on direct appeal, particularly where both the trial court and the appellate court ruled that defense counsel was not ineffective. Because this issue was available to the defendant in his direct appeal and he failed to raise it at that time, he is barred from now doing so.

- Even if this issue was not foreclosed, it has no substance or merit.

4. Whether it was proper for Judge Milliken to give the aiding and abetting instructions to the jury where Mr. Tyree's co-defendant pled guilty to aiding and abetting as a principal.

- The defendant, Mr. Tyree, argues that because his co-defendant pled guilty to aiding and abetting, it was improper for Judge Milliken to instruct the jury on aiding and abetting at Mr. Tyree's trial. He contends that he and his co-defendant cannot both be convicted of being aiders and abettors in the same criminal transaction.

- The Court of Appeals held in *Bayer v. U.S.*, that it is not necessary for a conviction of aiding and abetting that the principal's identity be established. 651 A.2d 308, 310 (D.C. 1994). Reversal of a conviction for aiding and abetting is not warranted if there is clear and convincing evidence that the defendant was present and participating in the crime as either a principal or an aider and abettor.

*Id. See also Head v. U.S.*, 451 A.2d 615 (D.C. 1982); *Leonard v. U.S.*, 602 A.2d 1112, 1114 (D.C. 1992); *Bouknight v. U.S.*, 641 A.2d 857 (D.C. 1994); *Mayfield v. U.S.*, 659 A.2d 1249 (1995). Here, the jury convicted Mr. Tyree as an aider and abettor. Thus, reversal is not warranted.

- In addition, all issues should have been raised on direct appeal.

Upon consideration of the above-mentioned issues, the Court on this ___23rd___ day of August, 2007, hereby finds that the defendant has not raised a claim that remains unresolved.

_____
The Honorable John M. Mott
Associate Judge
(Signed in Chambers)

**Copies to:**

Mr. Robert Okun
Office of the United States Attorney
555 4th Street, N.W.
Washington, DC 20530

Wardell Tyree, DCDC # 08338-007
U.S. Penitentiary, Canaan
P.O. Box 300
Waymart, PA 18472

3

GOVERNMENT EXHIBIT NO. 8

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CRIMINAL DIVISION -- FELONY SECTION**

SUPERIOR COURT OF THE
DISTRICT OF COLUMBIA
CASE MANAGEMENT BRANCH

2008 MAR 17 P 12: 12

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| v. | * |
| | * |
| WARDELL TYREE | * |
| Defendant. | * |

Criminal No. 1996-FEL-95114

FILED

Judge John M. Mott

Closed Case

**GOVERNMENT EXHIBIT**
**No. 8**

### ORDER

Upon consideration of the defendant's motion to reconsider its ruling pursuant to Rule 59(e) in the above-mentioned issues, the Court on this _16th_ day of March, 2008, hereby

**DENIES** the defendant's motion for reconsideration, and

**ORDERS** that the clerk of the court not accept any further motions for reconsideration or relief in this case.

**SO ORDERED**.

The Honorable John M. Mott
Associate Judge
(Signed in Chambers)

**Copies to:**

Mr. Robert Okun
Office of the United States Attorney
555 4th Street, N.W.
Washington, DC 20530

Wardell Tyree, DCDC # 08338-007
U.S. Penitentiary, Canaan
P.O. Box 300
Waymart, PA 18472



HALLR 03/17/2008 3:26:36 PM

GOVERNMENT EXHIBIT NO. 9

## District of Columbia
## Court of Appeals

FILED

MAR 19 2008

DISTRICT OF COLUMBIA
COURT OF APPEALS

**No. 08-CO-54**

WARDELL L. TYREE,

                                    Appellant,

        v.                                          **FEL9514-96**

UNITED STATES,

                                    Appellee.



GOVERNMENT
EXHIBIT

## ORDER

On consideration of the notice of appeal filed on January 2, 2008, from an August 23, 2007, order docketed on August 27, 2007, denying appellant's successive D.C. Code § 23-110 motion, this court's February 20, 2008, order directing appellant to show cause, the response thereto, and it appearing that the trial court denied appellant's D.C. Super. Ct. R. 59 (e) motion on March 17, 2008, and it further appearing that no in-court proceedings were held, and therefore, no transcripts are needed for this appeal, it is

ORDERED that this court's February 20, 2008, order to show cause is hereby discharged as this appeal has ripened with the entry of the trial court's March 17, 2008, order. It is

FURTHER ORDERED that a briefing order will be issued upon the filing in this court, by the Clerk of the Superior Court, of the record index and record copies in accordance with D.C. App. R. 11 (b)(3)(A).

                        BY THE COURT:

                        ERIC T. WASHINGTON
                        Chief Judge

Copies to:

Honorable John M. Mott                    Roy W. McLeese, III, Esquire
                                          Assistant United States Attorney
Clerk, Superior Court

Wardell L. Tyree
FR #08338-007
USP - CANAAN
P.O. Box 300
Waymart, PA 18472

lw

GOVERNMENT EXHIBIT NO. 10

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Wardell L. Tyree, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| United States, | ) | |
| | ) | |
| Respondent. | ) | |

**FILED**

JUN - 9 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

05 1149

GOVERNMENT EXHIBIT
No. 10

MEMORANDUM

This matter is before the Court on review of petitioner's *pro se* application for a writ

of mandamus and motion to proceed *in forma pauperis*. The motion to proceed *in forma*

*pauperis* will be granted and the case dismissed for lack of subject matter jurisdiction.

Petitioner seeks a writ of mandamus to compel the Superior Court of the District of

Columbia and the District of Columbia Court of Appeals to perform certain judicial acts. This

Court is not a reviewing court and lacks jurisdiction to compel another court to act. *See* 28

U.S.C. §§ 1331, 1332 (general jurisdictional provisions); *Fleming v. United States*, 847 F. Supp.

170, 172 (D.D.C. 1994), *cert. denied*, 513 U.S. 1150 (1995). Moreover, this Court's mandamus

authority extends only to "officer[s] or employee[s] of the United States or any agency thereof . .

. ." 28 U.S.C. § 1361. A separate Order of dismissal accompanies this Memorandum.

*Roger C. Limbesth*
United States District Judge

Date: 5/25/05

GOVERNMENT EXHIBIT NO. 11

**FILED**

SEP 3 0 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Wardell L. Tyree,                                    )
                                                     )
        Petitioner,                                )
                                                     )
v.                                                   )        Civil Action No.  05-1149
                                                     )
United States,                                       )
                                                     )
        Respondent.                                )

GOVERNMENT
EXHIBIT

**ORDER**

Petitioner moves, pursuant to Fed. R. Civ. P. 60(b), for relief from the final order entered

on June 9, 2005, denying his application for a writ of mandamus.  He also inexplicably seeks to

amend the case caption.  The pending motion presents no grounds for either relief.  Accordingly,

it is this ___27___ day of September 2005,

ORDERED that petitioner's motion for relief from judgment is DENIED.

_____
United States District Judge

GOVERNMENT EXHIBIT NO. 12

# United States Court of Appeals

## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

**No. 05-5392**                                    **September Term, 2005**

05cv01149

**Filed On: June 13, 2006** [973104]

Tyree L. Wardell,
　　　　　Appellant

　　v.

United States of America,
　　　　　Appellee



**BEFORE:**　　Ginsburg, Chief Judge, and Henderson and Garland, Circuit Judges

## O R D E R

Upon consideration of the motion to transfer, it is

**ORDERED** that the motion be denied.  Appellant has not shown a basis for jurisdiction in the United States District Court for the Middle District of Pennsylvania. See 28 U.S.C. § 1631.  It is

**FURTHER ORDERED**, on the court's own motion, that the court will dispose of the appeal without oral argument on the basis of the record and the presentations in appellant's brief.  The court has determined that oral argument will not assist it in this case.  See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j).

**Per Curiam**

GOVERNMENT EXHIBIT NO. 13

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 05-5392**

**September Term, 2005**

05cv01149

**Filed On: June 27, 2006** [976782]

Tyree L. Wardell,
      Appellant

    v.

United States of America,
      Appellee



**GOVERNMENT EXHIBIT**

13

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE**:  Ginsburg, Chief Judge, and Henderson and Garland, Circuit Judges

<u>J U D G M E N T</u>

    This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by the appellant.  It is

    **ORDERED AND ADJUDGED** that the district court's order filed September 30, 2005, be affirmed.  The district court did not abuse its discretion in denying reconsideration of its order denying mandamus relief.  The district court properly dismissed appellant's petition for lack of subject matter jurisdiction because the district court's mandamus authority extends only to federal officers or agencies under 28 U.S.C. § 1361.  To the extent the petition sought federal habeas relief, appellant may not challenge his District of Columbia conviction in federal court unless his remedy under D.C. Code Ann. § 23-110(g) is inadequate or ineffective to test the legality of his detention.  See, e.g., Blair-Bey v. Quick, 151 F.3d 1036, 1042-43 (D.C. Cir. 1998).  The § 23-110 remedy, however, is not considered inadequate or ineffective simply because the requested relief has been denied.  See Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir.), cert. denied, 479 U.S. 993 (1986).  Aside from federal habeas review, federal district courts generally lack jurisdiction to review or modify the judicial decisions by state and District of Columbia courts.  See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923); Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 125 S. Ct. 1517, 1521-22, 1526 & n.8 (2005) (The Rooker-Feldman doctrine is applicable to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.").

# United States Court of Appeals

### For The District of Columbia Circuit

————

No. 05-5392                                September Term, 2005

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  <u>See</u> Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**<u>Per Curiam</u>**

GOVERNMENT EXHIBIT NO. 14

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 05-5392**                          **September Term, 2006**

05cv01149

**Filed On: October 2, 2006** [995066]

Tyree L. Wardell,
　　　　　　Appellant

　　v.

United States of America,
　　　　　　Appellee



**BEFORE**:　Ginsburg, Chief Judge, and Henderson and Garland, Circuit Judges

### <u>O R D E R</u>

Upon consideration of appellant's petition for rehearing filed July 12, 2006, the motion to stay the mandate, and the supplement thereto, it is

**ORDERED** that the petition and motion be denied.

### <u>Per Curiam</u>

　　　　　　　　　　　　　　　　**FOR THE COURT:**
　　　　　　　　　　　　　　　　Mark J. Langer, Clerk

　　　　　　　　　　BY:

　　　　　　　　　　　　　　　　Deputy Clerk/LD