UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WARDELL L. TYREE | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 07-2019 (EGS) |
| CAMERON LINDSAY, | ) | |
| Respondent. | ) | |

ORDER

Pending before the Court is the respondent's motion to dismiss, which may be converted to a motion for summary judgment. Petitioner, who is proceeding pro se, is advised of the following.

In Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988), the Court of Appeals held that a district court must take pains to advise a *pro se* party of the consequences of failing to respond to a dispositive motion. "That notice... should include an explanation that the failure to respond...may result in the district court granting the motion and dismissing the case." Id. at 509. In addition, the Court's local rules state that "[w]ithin 11 days of the date of service or at such other time as the court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion [or] the court may treat the motion as conceded." Local Civil Rule 7(b).

In Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992), the Court of Appeals stated that the district court must inform *pro se* litigants that, on a motion for summary judgment, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing

party] submits his own affidavits or other documentary evidence contradicting the assertion." Id. at 456 (quoting Lewis v. Faulkner, 689 F.2d 100, 102 (7th Cir. 1982)). It also specified that the "text of Rule 56(e) should be part of the notice" issued to the *pro se* litigant. Id. That rule states as follows,

> (1) In General. A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.
>
> (2) Opposing Party's Obligation to Respond. When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e). Thus, parties, such as Wardell L. Tyree, who are adverse to a motion for summary judgment must rebut the moving party's affidavits with other affidavits or sworn statement; simple allegations that the moving party's affidavits are inaccurate or incorrect are not sufficient. For these purposes, a verified complaint may serve as an affidavit. See Neal, 963 F.2d at 457-58. Accordingly, it is

ORDERED that the petitioner shall respond to the respondent's motion by **June 2, 2008**. If the petitioner does not respond within the time provided, the Court will treat the motion as conceded and, if the circumstances warrant, may summarily dismiss the petition.

DATE: April 24, 2008                    SIGNED:    EMMET G. SULLIVAN
                                                   UNITED STATES DISTRICT JUDGE