UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RECEIVED**

MAY - 2 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

WARDELL L. TYREE,
     Petitioner,

Vs.

CAMERON LINDSAY, Warden
     Respondent,

   \* \* \* \* \* \* \* \* \*

Civil Action No:07-2019
(E.G.S.)
2254 Habeas Petition

---

"Judicial Notice To The U.S. District Court"
Temporary Lack Of Jurisdiction Over The Subject Matter

**AND**

Petitioner's Traverse Response To The AUSA's False And
Mis-statements Of Material, And Jurisdictional Facts

Comes Now, this Pro-se Petitioner, Wardell L. Tyree, as he respectfully submitts this "Judicial Notice" in an urgent attemp to notify this U.S. District Court that it temporarily lacks jurisdiction over the subject matter and/or issues raised in the Pro-se filed 2254 Habeas Corpus Petition that was transferred to this court, from the Middle District of Pennsylvania.

    The want of jurisdiction, is a direct result of **a lack of a final ruling or judgment on the Pro-se Amendment, presented to the State Court, on direct appeal...in the DC Court Of Appeals.** The DC[Superior] Court Of Appeals has to first rendered a judgment or ruling on the merits of the issues in the 2254. And it is those same issues **that are still pending now before the DC Court Of Appeals, No:08-CO-54,** also see the AUSA's Response Motion filed on 4/21/08, at page 8.

Repeatedly, in the cases of <u>Dumonde Vs. Drew</u>, DC.DC. April 10/2007, and in <u>Banks Vs. Smith</u>, DC.DC. No:04-903 (RCL) 377 F.Supp.2d. 92 (2005) and again in <u>Johnson Vs. Ridley</u>, DC.DC No:90-1767 (1992) (J.G.P.) this court has stated that an applicant for a habeas petition pursuant to 2254 must exhaust the remedies available in the State's highest Court first, before federal jurisdiction can be had over the particular subject matter. 28 U.S.C. 2254 (b)(1)(A), <u>Banks Vs. Smith</u>, supra.

Secondly, this "Judicial Notice" is to notify this U.S. District Court that the AUSA (Joan Draper) has made several major false mis-statements of material fact that bear direct upon this court's jurisdictional authority to entertain this habeas matter, and it is imperative that she be reminded that candor and ethics still play a pervasive role in seeing that justice is served. And that may well take some of the unnecessary strain off of judicial resource that she has repeatedly complained about.

With that being said, it should be duly noted that this Pro-se Petitioner **"has never** before attempted to have this U.S. District Court **review his DC Superior Court conviction"** as it is falsely stated on the front page of the AUSA's mis-leading Response Motion filed on 4/21/2008.

The only writ ever previously filed in this U.S. District Court by this Pro-se Petitioner was **"a Writ Of Mandamus"** No:05-1149. A Writ Of Mandamus under title 28 U.S.C. 1361 **is not designed to force review of a conviction**. It was drafted as a means to compel a Federal Officer/and or employee to do a specific duty owed to the Plaintiff or movant. To suggest otherwise, would be non-sequitur and plainly fatuous.

The sole purpose of filing that writ of mandamus was to ask Judge R.C. Lamberth and Collen Kollar-Katelly to compel the federally appointed, article I employees on the DC Court Of Appeals, to adhere to their own Court Order, that they-them-selfs had issued on March 24/2004, and then later reneged on their promise [to adjudicate, and or rule on **all the issues** in both, the Pro-se Appellant Brief, and the issues in the Pro-se Amendment-to that brief] .

---

While the DC Court Of Appeals did surreptitiously spin some of the issues raised in the  Pro-se Appellant Brief [by giving extraneous answers]  that Court completely overlooked /or evaded the entire Pro-se Amendment .....and it is those same issues that are now the subject of the 23-110 motion-the 59(e) and its Supplement that are again pending before the DC Court Of Appeals in case No;08-CO-54.

Until the issues in the Pro-se Amendment have been adjudicated on their merit, by the DC Court Of Appeals, this U.S. District Court lacks jurisdiction over the subject matter, according to <u>Banks Vs. Smith</u>,supra, and <u>O'Sullivan Vs. Boerckel</u>, 526 US. 838 (1999) and 2254 (b)(1)(A). Hence this court should either hold this 2254 in abeyance, **as previously requested,** or dismiss it <u>**without prejudice,**</u> to be reopened...after the now pending appeal in the DC Court Of Appeals case No:08-CO-54.

Petitioner's Traverse Response
To The AUSA's Response Motion

According to the U.S. Supreme Court in <u>Middleton Vs. M<sup>c</sup>Neil</u>, 158 L.Ed.2d.701 (2004) 28 U.S.C. 2254 (a)(1) generally privides that a Federal Court may grant habeas relief to a State Prisoner on "Federal Constitutional Claims" if a State Court's prior adjudication of the claims was contrary to, or involved an unreasonable application of clearly established Federal laws on the same issues, as determined by the U.S. Supreme Court. Also see the U.S. Supreme Court's holding in <u>Lackawanna County Vs. Coss</u>, 532 US. 394 (2001) wherein Coss filed a petition for a writ of habeas corpus under 2254 (a) claiming that his convictions were constitutionally invalid, and that he was in custody in violation of Federal Constitution, and laws and treaties of the United States.

Here, in the instant case, this District Of Columbia State Prisoner also seeks a federal form to test the constitutionality of the State Court's judgment and or ruling on the constitutional issues, and to test the State Court's unreasonable application of U.S. Supreme Court laws and treaties of the United States......This is not an actual challenge to the State Court's conviction per-se, it is a challenge to the States Courts application of Federal Constitutional laws, and their unreasonable application thereof, as determined by the U.S. Supreme Court...only then can the conviction stand.

This Pro-se Petitioner vehemently arues that the State Court's judgment on most of his constitutional violation claims were decided inconsistently with federal laws on the same issues, and the State Court's application of due-process, and interpretation of U.S.Supreme Court laws are wholly unreasonable and invalid such that the judgments violate the federal constitution, and same of the States Court's rulings are even inconsistent with their own prior rulings on the exact same issues, and that mandates federal review.

Finally, the Petitioner **does not argue whether the local remedy under 23-110 is inadequate or ineffective or not**..... Indeed, the appeal that is still pending in the DC Court Of Appeals, is part of, and related to Petitioner's use of the 23-110 process. In short, the rule 59(e) motion, and its Supplement are the same issues that were raised in the Second & Successive 23-110 Motion, and Judge J.M. Mott, in the Superior Court--again---refused to answer the question of whether the trial judge's refusal to properly instruct the jury, and then supplanting his determination of what a properly instructed jury would have decided...violated petitioner's jury trial rights......

the alleged "cure" was no "cure" at all...it was a usurpation of the function of the jury,,,still the question has gone un-answered for nearly ten years. The sooner we get a ruling on the merits of the constitutional claims...as raised, I promise Ms Draper, I will no longer need to seek justice, for it will be served.

Respectfully Submitted
by *Wardell L. Tyree* #08338007
U.S.P. Canaan. P.O. Box 300
Waymart. P.A. 18472

I *W.L. Tyree* Certify that a true Copy Of this "Judicial Notice" & Response was mailed, postage pre-paid, to the AUSA, Joan Draper, at 555. 4th Street N.W. Washington DC 20001, on this date of 4/28/2008.

I *W.L. Tyree* certify that the herein written is true and correct pursuant

EXHIBIT NO. 1

DISTRICT OF COLUMBIA
COURT OF APPEALS

WARDELL L. TYREE,
      Petitioner,

    Vs.

UNITED STATES OF AMERICA,
      Respondent,

\*
\*
\*
\*
\*
\*
\*
\*

Appeals No:98-CF-1301
Consolidated No:02-CO-027
Decided 1/24/2005
Panel, Schwelb, Washington,
Senior Judge: King

APPLICATION SEEKING PERMISSION TO FILE
" A SECOND OR SUCCESSIVE MOTION PURSUANT TO DC CODE 23-110 "


      Comes Now, This Pro-se Petitioner, Wardell L. Tyree #08338-007 whom, in the interest of justice, and to preserve the integrity of this Appellant Division, now seeks permission to file, in the DC Superior Court, "a Second Or Successive 23-110, to raise issues in the lower Court, that were <u>presented and inadvertently overlooked by this Division on "Direct Appeal</u>" in the above caption.

In accordance with the U.S. Supreme Courts Precedent cited in the cases of <u>Johnson Vs. California</u>, 158 L.Ed.2d. 696 (2004) and <u>Rhines Vs. Weber</u>, 125 S.ct. 1528 (2005) the Federal U.S. District Court has "Ordered" this Petitioner to return to this Appellant Division or to the Superior Court to exhaust all the issues that were inadvertently overlooked or not addressed on the merits on "direct appeal", as it does appear to the Federal Court that "the entire **Amendment**" to the Pro-se Brief, and portions of the "Pro-se brief it self", filed on the **direct appeal** in the above caption was indeed overlooked, and this Appellant Divisions "Memoradam Opinion And Judgment" dated January 24th/2005 makes no mention of the issues presented in that **"Amendment"** and this Court's Opinion is silent on a few of the Constitutional issues presented in the Pro-se brief its self. Further, where there is an **exclusion of the "Amendement"** or the issues presented in the Pro-se brief previously presented, it violates this Appellant Division's own "Order" date March 24/2004.

Specifically, the "Pro-se Brief and its Amendement" that this court agreed to adjudicate, raised these Constitutional issues that were left without a ruling on the merits that would satisfy the Federal Courts requirement for exhaustion.

(1) The issue of "Plain Error" in the Courts "Failure To Properly Instruct The Trial Jury as required by Franklin Vs. U.S. 392 A.2d. 516 (DC.App.) and Milanovich Vs. U.S. 365 US. 551, and the holding in Sullivan Vs. Louisiana, 508 US. 275. [This issue was presented in the "Amendement,page 2]

(2) The denial of due-process that resulted from the U.S. Attorneys use of "inconsistent-conflicting factual theories fabricated to convict multple defendants of the same crime-in separate proceedings" as stated in the cases of Thompson Vs. Calderon, 120 F.3d. 1045 (9th.Cir.1997) Smith Vs. Groose, 205 F.3d. 1045 (8th.Cir.2000) U.S. Vs. Kattor, 840 F.2d. 118 (1st.Cir.1988) Stumf Vs. Mitchell, 367 F.3d.594 (6th.Cir.2004) Stumf Vs. Bradshaw, U.S. Supreme Court No:04-637. (Pro-se Brief pages 25, 42, and 46)

(3) Although this Appellant Division did address "the denial of a New Trial based on newly discovered evidence, that this court claims could have been discovered before trial.."in exercise of reasonable diligence" by the defense attorney....that this petitioner is complainting about, Still this Court overlooked the more important issue of the Prosecutor's obligation to disclose the requested information, and in so doing, this court also ignored the clear violate of the U.S. Supreme courts admonition in Giglio, 405 US. 150 (1972) Agurs, 427 US. 97 (1976) Bagley, 473 US 667, and Banks Vs. Dretke, 540 U.S. 668 (2004) In short, this Court overlooked the fact that a Brady or Giglio violation does not revolve around the ineffective defense attorneys lack of reasonable diligence in obtaining the witheld evidence that was material, and clearly exculpatory.

(4) Further, this Appellant division never addressed the apparent and pervasive "irreconcilable conflict issues that caused the defense attorney to not exercise the normal professional diligence in obtaining the witheld evidence before trial, as he was made aware that the Metropolitan Police Department Property Sheet did exist, and that it

-2-

.........was in the Governments possession, and that it clearly contradicted the Prosecutor's key-winesses testimony about which wallet that I possessed, and it was material to my guilt or innocence. This Appellant Division did not address the issue of whether the trial Judge violated My right to self-representation by forcing me to go to trial with an attorney who did not want to represent me, and whom I asked to be removed on several occassions.
Nor did this Court address the issue of whether this irreconcilable conflict caused the reluctant defense attorney to (1) claim to have lost the exculpatory letter written by the alleged Co-dfendant, (2) refuse to cross-examine the Governments Key-witness as to why he was forced to resign as a Special Police in relation to this case,(3) or whether the irreconcilable conflict caused the defense attorney to not call to the witness-stand-his clients only witness-who had been subpoenaed to give direct testimony as to who committed this burglary. (4) nor did this Appellant division address the issue of whether this clear conflict caused the ineffective defense attorney not to object to the trial judge making determinations of guilt or innocence at a jury trial/which clearly violates the Sixth Amendment, as he did on Feb,23rd/1998, page 53. (5) or whether this irreconcilable conflict caused the Attorney not to object to the "plain error" of the trial judge's refusal to properly instruct the jury with the instructions "mandated" by the U.S. Supreme Court in <u>Milanovich</u> and <u>Franklin</u> supra. See the Pro-se Amendment @ page 2, and the issue of irreconcilable conflict in the Pro-se Brief @ page 42 # 7

(5)  The issue of double punishment, and whether the U.S. Supreme court's <u>Blockburger Test was violated</u> is completely left unexhausted . The consolidated appeal No:02-CO-027 encompassed a 23-110 Motion, therein claiming that this Court, and the lower court violated the U.S. Supreme Courts holding in <u>U.S. Vs. Blockburger</u>, 284 U.S 299 (1932) and this Courts own holding in <u>Thorne Vs. U.S</u>. 471 A.2d. 247 (DC.App.) One single unlawful entry, and two consecutively imposed sentences under the burglary statute, and two consecutively imposed sentences under the Theft statute is a clear violation of the <u>Blockburger Test</u>

-3-

..........where both burglaries contain the same elements as the other, and both Theft convictions contain the same elements, and the Petitioner was punished twice under each statute, all consecutively to each other, all for one single unlawful entry with intent to commit a crime therein.

All of the above issues were previously presented and completely overlooked, and never addressed/or ruled upon on the merits. The Federal Court has returned this Petitioner to the "State Court" level to have this issues exhausted on the merits before Habeas jurisdiction will attach, in accordance with Johnson Vs. California 158 L.Ed.2d. 696 (2004) and Rhines Vs. Weber, 125 S.ct. 1528 (2005).

Wherefore all of the herein written reasons inter-alia, this petitioner prays that in the interest of justice, this Appellant Division allow the lower court to adjudicate the issues that were brought to this Appellant Division and inadvertently overlooked and left unexhausted on the merits, for these issue are of a constitutions constitutional magnitude that if not corrected, would constitute a complete miscarriage of justice, and pervasively affect the integrity and public reputation of our Court system.

Respectfully Submitted
by *Wardell L Tyree* #08338-007
U.S. Penitentiary, Canaan. P.O. Box 300
Waymart. P.A. 18472
On this date of 7/7/2006.

I *W. L. Tyr* certify the the herein written is true and correct pursuant to title 28 U.S.C. 1746.

EXHIBIT NO. 2

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

Felony Branch / Criminal Division

WARDELL L. TYREE
          Petitioner,         \*
                              \*
                              \*
       Vs.                  \*       Judge: J.M. Mott
                              \*
UNITED STATES OF AMERICA,     \*
          Respondent,        \*
                              \*

---

Second And/Or Successive
Habeas Writ Pursuant To DC Code 23-110

Comes Now, this Pro-se Petitioner, Wardell L. Tyree # 08338-007 a DC

Superior Court prisoner, No:F-9514-96, housed in the Federal Penitentiary,

Canaan, in Waymart. P.A.

Under a "Federal Court Order" issued by"a U.S. District Court Judge"

in this Middle District Of Pennsylvania, on April 4th/2006, this Petitioner

was "Ordered" to return to this "State Court" to have these issues

addressed and or adjudicated on their merits. see exhibits 1 here attached.

These issues were earlier raised and present to a Panel of Judges in

the Appellant Division of this Court on "direct appeal", and by Court Order

dated March 24/2004  the Court agreed to adjudicated all the issues raised

and presented in the Pro-se Brief and its Amendment, along with the Counseled

Brief, see the Appellant Courts Order attached @ exhibit 1.

However, contrary to the Courts own Order, the entire pro-se Amendment

on direct appeal was inadvertently overlooked by the panel of judges in

case number No:98-CF-1301....consolidated number 02-CO-27.

Because the Appellant Division never review, adjudicated, or made any

summary judgments or rulings on any of these issues, the cause is now being

presented at the trial Court level for summary review on the merits.

First, it shall be duly noted that this Pro-se Petitioner has already filed an "Application Seeking Permission To File This Second and or Successive Writ under DC Code 23-110".....and that request was made to Chief Judge Annice Wagner of the Appellant Division, see the "Application" here attached @ exhibit 1.

Further, according to the District Of Columbia's Bill Of Rights" article 1, section 15. this Writ "Shall be available" at all times, successively, and without limits in all cases of unlawful detention, conviction or sentencing whether or not the Petitioner is in custody.

Procedural Histroy
Materal Facts Of The Case
As Supported By The Records

On October 30th/1996, this Petitioner, and an alleged Co-defendant (Kenneth McKan ) were arrested in a quasi Public Parkinglot, on the Campus of American University in the District Of Columbia.

On December 16th/1996, A Grand Jury returned a Six Count Indictment Charging two Counts of second-degree Burglary, DC Code 22-1801, two Counts of second-degree Theft DC Code 22-3812and two Counts of Receiving Stolen Property DC Code 22-3832against both, this petitioner and the alleged Co-defendant (Kenneth McKan ) .

On January 27th/1997, before the Honorable Judge N.A. Kramer, in Court-room 311, the alleged Co-defendant, Mr. McKan, was allowed to enter a Plea agreement with the Government "as the aider and abettor" of the charged offenses, if he(McKan) would implicated this Petitioner "as the Principle offender". see Jan,27th Transcripts, pages 1-5    No:F-9513-96 @ exhibit 2 .

In exchange for his Plea, and pointing the finger at this Petitioner as the Principle Offender, the Government dropped three of the six counts against McKan in this case, plus two counts of the same conduct in another case that he had pending in this Court, and Judge Kramer sentenced McKan

-2-

to only 40 months to 15 years, and recommended that he be placed in a drug treatment program, see exhibits 2, also see pages 11-16..wherein..the..Judge excepted McKan's Plea, and excepted the factual basis for the Plea ....**as the aider and abettor.**

This Petitioner's trial did not commence until one year and 17 days after Judge Kramer had excepted McKan's plea as the aider and abettor.
On Feb,13th/1998 in courtroom 311, before Judge S.G. Milliken, this petitioner asserted his right to remain silent, and to make the Government prove, beyond any reason to doubt, each and every element of the charged offenses, and prove every accusation alleged.

It was on Feb,13/1998 that this petitioner was informed that he would be "tried as the principle offender in this case, because Judge Kramer had already excepted...as true..Mr McKan's Plea as the aider and abettor. it was also in Febuaruy of 1998 that this petitioner learned that his trial attorney (Paul Signet) had not informed petitioner about McKan's Plea or the factual basis upon which the Plea was allegedly excepted.

This action on part of my trial attorney created a serious trust issue and it destroyed any chance of a Attorney/Client Relationship, and the records will show that this petitioner was forced to continue trial with an Attorney whom he was clearly having an irreconcilable conflict with, and it was clear that the attorney did not want to represent this petitioner. After being informed about McKan's Plea and the basis that it was excepted, this petitioner knew that the Government would have to prove...beyond [a] reasonable doubt, that this petitioner [e]ntered the Dormitory on the Campus of American University...while harboring the specific intent to commit a crime therein or (2) that this petitioner simply Received or possessed recently stolen property that came from inside the dormitory [a wallet] belonging to a student.....

During the 7 day trial, the Government learned, and openly conceded, that there was no eyewitness to place this petitioner or McKan in-side the dormitory as it was earlier alleged to the Grand jury and to Judge N.A. Kramer at the preliminary hearing held November 5th/1996, also see the trial transcripts, pages 25, 46-47 @ exhibit 3 .

Further, the government learned during trial that Mr. McKan had written a letter to recant his earlier statements that were given to Judge Kramer at his Plea hearing.  letter here attached @ exhibit 3.

Thereafter, during Summations to the jury, the Asistant U.A. Attorney Prosecuting the case admitted to the fact that he could not prove that this petitioner actually [e]ntered the dormitory or either of the rooms therein... However, unlawful as it was, the Prosecutor urged the jury to **infer or guess on the essential element of the crime** [entry by the accused] ...

Further, the Prosecutor was allowed to unlawfully tell the jury that they may infer the element of Burglary (entry by the accused) from the "alleged" possession of recently stolen property that came from inside of the Campus dormitory .....drawing an inferance from an "alleged" fact, not yet proven, and the jury was told that they could simply convict this petitioner as an accomplice or "an aider and abettor" to Mr. McKan.....the man who had already been convicted as the "aider and abettor" in this case....

Worst, is the fact that Judge Milliken gave the jury the "402 instructions" on aiding and abetting while knowing that Judge Kramer had already excepted McKan's Plea as the "aider and abettor" in this case, and excepted his factual basis  for that Plea as true and convicted him accordingly.

As a matter of law, we both can not be convicted as "aiders and abettors", one of us has to be the Principle Offender in this case, and it has to be proven beyond a reasonable doubt that one of us [entred] unlawfully the dormitory.

-4-

And most important is the fact that the Prosecutor can not ethically Flip-Flop on the factual basis of a case or theory to eliminate or circumvent the **necessity** of proving **all the elements** of the charged offense .....[entry be the accused] The Bill Of Rights guarantees vigorous adversarial testing of guilt and innocence and a conviction can be had only upon proof beyond a reasonable doubt of every element of the charged offense, and these guarantees should be more than sufficient to deter the Prosecutor from taking inconsistent position, see Stumpf, 162 L.Ed.2d. @ 157 (2006) ..

Further, the Prosecutor should not have been allowed to tell the jury that they may convict this petitioner...**if he does not give a reasonable explaination** for the alleged possession of recently stolen property, especially where this petitioner had choosen to remain silent during trial and had choosen not to take the witness stand,

Guilt can not be inferred or drawn from the right to remain silent, see Carter Vs. U.S. 522 F.2d. 666 (DC.Cir. 1975) . Also see Feb,23 trans, pages 21-22 wherein the Prosecutor told the jury that petitioner should give a reasonable"explaination" as to why I possessed property [ that I never had] .

On Feb,23, after deliberations, this petitioner was found guilty by the jury of two counts of Second degree Burglary and two counts of Second degree Theft, and two counts of Receiving Stolen Proerty, see the jury verdict form here attached @ exhibit 4.

Because Judge Milliken "failed to properly instruct the jury" as is mandated by the U.S. Supreme Court's decision in Milanovich Vs. U.S. 365 US 551, 5 L.Ed.2d. 773 (1961) and is mandated by this Court's own Appellant Divisions Precedent in Franklin Vs. U.S. 382 A.2d. 20, (1978) and again in Franklin II @ 392 A.2d. 517 (DC.App.) this Petitioner was unlawfully pronounced guilty of every offense charged on the indictment, wholly inconsistent with this court's own Prior rulings on this same issue.

-5-

QUESTIONS PRESENTED

1. Did the trial Judge violate this Petitioner's Fifth and Sixth Amendment rights when the Judge "failed to properly instruct the jury" and then supplanted his determination for which charges the jury would have dismissed **if he had not failed to properly instruct them before their deliberation.**

2. After "failing to properly instruct the jury" as is mandated by this Court's Appellant Division, and the U.S. Supreme Court's admonition, did the Judge's unilateral so-called remedy usurp the function of a properly insturcted jury ? and violate the U.S. Supreme Courts holding in Milanovich and in Sullivan Vs. Louisiana, 508 US 275 ??

3. Was it "Plain Error" to give the "402 Aiding And Abetting Instructions" to the jury in this Petitioner's trial, where the trial Judge clearly knew that the Court had already excepted the alleged Co-defendant's factual basis for his Plea....as the aider and abettor in this case.

4. Is the Fifth and /or Fourteeth amendments due-process violated by allowing multiple convictions-at separate proceedings of Co-defendants, where the "same Prosecutor" Flip Flops on the factual basis, and Flip Flops on his theory of who is the Principle Offender, and who should be convicted as the aider and abettor...Flip Flopping to eliminate/or circumvent the necessity of proving beyond a reasonable doubt, **all the elements of Burglary** [entry by the accused],??,,violates the holding in Stumpf, 162 L.Ed.2d.@ 157.

5. Did the sentencing Judge violate the Fifth and/or Fourteeth amendments guarantee against "double jeopardy & double punishment" test established by the U.S. Supreme Court in the case of Blockburge Vs. U.S. 284 US. 299 (1932) by imposing two consecutive punishments for violating the same Statutes...22-1801 (b) 5 to 15 years/plus 5 to 15 years consecutively for the second count under 22-1801 (b) where the conduct arised from one continuous criminal episode. where criminality never ended, and there was no intervening arrest.

6. Did the Prosecutor violate the U.S. Supreme Court's holding in Giglio Vs. U.S. 405 US 150 (1972) Agurs Vs. U.S. 427 US 97, or Bagley,@ 473 US 667 by witholding the M.P.D. "Property Sheet" which clearly showed that the Prosecutor's key-witness had repeatedly lied to the jury on a material point [how many wallets were in this petitioners possession at the time of arrest] see page 106. exhibit 5. **also the key-witnesses continued false identification** statements @ exhibit 5.

-6-

7.  **Finally,** the Appellant Division never addressed the issue of whether
<u>the Trial Judge Violated This Petitioner's Sixth Amendement rights to
self representation</u> where the record clearly  shows that the Court Appointed
Attorney did not have this petitioner's consent to represent him, and where
it was clear that the Attorney wanted to withdraw, and it was likewise clear,
before, during, and after trial that an irreconcilable conflict existed
between this petitioner and the Court-forced Attorney......
In Short, there was no Attorney/Client relationship at all.
The relationship before, during, and after trial was only seconds short of
a fist fight, and the Judge would not remove him, even after I repeatedly
told the Judge that I did not want to go to trial with Mr. Signet representing
me. The Appellant Division simply ruled that Signet was not ineffective.
But the Appellant Division never adressed <u>the issue of whether the Judge</u>
over stepped his authority be forcing an Attorney to represent a defendant
where the defendant refused to give consent to the Court-forced representation.


CONCLUSION

All of the above mentioned issues  <u>the Appellant Court agreed to adjudicate</u>,
see the court's  "Order" dated March 24th/2004. here attached @ exhibit 1.
These issues were fairly presented "on direct appeal" in the Pro-se Brief
and in its Amendment, however, oral arguments were had,  and these issues
were inadvertently overlooked hence no summary judgments on the merits or
rulings on these issue have been made, and that is the reason that the
U.S. District Court, in the Middle District Of Pennsylvania has "Ordered"
this petitioner to return to this Court/or the Appellant Division to fully
and completely exhaust these issues so that Federal review of the merits
can be had in a Petition for Writ Of Habeas Corpus under title 28 U.S.C.
2254 in that Court, which has been "Stayed" until the outcome of this Court's
review and rulings on the merits of these issues.
It is for all of these reasons/ and the reasons as earlier presented to
the Appellant Division in the Aplication Seeking Premission To re-file,
this Writ pursuant to DC Code 23-110 should be granted or an evidentiary
hearing should be held in the interest of justice.


Respectfully Submitted
by *Wardell L. Tyree* 08338-007
U.S. Penitentiary, Canaan. P.O. Box 300
Waymart. P.A.  18472.

-7 of 8

CERTIFICATION OF SERVICE

I _Wardell Tyne_ Certify that a true copy of this Second and Seccessive Writ Pursuant to DC Code 23-110 was mailed, postage pre-paid, to the Office of the Assistant U.S. Attorneys , at 555. 4th, Street. N.W. Washington DC 20001, on this date of _1/24/07_

I _W. L. Tyree_ Certify that the herein written is true and correct pursuant to title 28 U.S.C. 1746.

_____

cc to
Chief Judge: DC Court Of Appeals
U.S. District Court For The Middle District Of Pennsylvania
235. North Washington Avenue. Scranton, P.A. 18501-1148
Superior Court Judge: J.M. Mott.

-8-

*District of Columbia*
*Court of Appeals*

Nos. 98-CF-1301 & 02-CO-27

WARDELL L. TYREE,

     v.

Appellant,

UNITED STATES,

F9514-96

Appellee.

FILED
MAR 2 4 2004
DISTRICT OF COLUMBIA
COURT OF APPEALS

BEFORE:   Schwelb and Reid, Associate Judges, and Kern, Senior Judge.

## ORDER

On consideration of the motion of counsel for appellant for permission to file appellant's *pro se* brief, in addition to the one to be filed by counsel, or in the alternative, to withdraw, it is

ORDERED the motion is granted, to the extent that counsel shall, within 15 days from the date of this order, file both counsel's brief, not to exceed 50 pages, and the *pro se* brief of appellant, not to exceed 59 pages. The brief of appellee shall be due 30 days thereafter.

PER CURIAM

Copies to:

David C. Gray, Esquire
4521 Sangamore Road, # 203
Bethesda, MD 20816

John R. Fisher, Esquire
Assistant United States Attorney

jb

I Would have Never given this attorney consent to represent my interest in this appeal - if the court had not When along with this agreement.

"after I gave consent" to the attorney
The Court has refused to keep with this agreement