# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WARDELL L. TYREE, | § | |
|     Petitioner, | § | Civil No: 07-CV-2019 |
| | § | Judge: E.G. Sullivan |
| Vs. | § | |
| | § | |
| CAMERON LINDSAY, Warden. | § | |
|     Respondent, | § | |

From, The Pro-se Petitioner, Wardell L. Tyree # 08338-007
    U.S.P. Canaan. P.O. Box 300, Waymart. P.A. 18472

To, The Honorable Clerk, Chambers of The Honorable Emmet G. Sullivan,
    U.S. District Court Judge, 333 Constitution Ave, N.W. Wash. DC 20001

Re, Dear Clerk, due-to the lack of finance, the here attached exhibits -3-
    were not included with my Response Motion mailed to this court on 4/28/08.

Please file these exhibit as a part of the Response Motion for they imperative to my efforts to have this case "Stayed In Abeyance" until the out-come of the proceeding now taking place in the DC Court Of Appeals case No:08-CO-54.

As always, Your assistance in this matter, is deeply appreciated, as I do Thank You, in advance.

                        Respectfully Submitted
                        by *Wardell Tyree* # 08338-007
                        On this date of May 2/2008

EXHIBIT-3

# District of Columbia
# Court of Appeals

```
F I L E D
MAR 19 2008
DISTRICT OF COLUMBIA
COURT OF APPEALS
```

No. 08-CO-54

WARDELL L. TYREE,

                          Appellant,

                                                       FEL9514-96

v.

UNITED STATES,

                          Appellee.

## ORDER

      On consideration of the notice of appeal filed on January 2, 2008, from an August 23, 2007, order docketed on August 27, 2007, denying appellant's successive D.C. Code § 23-110 motion, this court's February 20, 2008, order directing appellant to show cause, the response thereto, and it appearing that the trial court denied appellant's D.C. Super. Ct. R. 59 (e) motion on March 17, 2008, and it further appearing that no in-court proceedings were held, and therefore, no transcripts are needed for this appeal, it is

      ORDERED that this court's February 20, 2008, order to show cause is hereby discharged as this appeal has ripened with the entry of the trial court's March 17, 2008, order. It is

      FURTHER ORDERED that a briefing order will be issued upon the filing in this court, by the Clerk of the Superior Court, of the record index and record copies in accordance with D.C. App. R. 11 (b)(3)(A).

                                                               BY THE COURT:

                                                               ERIC T. WASHINGTON
                                                               Chief Judge

Copies to:

Honorable John M. Mott                           Roy W. McLeese, III, Esquire
                                                                   Assistant United States Attorney

Clerk, Superior Court

Wardell L. Tyree
FR #08338-007
USP - CANAAN
P.O. Box 300
Waymart, PA 18472

lw

District Of Columbia
Court Of Appeals

| | |
|---|---|
| Wardell L. Tyree, ) | |
|    Petitioner-Appellant, ) | Criminal No:F-9514-96 |
| ) | (J.M.Mott) |
| Vs. ) | Pending 59(e) Motion & |
| ) | Suplement Thereto |
| United States Of America, ) | |
|    Respondent-Appellee, ) | |

" Docketing Statement "

To, The Honorable Clerk, District Of Columbia Court Of Appeals
    500 Indiana Avenue. N.W. Washington DC 20001

From, The Pro-se Appellant, Wardell L. Tyree # 08338-007, a DC Superior
    Court Prisoner, house at the Federal Penitentiary, Canaan, P.O. Box 300
    Waymart. P.A. 18472.

Re, Dear Clerk, the appeals coordinator has already noted an appeal in
    the above caption case -on January 15/2008.

    This "Docketing Statement", the here attached "Notice Of Appeal" and
    related documents , are now being submitted to this Court Of Appeals
    due-to the lower court's apparent refusal to exercise jurisdiction/and or
    respond to the merits of the here attached 59 (e) Motion or its supplement.

    According to the U.S. District Court, a judicial decision from this
    court, on the merits of the issues earlier presented to this court
    is imperative to the proceedings that to be held in the U.S. District
    Court case numuber 07-CV-2019 .

The issues now re-submitted are the context and scope of this appeal. These issues were earlier raised [overlooked or evaded] in either the first 23-110 Motion filed by Attorney Christine Lee, or presented on direct appeal in the Pro-se Brief or its Amendment, or in the Second 23-110 Motion recently presented to judge J.M.Mott. and they are the subject of the 59 (e) Motion and its Supplement......
Each time the subject was either surreptitiously evaded or simply overlooked.
If these issues are not completely adjudicated and exhausted on their merits by this Court first, it would create a "forced" procedural bar to rasing them in the Federal Court, and is, in and of itself tantamount to a denial of due-process, and would be highly prejudice.
The U.S. Supreme court, in <u>Gall Vs. U.S.</u> 128 S.ct. 586 (2007) recently stated that all district courts and/or trial courts "must explain" its reasons and/or decisions...on the record to allow for any meaningful appellant review...and the lack there of denys due-process.....
The lack of a decision or any reasons has created a procedural bar and it has denied due-pro-cess.
This Docketing Statement and the related documents here attached explains the scope and context of the issues to be raised in this appeal.

                Respectfully Submitted
                By *Wardell L Tyree* #08338-007
                On This Date Of 2/15/2008.

cc to AUSA
U.S. District Court
Judge: E.G.Sullivan
No:07-cv-2019

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Criminal Division / Felony Branch

WARDELL L. TYREE,
    Petitioner,

Vs.

UNITED STATES AMERICA,
    Respondent,

FILED 2008 JAN 11
FILED 2008 JAN -2 A 11:28 SUPERIOR COURT CRIMINAL DIVISION

Criminal No: F-96-9514
Judge: J.M. Mott
Pending Rule 59 (e) Motion

" Notice Of Appeal "

RECEIVED JAN 15 2008 Appeals Coordinator's Office

To, The Honorable Clerk Of This DC Superior Court
   500 Indiana Avenue. N.W. Washington DC 20001

From, The Pro-se Petitioner, Wardell L. Tyree # 08338-007
   U.S.P. Canaan. P.O. Box 300, Waymart. P.A. 18472.

Re, Dear Clerk, This "Notice Of Appeal" should be filed to appeal Judge: J.M. Mott's obvious refual to rule on the Rule 59 (e) Motion that was filed in this Court on August 30th/2007 , and the Supplemental Amendment that was filed on 11/26/2007.

For the apparent failure to exercise jurisdiction over those filings, this petitioner now enters this "Notice Of Appeal".....appealing the Courts un-due delayed action on the matter that is causing serious prejudice, and impeding a liberty interest.

This Motion should be transmitted forthwith to the appeallant division of this court as soon as practical
As always I Thank You In Advance For Your Assistance.

                          Respectfully Submitted
                          by _Wardell L. Tyree_
                          On This Date Of 12/26/2007.

Case: 1996 FFL 009514

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
FELONY BRANCH / CRIMINAL DIVISION

WARDELL L. TYREE,
    Petitioner,

Vs.                          Ciminal No:1996-FEL-9514

UNITED STATES OF AMERICA,      Judge: J.M. Mott
    Respondent,                  DC Code 23-110

Reconsideration Motion
Pursuant To Rule 59

Comes Now, the Petitioner Wardell L. Tyree # 08338-007, whom, in the interest of justice, and seeking fundamental fairness, the pro-se layman now files this "Reconsideration Motion" relying on the Presidentially appointed Judge: J.M. Mott to up hold the integrity and public reputation of this Court system, especially where it is clear from the records that the Judgments entered by this Court on August 23th/2007, surreptitiously evaded, ignored, or simply overlooked (3) three of the major questions presented in the "Second And/or Successive Habeas Writ (23-110) ..

And this Court mis-construed, or evaded the point on the sentencing issue. The question was simply, whether the consecutively imopsed sentences for violating the same criminal statute ran afoul of the U.S. Supreme Court's holding established by the so-called Blockburger Test, 284 US 299 (1932) ( double jeopedy /twice punished under the same statute-consecutively).

The "Questions Presented" section of the 23-110, on page 6 are still not answered on the merits. See Questions 1,2,5. and 6. A direct answer to these questions would have saved this court (10) ten years of on going unnecessary litigations

This Court has again eluded and /or evaded the issue that was established as law by the appellant division of this court.

In Franklin Vs. U.S. 382 A.2d. 20, (DC.App.1978) and agin Franklin II Vs U.S. @ 392 A.2d. 517, this Court held that it was reverseable error for the trial Judge to "fail to properly instruct the jury" and then supplant his decision for what a properly instructed jury would have done...if he had not failed to give the "Franklin Instructions"

Again, this issue was presented in the 23-110 and this court has again ignored the issue and has not made "any mention of the error"...

Likewise, the U.S. Supreme Court has also held that it is plain error where the court "fails to properly instruct the jury, see Millanovich Vs. U.S. 365 US. 551 (1961) Because the Supreme Court had already ruled that it was plain error in "failing to properly instruct the jury, Judge Milliken should have adhered to the admonistions of the higher Court, and this issue "will not go away unanwered" on it merits.

The Second Question presented and overlooked in the 23-110 motion was whether..after failing to properly instruct the jury as mardated by the appellant division of this court, did Judge Milliken's unilateral so-called remedy usurp the function of the trial jury, and was his decision in violation of the U.S. Supreme Court's holding in Sullivan Vs. Louisiana, 508 US 275.??????

Question # 6 in the 23-110 was "not about" whether Judge Miliken found this petitioner's claim against Officer Harris to be credible...

The question presented was ...whether the Prosecutor violated the U.S. Supreme Court's holdings in Gigilo Vs. U.S. 405 US 150 (1972) Agurs Vs. U.S. 427 US 97 , and Bagley Vs. U.S. 473 US. 667 by witholding the Property Sheet that was in the government's possession....

The issue is about the Prosecutor's failure to disclose the "Property Sheet" that would have shown that his key-witness was giving false testimony to the court under oath.

-2-

Last, but not least, the sentencing issue presences the question of whether Judge Milliken violated the U.S. Supreme court's holding clearly established in <u>Blockburger Vs. U.S.</u> 284 US 299 (1932) by sentencing this petitioner "twice" consecutively under the same criminal statute 22-1801 where the conduct arised during the same continued criminal episode. (double punishment under the same statute) (twice punishing the same elements) consecutively. The question was not about whether Milliken believed the sentence was fair, it is whether the sentence is against the law...so stated by the U.S. Supreme Court.

The petitioner is asking for "review" on the merits of the questions as presented...for only that would end this prolonged unreasonable delay in justice.

                                       Respectfully Submitted
                                       by *Wardell Tyee* # 08338-007
                                       U.S.P. Canaan. P.O. Box 300
                                       Waymart. P.A. 18472
                                       On This Date Of August 30th/2007.

I *W.T. Tyee* certify that the herein written is true and correct pursuant to title 28 U.S.C. 1746

-3-

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Felony Branch / Criminal Division

| | | |
|---|---|---|
| WARDELL L. TYREE, | * | |
|     Defendant-Petitioner, | * | Criminal No:F-96-9514 |
| Vs. | * | Judge: J.M.Mott |
| | * | |
| UNITED STATES OF AMERICA, | * | |
|     Respondent, | * | |
| | * | |

"Supplemental Amendment"
In Support Of The Pending Rule 59 (e) Motion

Comes Now, the Pro-se Defendant, Wardell L. Tyree # 08338-007, whom, seeking to prevent a "Procedural Bar" and manifest injustice, files this supplemental amendment in support of the now pending Rule 59 (e) Motion.

Initially, the Pro-se filed Rule 59(e) Motion was timely filed in response to this Court's Order-Memorandum-and Opinion dated August 23/2007.

The Court's "Memorandum & Opinion" clearly overlooked several of the issues raised, and gave many extranous answers to questions not presented in the pro-se pleadings.
More important, is the fact that this court's evasion or avoidance of the issues "as raised" has prejudicially created a"Procedural Bar".....
And the now pending Rule 59 (e) Motion was filed to correct that Clear error, because the Appellant Division Of This Court "can not properly rule upon **any issues that were not adjudicated on the merits /and or ruled upon first by this lower-court.**
Hence, the following issues /and or questions can not be presented to the Appellant Division <u>until this Court has directly addressed the issues first</u>.
It should also be duly noted that these issues were presented on direct appeal.....in the Pro-se Amendment, and was overlooked by the Appellant Court. See the Appellant Court's Order dated March 24/2004.

The Following Issues And / Or Questions
Were Lift Completely Unexhausted And / Or Unanswered

1. The Franklin, Millanovich, Sullivan, issue was first presented on "direct appeal"...."in the Pro-se Amendment"....and it was overlooked by the Appellant Division, and resubmitted (via 23-110) to this Court for certification and or adjudication on the merits.
However, this Court has stead-fast refused to directly address those issues, where it is clear that the trial judge (Failed To Properly Instruct The Jury) and then (Supplanted His Determination For What A properly Instructed Jury Would have done) if he had given the proper instructions. See Franklin, 392 A.2d. 516 Millanovich, 365 US. 551, and Sullivan, 508 US. 275.

2. The second legal question evaded is whether Judge Milliken violated this defendants sixth amendment rights by forcing an Attorney to counsel or represent a defendant-against the attorneys expressed will... and also against the expressed will of the defendant....where the defendant made clear that the Attorney did not have the defendant's "consent" to represent him...because of irreconcilable conflicts between the attorney and the defendant..which were clear and on the record.

3. Third, was the straight-forth question of whether the Prosecutor (Gary Wheeler) violated the U.S. Supreme Court's repeated holdings in such cases as Gigilo, 404 US. 150, Agurs, 427 US. 97, and Bagley, 473 US. 667. This issue was not about whether the trial Judge found Officer Harris' testimony credible..... It is about whether the Prosecutor violated due-process by failing to disclose to the trial jury-evidence that bears direct upon the Key-witness credibilty,....and the evdence would have also created a reasonable doubt as to the Governrment theory of the events and the accusations made......It is the Jury's job to judge the credibility of any given witness...not the Judge' see Williams, 686 A.2d.@ 556, and Jefferson Vs. U.S. 328 A.2d. @86 (DC) Also see Gordan, 344 US. 414, @ 422.......Hence, did the Prosecutor...and the Defense attorney violate these Supreme Court holdings by failing to disclose the M.P.D. Property Sheet, and the alleged Co-defendant's exculpatory letter.????

4. Last, but not least, is the question of whether Judge Milliken violated the U.S. Supreme Court's holding in Blockburger Vs. U,S. 284 US. 299 by imposing two consecutive punishments ...for allegedly violating the exact same elements....during the course of one continued criminal episode......The Bockburger Test is about punishing the same elements twice during one criminal transaction. ( double jeapardy/and double punishment)

To prevent a "Procedural Bar" and manifest injustice, these questions need to be answered /and or Certified to the Appellant division of this Court.
These questions were earlier raised-presented, and overlooked in the Pro-se Amendment presented on direct appeal. See Counsel's Brief on direct appeal, page 2 footnote 2.

In accordance with the Principle held in Haines Vs. Kerner, 404 US 519 and Richardson Vs. U.S. 338 U.S. App.DC. 265, this Court has an obligation to construe this Pro-se filing liberally, ,,,particularly where this "Procedural Error" or confusion arose in part, because this Court "overlooked" the Pro-se Amendment that was filed on direct appeal No:98-1301........(There was a Pro-se Brief / And a Pro-se Amendment to that Brief)

Wherefore all of the herein written reasons, inter-alia, re-consideration is indeed warranted, to prevent a procedural Bar, and to prevent manifest injustice..a second time around.

                                      Respecfully Submitted
                                      By *Wardell L Tyree* #08338-007
                                      U.S.P. Canaan. P.O. Box 300
                                      Waymart. P.A. 18472
                                      On this date Of 11/26/2007

DISTRICT OF COLUMBIA COURT OF APPEALS
Criminal Division

WARDELL TYREE,
Appellant,

v.

UNITED STATES,
Appellee.

Appeal Nos. 98-CF-1301 & 02-CO-27
Superior Court No. F-9514-96

## MOTION TO ALLOW APPELLANT'S PRO-SE BRIEF AND AMENDMENT THERETO TO BE FILED WITH APPELLANT'S COUNSELED BRIEF, AND FOR A FIVE DAY EXTENSION OF TIME IN WHICH TO ACCOMPLISH SAID FILING, OR IN THE ALTERNATIVE, FOR LEAVE TO WITHDRAW

NOW COMES Counsel for Appellant, who moves this Honorable Court to allow Appellant's pro-se brief and amended amendment thereto to be filed with Appellant's counseled brief, and for a five day extension of time in which to accomplish said filing, or in the alternative, for leave to withdraw, and states in support thereof as follows:

1) That Counsel for Appellee objects to this Motion;

2) That Counsel for Appellant is the fifth Counsel to represent Appellant in these matters;

3) That Appellant's brief in this matter is currently due March 16, 2004;

4) That Appellant has been and remains an extremely active pro-se litigant;

5) That Appellant prepared a pro-se brief, and a pro-se amendment thereto, which he forwarded to this Honorable Court in February 2002 and March 2002,

respectively, as well as an amended amendment in March 2004, none of which were accepted as filed by the Clerk;

6) That after full consultation with Counsel, and review of the brief prepared by Counsel on his behalf, Appellant has requested Counsel to withdraw from representation in this appeal, to facilitate Appellant's self-representation, and the filing of his pro-se pleadings, which Appellant considers paramount;

7) That Appellant has indicated his consent, indeed his preference, to continued representation and the filing of the counseled brief, but only if accompanied by his pro-se pleadings for purposes of substantive review on appeal;

8) That Appellant has instructed Counsel not to file the counseled brief unless so accompanied;

9) That filing of Appellant's counseled brief of 45 pages accompanied by said pro-se pleadings of 59 pages, would violate D.C.C.A. Rule 32(a)(6), as revised January 2, 2004, strictly limiting briefs to 50 pages in length;

10) That as this appeal was pending prior to January 2, 2004, this Honorable Court retains discretion, pursuant to Clause 5 of the General Order of December 2, 2003 implementing said revised rule, to apply the earlier applicable rule;

11) That the earlier applicable rule was D.C.C.A. Rule 28(g), which gave the Court, when in the interest of Justice, discretion to waive said page limitation;

12) That in an effort to satisfy the concerns of Appellant, and in recognition of Appellant's interest in self-representation and right to counsel, and in recognition of the assistance that a counseled brief offers the Court in the administration of Justice, and to promote the interest of Justice and overall judicial economy, Counsel respectfully requests that this Honorable Court apply D.C.C.A. Rule

28(g), as in effect on December 2, 2003, to this unusual situation and waive the page limitation therein.

WHEREFORE, Counsel for Appellant Wardell Tyree, moves this Honorable Court for application of D.C.C.A. Rule 28(g), as in effect on December 2, 2003, and for waiver of the page limitation therein, to permit the joint filing of Appellant's counseled brief together with his pro-se brief "and amended amendment thereto," and for a five day extension of time in which to accomplish said filing, or in the alternative, for leave to withdraw, to facilitate Appellant's self-representation, and the filing of his pro-se pleadings.

Respectfully submitted,

David C. Gray
#393023
Appointed by this Honorable Court
4521 Sangamore Road, #203
Bethesda, MD 20816
(301) 320-8701

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above Motion was served by me, first class postage pre-paid, on Counsel for Appellee, AUSA Appellate Division, 555 4th Street, NW, Washington, DC 20530, this 11th day of March, 2004.

David C. Gray

*District of Columbia*
*Court of Appeals*

FILED
MAR 2 4 2004
DISTRICT OF COLUMBIA
COURT OF APPEALS

Nos. 98-CF-1301 & 02-CO-27

WARDELL L. TYREE,

         Appellant,

v.                 F9514-96

UNITED STATES,

         Appellee.

BEFORE: Schwelb and Reid, Associate Judges, and Kern, Senior Judge.

### ORDER

On consideration of the motion of counsel for appellant for permission to file appellant's *pro se* brief, in addition to the one to be filed by counsel, or in the alternative, to withdraw, it is

ORDERED the motion is granted, to the extent that counsel shall, within 15 days from the date of this order, file both counsel's brief, not to exceed 50 pages, and the *pro se* brief of appellant, not to exceed 59 pages. The brief of appellee shall be due 30 days thereafter.

PER CURIAM

Copies to:

David C. Gray, Esquire
4521 Sangamore Road, # 203
Bethesda, MD 20816

John R. Fisher, Esquire
Assistant United States Attorney

jb

> **WARDELL L. TYREE, Petitioner v. CAMERON LINDSAY and PA ATTORNEY GENERAL, Respondents**
> **UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**
> **2006 U.S. Dist. LEXIS 15819**
> **CIVIL ACTION NO. 1:06-CV-0112**
> **April 4, 2006, Decided**

**Counsel** Wardell L. Tyree, Petitioner, Pro se, Waymart, PA US.
**Judges:** CHRISTOPHER C. CONNER, United States District Judge.

This Federal Habeas Corpus Petition under title 28 U.S.C. 2254 has been "Stayed" in accordance with Rhines Vs. Weber, 125 S.ct. 1528 (2005) until the "State" Court in the District Of Columbia rules on the merits of the issues earlier presented on direct appeal No:98-CF-1301 in the Pro-se Amendment to the Pro-se Brief, see Johnson Vs. California, 158 L.Ed.2d. 699 (2004).

© 2006 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to th restrictions and terms and conditions of the Matthew Bender Master Agreement

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WARDELL L. TYREE

v.                                          Civil Action No. 07 2019

CAMERON LINDSAY, ET AL                      NOV -7 2007

The above entitled action, transferred from the U.S. District Court for the __MIDDLE__ __DISTRICT OF PENNSYLVANIA__, has been received and filed. It was assigned to Judge __Sullivan__. Any subsequent pleadings filed must contain both our civil action number and the initials of the judge assigned this action.

To assist the Clerk's Office in properly recording all counsel of record and to ensure that each counsel entered is authorized to practice before this Court pursuant to Local Civil Rule 83.8, counsel for all parties must enter their appearance in accordance with our Local Civil Rule 83.6. Timely compliance with this requirement will enable the Clerk's Office to ensure prompt delivery of notices and orders.

NANCY MAYER-WHITTINGTON, CLERK

By __Maureen Hargine__
   Deputy Clerk

cc: Wardell L. Tyree
    Dennis Pfannenschmidt

*Denotes attorney not a member of the bar of the U.S. District Court for the District of Columbia