UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
WARDELL L. TYREE                          )
                                                    )
            Petitioner,                          )
                                                    )
      v.                                            )    Civil Action No. 07-2019 (EGS)
                                                    )
CAMERON LINDSAY,                      )
                                                    )
            Respondent.                       )
_____)

MEMORANDUM OPINION

In this *habeas corpus* action transferred from the Middle District of Pennsylvania, petitioner challenges his judgment of conviction entered by the Superior Court of the District of Columbia. He alleges, among other misdeeds, that the sentencing court "committed errors [at trial] that have substantially affected [] petitioner's rights." Pet. at 1. Petitioner also faults the District of Columbia Court of Appeals apparently for failing "to recognize these 'plain errors.'" *Id*. Respondent moves to dismiss the petition "because the petitioner had already pursued an adequate and effective remedy in the [District of Columbia courts]." Res.'s Mot. at 1. For the following reasons, the Court will grant the respondent's motion to dismiss.

Under District of Columbia law, an "application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g). *See Blair-Bey v. Quick*, 151 F.3d 1036, 1042 (D.C. Cir. 1998) (§ 23-110 is the exclusive remedy for District of Columbia prisoners to

2

challenge their conviction or sentence); *accord Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir.

1997).  Absent a showing of an inadequate or ineffective remedy, "a District of Columbia

prisoner has no recourse to a federal judicial forum."  *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C.

Cir. 1986), *cert. denied*, 479 U.S. 993 (1986) (internal footnote omitted).  Petitioner states that he

"does not argue whether the local remedy under 23-110 is inadequate or ineffective or not."

Pet's Traverse to Response to the AUSA's False and Mis-statement of Material, and

Jurisdictional Facts [Dkt. No. 13] at 4.  He therefore has provided no basis for this Court to

consider the petition.  A separate Order of dismissal accompanies this Memorandum Opinion.

DATE: August 11, 2008                     SIGNED:     EMMET G. SULLIVAN
                                          UNITED STATES DISTRICT JUDGE