UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WARDELL L. TYREE,
    Petitioner,      *      Civil Action No:07-2019
     *      (E.G. Sullivan)
     *
Vs.      *      Motion 59(e)
     *
CAMERON LINDSAY, Warden.
    Respondent,      *

Motion To Alter And/Or Amend Judgment
Pursuant To Fed. R. Civil Proc. 59 (e)

Comes Now, This Pro-se Petitioner, Wardell L. Tyree # 08338-007, whom, in the interest of justice, now files this Motion seeking to Alter and/or Amend this court's Order that was Post-marked on August 13/2008, and received at this Prison on August 15/2008.

The Court Order was issued by the Famous and Honorable Judge: Emmit G. Sullivan (Known for his magnanimous opinion written at 241 F.Supp.2d. 1.) these type of fair and thoughtful opinions has earned him the respect of many elderly Pro-se litigants from the DC Metropolitan area.

However, Judge Sullivan's Memorandum & Opinion issued in this case should, and needs to be, altered and /or amended because (1) it was based on a very premature posture of the "State Court Proceedings" so that this Petitioner could not yet have known whether his 23-110 writ/ or any of his other unansewred writs were "inadequate or ineffective" to test the legality of the "State Court Proceedings, (2) the judgment, as written, seems to have unconstitutionally suspended the right to a writ of habeas corpus, federal-redress, and due-process, or equal protection provided by the federal constitution for the citizen of these United States(3) the judgment unfairly excludes District Of Columbia "State Court Prisoners" from federal review of

.........the State Court's unconstitutional actions and decisions, thus making "DC State Court Prisoners" the only State prisoners in the whole union to be "persona-non-grata to federal review" where the State Court continuously ignors prisoners constitutional rights claims or either persist on applying totally unreasonable application of federal law as interpreted by the U.S. Supreme Court, and its own, DC Bill Of Right. Here, the judgment should be alter/amended/or "Stayed" because, according to the U.S. Supreme Court, in <u>Johnson Vs. California</u>, 158 L.Ed.2d. 696 (2004) "any unresolved issues or challenges fairly presented on direct appeal"of a defendant's conviction or detention **"does not qualify as a final judgment"** until the intermediate State Appellant Court has ruled on the issues that were indeed presented.

This Court's premature dismissal of the 2254 writ might also seriously erode federal jurisdictional policy as well, because, in the instant case, the "State Appellant Court" has persistently refused to make any ruling on the issues that were originally presented on direct appeal No:98-CF-1301 in the Pro-se Brief **and its Amendment**, see the State Appellant Court's Order dated March 24th/2004.

According to the U.S. Supreme Court, the judgment of conviction has not yet become a final judgment reviewable by any federal court Id at 158 L.Ed.2d 697, because those issues are still unresolved.

In short, the Superior Court or its Appellant Division still has not yet <u>denied relief</u> on the merits of the issues presented, all they have done is continuously deny access-due-process and redress on those issues that were fairly presented....And until that Court passes on the merits of those particular issues....this petitioner can not say-with certainty- that his 60 (b) motion, or his "Actual Innocence Writ under DC Code 22-4135" or his 23-110 writ were "inadequate or ineffective" to test the legality of his

-2-

......detention and conviction, which still has not become a final judgment after 12 years of unlawful imprisonment.

All this Pro-se Petitioner can say-with an abundance of certainty-is.... that his 60(b) motion and his Actual Innocence writ under DC Code 22-4135, and his 23-110 writ were all inadequate and ineffective **to cause the State Court to make any rulings on the issues therein presented.**

<u>Relief</u>, on the merits of the issues still has not been denied, or adjudicated, because the State Court continuously evaded the issues again.

They need to first say-Yea /or Na on the issues, <u>then</u> Petitioner can say whether the above mentioned motions were inadequate or ineffective to test the legality of this conviction. See the Writ Of Mandamus filed in this U.S. Distict Court in an effort to compel the "Federally Appointed Judges" working in the State Court, to adhere to its own Court Order issued on March 24/2004. It seems that as long as they go un-checked, they will continue to evade the issues without holding any evidentiary proceedings. The Honorable Judge:Emmit G. Sullivan has rightfully stated (in his Memorandum) that absent any showing of an inadequate or ineffective remedy, petitioner has not provided any basis for this court to consider his 2254 petition. This Petitioner now, and again, retorts that that is the exact reason that he earlier asked this Court to "Stay Consideration on his 2254" because the adequacy and effectiveness of the above mentioned motions was still being tested in the DC Superior Court.

Petitioner adamantly believes that this Court's dismissal was premature, as it lacked jurisdiction to make any final decisions on that 2254 until the States Court adjudicates or resolves the issues presented, and this Court's Order should be re-deacted, altered, or amended to include the "Stay Order" earlier requested, until the State Court issues a ruling on the matters.

-3-

Last, but not least, this Pro-se Petitioner, a United States citizen, born and raised on this soil, does not believe that a "DC State Court Prisoner' seeking due-process and redress for denial of his most precious right (freedom) should be left without access to a Federal Court, especially where art. 1. sec.9. cl.2. of the Federal Constitution states that **a citizen's right to the writ of habeas corpus "shall not be suspended"**.... this court should also look to the "Constitution Of The New Columbia" Article 1 sec.15. where it is stated that the writ of habeas corpus "shall be" available promply, at all times, successively, and without limits-in all cases of unlawful detention. ThisPetitioner is also equally protected by that "Constitution" as well-as a life long resident of the District Of Columbia.

Further, albeit the 23-110 writ was [made] exclusively for DC Superior Court prisoners, **it is not the only motion legally available to DC State Court Prisoners....who are also United State Citizens challenging the legality of their detention and/or convictions** .

To say that this DC Superior Court Prisoner's right to a writ of habeas corpus in a federal court is "suspended" by the holdings in <u>Blair-Bay Vs. Quick</u>, 151 F.3d. 1036, is to say that Prisoner's held in Guantanamo Bay Cuba have more rights to federal review than U.S. Citizens arrested and convicted in the Nation's Capitol, and I do not think that that is what the formers of Our Constitution had in mind.

There is "not a word" in any Federal Statute or any Provision of Federal Rules of Procedure that provides any basis to suspend or terminate Federal writ Of Habeas corpus **from the use of "DC Stat Court Prisoners" [only]**....

Moreover, it is abundantly clear that neither <u>Blair-Bay</u> or any of the Other cases cited in the Court's "Memorandum & Opinion have anything to do with challenging DC Superior Court's denial of access, due-process or redress, or its unreasonable interpretations of federal laws/or the constitutionality of that court's decisions.........those cases were challenges to the U.S.

-4-

.:......Parole Commission...and its decisions and Policys (Federal Agents) but not the legality of their convictions /or the constitutionality of the unlawful action of the DC Superior Court.....

Wherefore all of the herein written reasons, inter-alia, it is prayed that this court "Alter or Amend" /re-deact or Stay its earlier judgment until the "DC State Court" exhaust or resolves the issues raised-first on direct appeal, later in a 60(b) and a 22-4135, and in the Second and Seccessive 23-110 .

Respectfully Submitted
by *Wendell L. Tyree* #08338-007
On This Date Of August 19th/2008 @
U.S.P. Canaan. P.O. Box 300
Waymart. P.A. 18472

Certification Of Service

I *W.L.T.* Certify that a true copy of this 59 (e) Motion was mailed, postage pre-paid, to the Assistant U.S. Attorney's Office At 555 4th. Street. N.W. Washington DC 20001 on this date

I *W.L.T.* Certify that the herein written is true and correct, pursuant to title 28 U.S.C. 1746. And should be treated as a sworn affidavit, and where the facts herein are not rebutted in a time fixed by law, they are conceded.